The Hon. James P. Donohue
Chief Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Daniel Ramirez Medina,<br><br>Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN KELLY, Secretary of Homeland Security; NATHALIE ASHER, Director of the Seattle Field Office of U.S. Immigration and Customs Enforcement; and Warden of Northwest Detention Center,<br><br>Respondents. | Case No. 2:17-cv-00218-RSM-JPD<br><br>**BRIEF RE: COURT'S FEBRUARY 14, 2017, ORDER DIRECTING SERVICE, SETTING STATUS CONFERENCE, AND SETTING BRIEFING SCHEDULE** |

Brief re: Court's February 14, 2017, Order
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

Respondents hereby respond to the questions contained in the Court's February 14, 2017, Order Directing Service, Setting Status Conference, and Setting Briefing Schedule.

**a. Is petitioner still detained? What is the basis for his detention, given that he has been granted deferred action under the Deferred Action for Childhood Arrivals program?**

Petitioner is still detained. Petitioner's detention is authorized by 8 U.S.C. § 1226(a).[1] "The Attorney General may issue a warrant of arrest concurrently with the notice to appear," which is what happened here. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008), citing 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(a); Exhibit A, Notice to Appear. Moreover, Petitioner's Deferred Action as a Childhood Arrival automatically terminated upon ICE issuing him a Notice to Appear ("NTA") at immigration removal proceedings. *See* Exhibit B, DACA Notice of Action; U.S. Citizenship and Immigration Services ("USCIS"), Frequently Asked Questions re: Consideration of Deferred Action for Childhood Arrivals Process (updated Oct. 27, 2015) at Q27, *available at* https://www.uscis.gov/humanitarian/ consideration-deferred-action-childhood-arrivals-process/frequently-asked-questions (last visited February 15, 2017).[2] The instructions to the application advise of this possibility. *See* U.S. Citizenship and Immigration Services, Instructions for Consideration of Deferred Action for Childhood Arrivals, Form I-821D, *available at* https://www.uscis.gov/sites/default/files/files/form/i-821dinstr.pdf (last visited Feb. 16, 2017) ("Deferred action is a discretionary determination to defer removal of an individual as an act of prosecutorial discretion. Individuals who receive deferred action will not be placed into removal proceedings or removed from the United States for a specified period of time, unless the Department of Homeland Security (DHS) chooses to terminate the deferral.")

The attached Form I-213, Record of Deportable/Inadmissible Alien, indicates the following that may be responsive to the Court's questions:

Petitioner was encountered by officers from U.S. Immigration and Customs Enforcement ("ICE") while executing a warrant regarding Petitioner's father. *See* Exhibit C, Form I-213

---

[1] "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226 goes on to explain the procedures by which ICE may determine whether continued detention or release on bond or conditional parole is appropriate.

Brief re: Court's February 14, 2017, Order
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

-1-

Record of Deportable/Inadmissible Alien, at 2.  Petitioner's father indicated that his adult sons were here "illegally," and gave ICE officers permission to enter his apartment.  *See id.* at 3.  When questioned by ICE officers, Petitioner answered that he was born in Mexico and answered "yes" to the question whether he was "illegally" in the United States.  *See id.*  In addition, when asked whether he had ever been arrested, Petitioner answered "yes."  *See id.*

Petitioner was then transported to an ICE holding facility in Tukwila, Washington.  *See id.*  Upon further interview by an ICE officer, Petitioner stated "[n]o, not no more," when asked if he is or has been involved with any gang activity.  *Id.*  Petitioner was then questioned further regarding a "gang tattoo" on his forearm, to which he responded that he "used to hang out with the Sureno's in California," that he "fled California to escape from the gangs," and that he "still hangs out with the Paizas in Washington State."  *Id.*  ICE then determined Petitioner "to have entered the United States without inspection, at an unknown location on an unknown date.  In doing so, he is in violation of section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended."  *Id.*

Upon transfer to the Northwest Detention Center in Tacoma, Washington, Petitioner was issued a Notice to Appear that charged him as removable from the United States under 8 U.S.C. § 1182(a)(6)(A)(i), as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  *See* Exh. A.  Petitioner's Deferred Action as a Childhood Arrival was automatically

---

[2] USCIS's DACA FAQ states :

**Q27: Can my deferred action under the DACA process be terminated before it expires?**

A27: Yes.  DACA is an exercise of prosecutorial discretion and deferred action may be terminated at any time, with or without a Notice of Intent to Terminate, at DHS's discretion.

In addition, the Supreme Court has addressed the definition of deferred action and availability of challenges to it.  Specifically, deferred action is the exercise of discretion to not act to (1) commence removal proceedings; (2) adjudicate cases or (3) execute removal orders. *See Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 483 (1999) (discussing in the context of 8 U.S.C. § 1252(g)).

Brief re: Court's February 14, 2017, Order
Case No. 2:17-cv-00218-RSM-JPD
-2-

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

terminated as of the date ICE issued his NTA. *See* Exh. B. A Notice of Action from U.S. Citizenship and Immigration Services informing Petitioner of the termination has been generated and will be issued on February 17, 2017. *See id.*

   **b. Has petitioner been placed in removal proceedings? What was the result of ICE's initial custody determination? Has petitioner requested a bond hearing before an Immigration Judge? When is any bond hearing scheduled to occur?**

ICE has placed Petitioner in removal proceedings pursuant the ICE's above-referenced issuance of an NTA to Petitioner. *See* Exh. A; 8 U.S.C. § 1229(a) (titled "Initiation of Removal Proceedings" and discussing requirements for NTA). ICE's initial custody determination was "no bond." *See* Exhibit D, Custody Determination; 8 C.F.R. § 236.1(g). Upon information and belief, Petitioner has not yet requested a bond hearing before an Immigration Judge, and accordingly, no bond hearing is scheduled. Upon information and belief, a master calendar hearing has been scheduled.

//

//

//

//

//

//

//

//

//

//

Brief re: Court's February 14, 2017, Order
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

-3-

**c. Does the Court have the authority to order an Immigration Judge and the Board of Immigration Appeals to consider any challenge to petitioner's detention status on an expedited basis?**

There is no legal basis for a district court to consider any challenge to Petitioner's detention at this time both because Petitioner, upon information and belief, has failed to exhaust his administrative remedies with respect to his detention and because his habeas petition affords him no relief in mandamus.

First, 8 U.S.C. § 1226(a) governs the detention and release of most aliens arrested inside the United States. 8 U.S.C. § 1226(a). ICE considers each alien individually for release on bond. 8 C.F.R. § 236.1(c)(8). If the ICE officer denies bond (or sets a bond the alien thinks is too high), the alien may ask an immigration judge ("IJ") for a redetermination of the custody decision. 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d)(1); *see Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (explaining the review process); *Prieto-Romero*, 534 F.3d at 1059 (same). If the alien is dissatisfied with the IJ's bond determination, they may file an administrative appeal so that the necessity of bond may be reviewed by the Board of Immigration Appeals ("BIA"). 8 C.F.R. §§ 236.1(d)(3)(i), 1236(d)(3)(i); *see Leonardo*, 646 F.3d at 116. If the alien remains dissatisfied, the alien may file a petition for habeas corpus in the district court, followed by appeal to circuit court. *See Leonardo*, 646 F.3d at 116. An alien who remains detained under 8 U.S.C. § 1226(a) may later obtain another custody determination whenever circumstances have changed materially since the prior bond determination. 8 C.F.R. § 1003.19(e).

Aliens are not permitted to "short cut" this process by asking the federal district court to review an IJ's bond determination without having first appealed to the BIA. *See Leonardo*, 646 F.3d at 116; *see generally, Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) ("Federal prisoners are required to exhaust their federal administrative remedies prior to brining a petition for a writ of habeas corpus in federal court"). Here, it appears that Petitioner has not yet sought a bond hearing.

Second, Petitioner's habeas petition provides him no relief in mandamus. *See* ECF Dkt. 1, Petition at 4 ¶ 1 (citing the Mandamus Act, 8 U.S.C. § 1346, as a source of jurisdiction). The

Brief re: Court's February 14, 2017, Order
Case No. 2:17-cv-00218-RSM-JPD

-4-

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. *Kerr v. U.S. Dist. Court of the Northern Dist. of Ca.*, 426 U.S. 394, 402 (1976). In order to ensure that it is only invoked in such situations, the party seeking issuance must have no other adequate means to attain the relief he desires. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). As discussed, here, Petitioner has adequate means to attain the relief he seeks through a bond hearing and in the course of his immigration proceedings. Further, while the Ninth Circuit has required immigration judges to hold bond hearings at a time-certain in cases of allegedly prolonged immigration detention, *see, e.g.*, *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015) (*cert. granted*, pending decision), those circumstances are not implicated where: Petitioner is seeking a district court to order his release and he has been detained pending removal proceedings for less than one week; and, as stated above, he has failed to exhaust his claims in the appropriate forum. *See Leonardo*, 646 F.3d at 116.

    **d. If petitioner is still detained and removal proceedings have *not* been initiated against him, what is the basis for ICE's authority to detain him? What limitations are there, if any on the Court's ability to hold a detention hearing for petitioner *before* the merits of his habeas petition have been decided?**

Petitioner is currently in removal proceedings and these proceedings are not subject to judicial review in district court. The NTA was dated February 10, 2017, and ICE filed it with the immigration court on February 14, 2017. *See* Exh. A. Thus, removal proceedings have been commenced.

In light of this fact, there are critical limitations on the Court's ability to grant Petitioner any relief at this this time. There is no reason to hold a detention hearing before the merits of Petitioner's habeas petitions have been decided. First, as noted above, Petitioner has administrative remedies he must first exhaust. Second, this Court lacks jurisdiction over this action. The U.S. Court of Appeals for the Ninth Circuit has explained that 8 U.S.C. § 1252(a)(5), entitled "Exclusive means of review," prescribes the vehicle for judicial review: "[A] petition for review ... shall be the sole and exclusive means for judicial review of an order of removal . . . ." *See J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016). It further explained that "[l]est there be any question about the scope of judicial review," § 1252(b)(9)

Brief re: Court's February 14, 2017, Order
Case No. 2:17-cv-00218-RSM-JPD
-5-

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

mandates that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order . . . ." *See id.*

Taken together, these two provisions "mean that any issue—whether legal or factual—arising from any removal-related activity can be reviewed only through the PFR [Petition for Review] process." *See id.* (emphasis original). As a result, "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)." *Id.* at 1032 *citing Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012) (applying this principle in the context of a claim brought under the Administrative Procedure Act); *cf. Estrada v. Holder*, 604 F.3d 402, 408 (7th Cir. 2010) (district court lacked jurisdiction because if the alien obtained the relief he sought the "order of removal entered by the IJ and affirmed by the BIA . . . would necessarily be flawed"). In addition, 8 U.S.C. § 1252(g) precludes judicial review over any claim "arising from the decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders . . . ." *See Sissoko v. Rocha*, 509 F.3d 947, 949, 951 (9th Cir. 2007) (concluding that detention arose from decision to commence expedited removal proceedings) *cf. Reno*, 525 U.S. at 483 (interpreting this statutory provision).

Third, to the extent that Petitioner is seeking immediate release on a preliminary injunction, this request is inconsistent with the framework of habeas proceedings. *See, e.g.*, *Bader v. Coplan*, No. 02-cv-508, 2003 WL 163171, at *3 (D.N.H. Jan. 23, 2003) (finding habeas petitioner's request for release under preliminary injunction "inconsistent with the overall framework" of habeas proceedings and adjudicating motion for immediate release as request for bail). A preliminary injunction is an extraordinary remedy. *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 24 (2008) (setting forth the traditional standard for a preliminary injunction). And it is particularly disfavored in situations, such as here, where the Petitioner is not only seeking relief that goes beyond maintaining the status quo, *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873,

Brief re: Court's February 14, 2017, Order
Case No. 2:17-cv-00218-RSM-JPD
-6-

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

879 (9th Cir. 2009), but is also seeking a grant of the ultimate relief at issue.  *See Tom Doherty Assoc. v. Saban Entertainment, Inc.*, 60 F.3d, 27, 34 (2d Cir. 1995); *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012).

It is true that in other contexts, courts have released habeas petitioners on bail pending determination of their petitions only in extraordinary cases presenting either "special circumstances or a high probability of success."  *Land v. Deeds*, 878 F.2d 318, 319 (9th Cir. 1989); *see also*, *In re Roe*, 257 F.3d 1077, 1080-81 (9th Cir. 2001) (clarifying that courts will grant bail pending disposition of a habeas petition only if the petitioner has raised both a substantial claim for relief in the petition and extraordinary circumstances that require bail for the habeas remedy to be effective).  But these cases involve challenges under 28 U.S.C. § 2254 and are not applicable to the present case which involves a challenge to detention itself rather than a challenge to an underlying criminal conviction

DATED: February 16, 2017                                Respectfully submitted,

CHAD A. READLER                                         */s/ Jeffrey S. Robins*
Acting Assistant Attorney General                       JEFFREY S. ROBINS
                                                        Assistant Director
WILLIAM C. PEACHEY                                      U.S. Department of Justice
Director                                                Civil Division
                                                        Office of Immigration Litigation
                                                        District Court Section
                                                        P.O. Box 868, Ben Franklin Station
                                                        Washington, D.C. 20044
                                                        Phone: (202) 616-1246
                                                        Fax: (202) 305-7000
                                                        Email: jeffrey.robins@usdoj.gov

                                                        Attorneys for Respondents

Brief re: Court's February 14, 2017, Order
Case No. 2:17-cv-00218-RSM-JPD
-7-

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document should automatically be served this day on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

> */s/ Jeffrey S. Robins*
> Jeffrey S. Robins
> Assistant Director
> U.S. Department of Justice

Brief re: Court's February 14, 2017, Order
Case No. 2:17-cv-00218-RSM-JPD

-8-

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246