UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RAMIREZ MEDINA,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　　　　Respondents. | NO.  C17-218-RSM-JPD<br><br>ORDER SETTING BRIEFING SCHEDULE |

　　　　This is an immigration habeas action under 28 U.S.C. § 2241.  At the status conference held on February 17, 2017, the Court set forth several deadlines for the parties.  This Order memorializes the Court's oral ruling and adds additional details.  Accordingly, the Court finds and ORDERS:

　　　　(1)　　The briefing schedule previously set in the Court's February 14, 2017 Order Setting Status Conference, Dkt. 30, is STRICKEN.

　　　　(2)　　Mr. Ramirez's motion for immediate release from the ongoing removal proceedings is DENIED.  The Court lacks jurisdiction to so rule in the first instance, but must defer the initial inquiry to an Immigration Judge.  *See* 8 U.S.C. § 1226(a); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).  If Mr. Ramirez would like an expedited bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a), he must request one as soon as

ORDER - 1

possible and no later than **Tuesday, February 21, 2017 at noon**. *See* 8 C.F.R. § 236.1(d)(1). If requested, respondents shall arrange for Mr. Ramirez to have a bond hearing before an Immigration Judge by **Friday, February 24, 2017**.

(3) Administrative exhaustion of bond determinations is prudential rather than jurisdictional, and therefore it may be waived. *See, e.g.*, *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Following the Immigration Judge's bond determination, the aggrieved party may ask the Court to waive the general requirement that a bond determination be appealed to the Board of Immigration Appeals and consider appropriate objections to the bond determination.

(4) Mr. Ramirez's amended habeas petition is due by **Tuesday, February 21, 2017 at noon**.

(5) By **5:00 p.m. on Tuesday, February 21, 2017**, the parties shall inform Courtroom Deputy Agalelei Elkington, at (206) 370-8421 whether they agree to consent to the merits of this case being determined by the undersigned Magistrate Judge. If the parties do not agree to consent, they should not inform the Court of their respective positions and this case will be reassigned to the Honorable Ricardo S. Martinez.

(6) The Government's motion to dismiss on jurisdictional grounds is due by **Friday, February 24, 2017 at 5:00 p.m.** The brief shall not exceed 25 pages.

(7) Mr. Ramirez's response is due by **Friday, March 3, 2017 at 5:00 p.m.** The brief shall not exceed 25 pages.

(8) The Government's reply brief is due by **Tuesday, March 7, 2017 at noon**. The brief shall not exceed 12 pages.

ORDER - 2

(9)     Oral argument on the Government's motion to dismiss based on jurisdiction will be held on **Wednesday, March 8, 2017, at 10:00 a.m. in Courtroom 12A** at the U.S. District Courthouse, 700 Stewart Street in Seattle, Washington.

(10)    The parties' briefs should address, at a minimum, the following questions:

   a.   Does 8 U.S.C. § 1252(g) limit the Court's jurisdiction over any of Mr. Ramirez's claims?  Address the impact of § 1252(g) on each of Mr. Ramirez's claims.

   b.   Do 8 U.S.C. §§ 1252(a)(5) and (b)(9) limit the Court's jurisdiction over any of Mr. Ramirez's claims?  Address the impact of §§ 1252(a)(5) and (b)(9) on each of Mr. Ramirez's claims.

   c.   When considering jurisdictional challenges under §§ 1252(a)(5) and (b)(9), a key question is whether the claims are independent of challenges to removal orders or whether they are inextricably linked.  *See Martinez v. Napolitano*, 704 F.3d 620, 622-23 (9th Cir. 2012); *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011).  This distinction "will turn on the substance of the relief that a plaintiff is seeking." *Martinez*, 704 F.3d at 623.  Discuss §§ 1252(a)(5) and (b)(9) with respect to each type of relief Mr. Ramirez is seeking.

   d.   At what point, if any, in removal proceedings, including in a petition for review in the Ninth Circuit, would Mr. Ramirez be able to raise the constitutional claims raised in this lawsuit?

(11)    After considering the threshold jurisdictional motion to dismiss, the Court will set a hearing schedule for the merits of the habeas petition.

(12)    The unopposed motion for leave to file *amicus curiae brief* by United We Dream, Dkt. 38, is GRANTED.

ORDER - 3

(13)    The Clerk is directed to send copies of this Order to counsel for both parties and to Chief Judge Martinez.

DATED this 17th day of February, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER - 4