UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RAMIREZ MEDINA,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　　　　　　Respondents. | CASE NO. C17-218 RSM<br><br>ORDER ADOPTING IN PART JUDGE DONOHUE'S R&R AND DENYING PETITIONER'S MOTION FOR CONDITIONAL RELEASE |

THIS MATTER comes before the Court on Petitioner's Objections to the portion of the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge, in which Judge Donohue has recommended the denial of Petitioner's release from immigration detention. Dkts. #64 at 34-44 and #66. Having reviewed such Objections, the government's response thereto, and the remaining record, the Court now ADOPTS that portion of Judge Donohue's R&R for the reasons set forth by Judge Donohue and for the additional reasons discussed herein.

Just as Petitioner argued before Judge Donohue that his case is extraordinary and involves special circumstances warranting relief, so too does he raise such arguments before this Court in his Objections. Dkt. #66. He submits that Judge Donohue's conclusion that he is not entitled to conditional release is clearly erroneous. Dkt. #66 at 12. This Court disagrees.

ORDER - 1

1     As an initial matter, the Court notes that Petitioner must take some responsibility for the
2 position he finds himself as of this date. Indeed, he has placed himself in the tenuous position of
3 arguing that his arrest and detention have violated his constitutional rights, while also asserting
4 that he is not challenging the revocation of his DACA status or "anything that has to do with the
5 removal proceedings themselves." Dkt. #62 at 52:4-7. That position ultimately leads this Court
6 to agree with Judge Donohue that Petitioner is not entitled to release at this stage of the
7 proceedings.

    Petitioner is now being held in immigration detention after U.S. Department of Homeland
Security issued a Notice to Appear ("NTA") in removal proceedings and a Notice of Custody
Determination that he is to be held without bond. Dkt. #32, Exs. 1 and 4. By Petitioner's own
admission, he is not challenging "anything that has to do with the removal proceedings
themselves." Thus, the Court agrees with the government, that even if the Court were to find this
case presents extraordinary circumstance and/or that Petitioner is highly likely to succeed on the
merits, he is not entitled to release. *See* Dkt. #68 at 2-4. DHS has the statutory discretion to
detain aliens during the pendency of their removal proceedings. *See* 8 U.S.C. § 1226(a).
Further, as this Court has previously recognized, the remedy for an unlawful arrest in violation of
the Fourth Amendment is suppression of evidence. *See INS v. Lopez-Mendoza*, 468 U.S. 1032,
1040-41 (1984); *United States v. Garcia-Beltran*, 443 F.3d 1126, 1131-32 (9th Cir. 2006); *see also Martinez-Medina v. Holder*, 673 F.3d 1029, 1033-34 (9th Cir. 2010) (noting that exclusionary rule applies in civil removal proceedings only when the Fourth Amendment violation is egregious). Indeed, the government recognizes that "an unlawful arrest can have important consequences." Dkt. #68 at 4. Similarly, the United States Supreme Court has explained:

ORDER - 2

> Irregularities on the part of the Government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law. "A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment."

*United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158, 44 S. Ct. 54, 57 (1923) (citations omitted). Likewise, the Supreme Court has noted that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039, 104 S. Ct. 3479, 3483-84 (1984).

This Court acknowledges the unusual circumstances of this case and that many questions remain regarding the appropriateness of the government's conduct. However, while the Court is sympathetic to the situation in which the Plaintiff finds himself, it can only conclude that he is not entitled to immediate release under the posture of this case. Accordingly, should petitioner desire release from his current detention, his avenue for seeking such release should occur in the context of his removal proceedings, which by his own admission, are not being challenged here.

For all of these reasons, the Court ADOPTS that portion of Judge Donohue's R&R pertaining to Petitioner's motion for conditional release (Dkt. #45) and DENIES the motion. Should Petitioner desire a bond redetermination hearing, the Court once again directs the government to schedule such a hearing **no later than one week from the date of Petitioner's request**.

The Court shall review Judge Donohue's R&R with respect to Defendants' Motion to Dismiss pursuant to the schedule previously set for any Objections on that portion of the R&R.

///

The Clerk shall send a copy of this Order to the parties and to Judge Donohue.

DATED this 24rd day of March 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 4