The Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RAMIREZ MEDINA,<br>   Plaintiff,<br> v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br>   Defendants. | Case No. 2:17-cv-00218-RSM-JPD<br><br>**DEFENDANTS' NOTICE AND SURREPLY**<br><br>ORAL ARGUMENT REQUESTED |

Pursuant to Local Rule 7(g)(1), Defendants hereby provide Notice[1] of Defendants' Surreply Brief with respect to Plaintiff's Reply in Support of Motion For Preliminary Injunction. Dkt. No. 124 ("Reply in Support").

**SURREPLY**

Pursuant to Local Civil Rule 7(g)(2), Defendants submit this Surreply requesting that the Court strike the improper argument in Plaintiff's Reply in Support. Additionally, Defendants request that the Court strike Plaintiff's Amended Proposed Order, Dkt. No. 124-2, filed at the

---

[1] Local Rule 7(g)(1) requires that notice be given "as soon after receiving the reply brief as practicable." Defendants' notice is given at this time, in conjunction with the filing of the Surreply, because client and Department resources have been devoted to implementing the recent injunction in *Inland Empire-Immigrant Youth Collective v. Nielsen*, (C.D. Cal. Feb. 26, 2018), and authorization for the Surreply was only obtained today.

Notice and Surreply
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 305-4193

1

time of the Reply in Support. *See* Reply in Support at 11 n.11. The "additional" relief sought is problematic for two reasons: (1) the relief and accompanying argument is introduced for the first time in the Reply, and not in the Motion for Preliminary Injunction; and (2) the relief is additional to what was requested in the complaint.

First, a court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Nat'l Prod., Inc. v. Aqua Box Prod., LLC*, No. C12-0605-RSM, 2013 WL 12106902, at *1 (W.D. Wash. Apr. 1, 2013) (Martinez, J.) (citing *Zamani*). In Plaintiff's Motion for Preliminary Injunction, Dkt. No. 122, ("Motion"), he argues extensively that Defendants' consideration of evidence of his gang involvement is probative of whether Defendants' decision was arbitrary and capricious. *See* Motion at 11-15. But Part E of Plaintiff's Reply argues for the first time that Plaintiff's DACA be evaluated "without regard to the unsupported allegation of gang affiliation . . . ." *See* Reply in Support at 10. Plaintiff concedes in footnote 11 that this relief is "additional" to what was previously sought. *See* Reply in Support at 11 n.11.

Second, Plaintiff may not request preliminary relief that is beyond what it requested in the complaint. *See Gray v. Sorrels*, No. CV 16-145-RAW-SPS, 2017 WL 167912, at *2 (E.D. Okla. Jan. 17, 2017) ("When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.") (citing Terry v. Jones, 2007 WL 962916 (W. D. Okla. Mar. 30, 2007) (unpublished opinion); *Phelps v. Phillips*, No. 14-CV-00891-JPG-SCW, 2015 WL 675407, at *4 (S.D. Ill. Feb. 17, 2015) (finding that absent amendment, "any equitable relief the Court could grant would be outside the scope of the Complaint, and therefore, not the proper subject for an injunction").

Plaintiff may not amend his complaint by way of a reply brief in support of a motion for preliminary injunction, much less by way of a footnote on the final page of the reply. Because the complaint makes no claim and seeks no relief with regard consideration of gang involvement in the ultimate determination of his DACA, those portions of the Reply in Support that add this additional relief are outside the scope of these proceedings. Both the argument and the Amended Proposed Order should be stricken.

Notice and Surreply
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 305-4193

2

| | |
|---|---|
| DATED: March 7, 2018 | Respectfully submitted, |
| CHAD A. READLER<br>Acting Assistant Attorney General | */s/ Jeffrey S. Robins*<br>JEFFREY S. ROBINS<br>Assistant Director |
| WILLIAM C. PEACHEY<br>Director | U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Phone: (202) 616-1246<br>Fax: (202) 305-7000<br>Email: jeffrey.robins@usdoj.gov |
| | Attorneys for Defendants |

Notice and Surreply
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 305-4193

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 7, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document should automatically be served this day on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

                                       */s/ Jeffrey S. Robins*
                                       Jeffrey S. Robins
                                       Assistant Director
                                       U.S. Department of Justice

Notice and Surreply
Case No. 2:17-cv-00218-RSM-JPD

4

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 305-4193