The Honorable Ricardo S. Martinez
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

Daniel Ramirez Medina,

               Plaintiff,

      v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; and U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,

            Defendants.

CASE NO. 2:17-CV-00218-RSM-JPD

**PLAINTIFF'S EX PARTE MOTION TO EXPEDITE CONSIDERATION OF MOTION FOR PRELIMINARY INJUNCTION (DKT. 122)**

Noted for Consideration:  April 12, 2018

EX PARTE MOTION TO EXPEDITE
CONSIDERATION OF MOTION FOR PRELIMINARY
INJUNCTION
Case No. 2:17-cv-00218-RSM-JPD

Counsel Listed on Pages I–II

Gibson, Dunn &
Crutcher LLP

Attorneys for Plaintiff:
PUBLIC COUNSEL
MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
  mrosenbaum@publiccounsel.org
JUDY LONDON (CA SBN 149431), *pro hac vice*
  jlondon@publiccounsel.org
KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
  keidmann@publiccounsel.org
ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
  aprice@publiccounsel.org
ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*
  ehadaway@publiccounsel.org
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089


GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
  tboutrous@gibsondunn.com
KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
  kmarquart@gibsondunn.com
NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
  nbach@gibsondunn.com
JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*
  jgabriel@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520


ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
  edettmer@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306


ERWIN CHEMERINSKY (DC SBN 289330; IL SBN 3122596), *pro hac vice*
  echemerinsky@law.berkeley.edu
University of California, Berkeley, School of Law
*Affiliation for identification purposes only*
215 Boalt Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-6483

Gibson, Dunn &
Crutcher LLP

EX PARTE MOTION TO EXPEDITE
CONSIDERATION OF MOTION FOR PRELIMINARY
INJUNCTION
Case No. 2:17-cv-00218-RSM-JPD                I

Counsel Listed on Pages I–II

1    LEAH M. LITMAN (DC SBN 1016310), *pro hac vice*
        llitman@law.uci.edu
2    University of California, Irvine School of Law
     *Affiliation for identification purposes only*
3    401 East Peltason Drive, Educ 1095
     Irvine, CA 92697
4    Telephone: (949) 824-7722

5

6    LAURENCE H. TRIBE (MA SBN 126736; CA SBN 039441), *pro hac vice*
        larry@tribelaw.com
     Harvard Law School
7    *Affiliation for identification purposes only*
     1575 Massachusetts Avenue
8    Cambridge, MA 02138
     Telephone: (617) 495-1767

9

10   ELIZABETH HAWKINS (SBN 43187)
        ehawkins@hawkinsimmigration.com
11   Hawkins Law Group
     17544 Midvale Avenue, Suite 301
12   Shoreline, WA 98133
     Telephone: (206) 728-4220
13   Facsimile: (206) 973-5326

14

15   BARRERA LEGAL GROUP, PLLC
     LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*
        lcortes@barreralegal.com
16   JOHN C. BARRERA (SBN 47658), *pro hac vice*
        jbarrera@barreralegal.com
17   JOSE GARCIA (SBN 46518), *pro hac vice*
        jgarcia@barreralegal.com
18   19309 68th Avenue South, Suite R102
     Kent, WA 98032
19   Telephone: (253) 872-4730
     Facsimile: (253) 237-1591

20

21   NORTHWEST IMMIGRANT RIGHTS PROJECT
     MATT ADAMS (SBN 28287)
22      matt@nwirp.org
     615 Second Ave., Suite 400
23   Seattle, WA 98104
     Telephone:  (206) 957-8611

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

EX PARTE MOTION TO EXPEDITE
CONSIDERATION OF MOTION FOR PRELIMINARY
INJUNCTION                                                    Counsel Listed on Pages I–II
Case No. 2:17-cv-00218-RSM-JPD            II

1    Pursuant to this Court's Local Rule 7(d)(1), Plaintiff Daniel Ramirez Medina respectfully

2   submits this *ex parte* motion to expedite consideration of his Motion for Preliminary Injunction, Dkt.

3   122 ("Motion"), because of the now heightened urgency for injunctive relief created by Defendants'

4   latest efforts to improperly strip Mr. Ramirez of his DACA status based on their false, yet persistent,

5   accusations of gang affiliation in the face of all evidence to the contrary and the government's own

6   admissions regarding the lack of corroborating evidence.

7    Specifically, on or about April 3, 2018, Defendants—supposedly in compliance with the

8   February 26, 2018 preliminary injunction order issued by the Central District of California in *Inland*

9   *Empire–Immigrant Youth Collective v. Nielsen*, which required the government to restore to a

10   certified class of former DACA recipients (including Mr. Ramirez) their DACA and work

11   authorization[1]—delivered to Mr. Ramirez confirmation that his DACA and work authorization were

12   being restored, *but also* separately and simultaneously delivered a Notice of Intent to Terminate

13   ("NOIT") Mr. Ramirez's just-restored DACA status.  In other words, faced with the *Inland Empire II*

14   Order requiring the government to restore Mr. Ramirez's DACA status, the government has restored

15   that status only to immediately begin new proceedings to wrongfully strip him of his DACA yet

16   again.

17    Worse, the government's stated basis for issuing the NOIT is its continued wrongful

18   insistence that Mr. Ramirez poses a public safety concern because he allegedly is gang affiliated,

19   despite its earlier admission in Immigration Court that it had no evidence to support such a

20   conclusion.  Moreover, the government has pursued this latest arbitrary and unsupported action while

21   Mr. Ramirez's Motion is pending in this Court to enjoin Defendants from doing precisely what they

22   just have—using the false record that they created when they first illegally detained Mr. Ramirez

23   against him in subsequent proceedings.  Worse yet, Defendants' tactic appears designed to preempt

24   or at least frustrate this Court's consideration of Mr. Ramirez's pending motion.

25    This Court should not abide such behavior, and should promptly set a hearing on the Motion.

26   Mr. Ramirez has only until May 7, 2018—33 days after issuance of the NOIT—to contest it,

27

28
---
[1]   2018 WL 1061408 (C.D. Cal. Feb. 26, 2018) ("*Inland Empire II* Order").

EX PARTE MOTION TO EXPEDITE
CONSIDERATION OF MOTION FOR PRELIMINARY
INJUNCTION
Case No. 2:17-cv-00218-RSM-JPD                    1                    Counsel Listed on Pages I–II

heightening the urgency for prompt consideration of the Motion, and for issuance of the requested

injunctive relief to prevent further violation of Mr. Ramirez's rights and put a stop to the

government's continuing abuses.

A.    **Defendants' Empty Compliance with the *Inland Empire II* Order Has Only Heightened the Need for Immediate Injunctive Relief to Prevent Further Government Abuse and Violation of Mr. Ramirez's Rights**

In his pending preliminary injunction motion, Mr. Ramirez seeks an order restoring him to the

status quo before his unlawful detention—including the restoration of his DACA status and work

authorization pending a decision on the merits of his claims.  The Motion also requests an order

directing the government to process Mr. Ramirez's future DACA renewals and work authorization

applications without reliance on or reference to the false and unsubstantiated assertion that Mr.

Ramirez is a gang member, gang affiliated, or a threat to public safety or national security.  Mot. 24;

*see also* Reply 11 (Dkt. 124); Am. Proposed Order 1 (Dkt 124-2).  For the reasons set forth in the

Motion and Reply, such injunctive relief is necessary because of Defendants' continued attempts to

wrongfully terminate Mr. Ramirez's DACA status on the basis of alleged gang affiliation in the face

of all available evidence to the contrary—including the Defendants' own prior administrative

determinations and in-court admissions, and the conclusion of an Immigration Judge (all detailed in

the Motion).

As discussed in Defendants' Opposition to the Motion (Dkt. 123) and Mr. Ramirez's Reply

(Dkt. 124), on February 26, 2018, in the case *Inland Empire–Immigrant Youth Collective v. Nielsen*,

the Central District of California issued an order certifying a class of former DACA recipients and

preliminarily enjoined the government to restore DACA status and work authorization to that class of

individuals who were denied proper process when the government wrongfully stripped such benefits.

Reply 7–9.  That class includes Mr. Ramirez.  *Id.*  Indeed, in Defendants' Opposition, they argued

that because "Plaintiff is a putative class member" in *Inland Empire*, "th[is] Court should refrain

from ruling on Plaintiff's motion [for a preliminary injunction] because an order certifying the class

and enjoining the termination of class-members' DACA, would render Plaintiff's claims here subject

to dismissal, or *at the least address his alleged injuries*."  Opp. 7 (emphasis added).

Gibson, Dunn & Crutcher LLP

EX PARTE MOTION TO EXPEDITE
CONSIDERATION OF MOTION FOR PRELIMINARY
INJUNCTION
Case No. 2:17-cv-00218-RSM-JPD                2                Counsel Listed on Pages I–II

1   Following issuance of the *Inland Empire II* Order, Mr. Ramirez's counsel conferred with

2   Defendants' counsel regarding whether and to what extent the relief provided by the *Inland Empire II*

3   Order might alleviate the need for relief in this action.  Declaration of Nathaniel L. Bach in Support

4   of Ex Parte Motion ("Bach Decl.") ¶¶ 2-4.  At no time during the parties' discussions did the

5   government indicate that it intended to immediately renew its efforts to terminate Mr. Ramirez's

6   DACA after restoring it pursuant to the *Inland Empire II* Order.  For example, on March 19, 2018,

7   Defendants' counsel (the same counsel for the government in *Inland Empire*) informed Mr.

8   Ramirez's counsel that "the reinstatement of [Mr. Ramirez's] DACA and employment authorization

9   under the terms of that injunction will be addressed in the first batch of cases that USCIS reinstates,

10  which could happen as early as this week." *Id.* ¶ 4 (Ex. A).  Mistakenly assuming that the

11  government would finally do right by Mr. Ramirez, Mr. Ramirez's counsel even offered to stipulate

12  to stay the instant action pending the final resolution of *Inland Empire*, provided that Defendants

13  would agree not to use the erroneous gang allegation against Mr. Ramirez in the future.  *Id.* ¶¶ 2-3.

14  However, on April 5, 2018, while he was eagerly awaiting the restoration of his DACA and

15  work authorization pursuant to the *Inland Empire II* Order, Mr. Ramirez was again victimized by the

16  government's ongoing inexplicable and wrongful campaign to deprive him of his rights.  That day,

17  Defendants' counsel informed Mr. Ramirez's counsel that his DACA and employment authorization

18  had been reinstated, but simultaneously issued a NOIT to terminate Mr. Ramirez's DACA status

19  anew based yet again on their false accusation of gang affiliation (to which Mr. Ramirez has only 33

20  days to respond from the date of issuance), writing that "unfortunately" the government "cannot

21  agree to . . . a stipulation that would preclude USCIS from relying on ICE's conclusions about Mr.

22  Ramirez's gang affiliation." *Id.* ¶ 4 (Ex. A).  In light of Defendants' actions, their representation to

23  this Court in their Opposition that the *Inland Empire II* Order would "at the least address [Mr.

24  Ramirez's] alleged injuries" has been proven false.  Instead, the government's empty compliance

25  with the *Inland Empire II* Order has exacerbated Mr. Ramirez's situation and heightened the urgent

26  need for relief from this Court.

27

28

Gibson, Dunn &
Crutcher LLP

EX PARTE MOTION TO EXPEDITE
CONSIDERATION OF MOTION FOR PRELIMINARY
INJUNCTION
Case No. 2:17-cv-00218-RSM-JPD            3

Counsel Listed on Pages I–II

**B.** **Defendants' Egregious Actions Underscore the Need for Immediate Relief, as Mr. Ramirez must Respond to the Notice of Intent to Terminate within 25 Days of this Filing**

Defendants' latest actions only heighten the need for immediate relief from this Court, and the Court is well within its authority to act swiftly on the pending motion. *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) ("There is a 'well established' principle that '[d]istrict courts have inherent power to control their dockets.'") (citation omitted); *see Preminger v. Peake*, 552 F.3d 757, 769 & n.11 (9th Cir. 2008) (courts have broad discretion to set the timeframe for their decisionmaking). Mr. Ramirez has only until May 7 to respond to the NOIT, after which the government may swiftly act to again deprive him of his DACA status and work authorization, underscoring the need for immediate relief from this Court. Indeed, Defendants have now done on an accelerated timeframe precisely what Mr. Ramirez seeks to prevent by his Motion: the government has used the "gang affiliation" accusation they concocted to support his unlawful arrest and to initially improperly strip him of his DACA status to *again* justify stripping his DACA status at the very moment when a federal court has ordered that such status be reinstated.

And the government's basis for seeking to terminate Mr. Ramirez's DACA is as baseless as it has always been. The NOIT makes clear that the false allegations of gang association are again the basis for seeking to terminate Mr. Ramirez's DACA, claiming the following:

> [Mr. Ramirez] admitted to previously associating with the "Sureno's" criminal street gang in the state of California, and to currently associating with the "Paizas" criminal street gang in the state of Washington. While DHS email records indicate that you disputed in immigration court that you are a gang member and that the immigration judge accepted this claim, you nonetheless admitted in immigration court that gangs may identify you as a rival gang member because of your tattoo and you admitted that you withdrew your appeal from placement in a Level 2 gang population at the Norwest Detention Center because you wanted to remain with the gang population. Gang association poses a significant public safety risk. Therefore, it appears that you do not warrant favorable consideration for DACA.

Bach Decl. ¶ 6 (Ex. C). As further detailed in the Motion (Mot. 11–15), there are multiple falsehoods and other substantive problems contained within this paragraph. Incredibly, the government now claims in the NOIT that Mr. Ramirez's statement to the Immigration Court in support of his asylum application that he fears being identified as a gang member *because of the government's efforts to tar him as one* (*see* Dkt 124-1, p. 14 (Exh. B, excerpt of Jan. 17, 2018 Tr. Of Oral Decision of I.J. at 9)) somehow establishes him as a gang member (or gang affiliated) and therefore a public safety risk,

Gibson, Dunn & Crutcher LLP

EX PARTE MOTION TO EXPEDITE
CONSIDERATION OF MOTION FOR PRELIMINARY
INJUNCTION
Case No. 2:17-cv-00218-RSM-JPD                4                Counsel Listed on Pages I–II

despite the Immigration Judge's finding (after considering all presented information) that Mr. Ramirez "was not in a gang, nor associated with one" (*id.*).  As should be abundantly clear, it is the false accusation the government has made publicly about Mr. Ramirez that is likely to put him at risk of being targeted by actual gang members if he were deported to Mexico.[2]  To argue that this credible fear on the part of Mr. Ramirez somehow brands him as gang affiliated is both nonsensical and cruel, but is regrettably consistent with Defendants' prior arbitrary and unlawful actions that support Mr. Ramirez's APA claims.

Moreover, even if the evidence suggested Mr. Ramirez were gang affiliated, which it does not, gang affiliation is not a crime (as Defendants have admitted, Opp. 10), and an investigation for, arrest for, or conviction of a "specified *crime*" is a predicate under the DHS's National Standard Operating Procedures for seeking to terminate an individual's DACA on the basis that he poses an egregious public safety (EPS) concern.  *See* Mot. 14–15.  Therefore, for multiple reasons, the NOIT's reliance on the government's prior false accusations of gang affiliation fail to establish an adequate basis for termination of Mr. Ramirez's DACA.

The other basis that the NOIT cites for why Mr. Ramirez is not entitled to DACA status is that ICE is actively pursuing Mr. Ramirez's removal.  But, as explained in the Motion (Mot. 11), a removal order in and of itself is not a sufficient basis for termination of DACA status, as lack of lawful immigration status is a predicate to DACA eligibility and common among every DACA recipient.  *See Inland Empire-Immigrant Youth Collective v. Duke*, 2017 WL 5900061, at *6 (C.D. Cal. Nov. 20, 2017) ("[I]ssuance of an NTA charging presence without admission does not provide a reasoned basis for terminating DACA.") (internal quotation marks omitted).  At bottom, the government is continuing to use the erroneous assertions it fabricated in the course of its initial bad act (wrongfully detaining Mr. Ramirez in violation of its own policies) as a predicate for seeking to strip his DACA status a second time (while again violating its own policies).  The government's circular and Kafkaesque position cannot justify the fundamental violations of Mr. Ramirez's rights.

---

[2]    As Mr. Ramirez has made clear, "[he] understands the colloquial use of 'Paisas' to mean Mexicans, and was attempting to communicate that if given the option, he would prefer to be placed [in the detention center] with other Mexicans," but that he "has no connection or affiliation whatsoever to the Paizas gang."  Dkt. 78 (SAC ¶ 54).

EX PARTE MOTION TO EXPEDITE
CONSIDERATION OF MOTION FOR PRELIMINARY
INJUNCTION
Case No. 2:17-cv-00218-RSM-JPD                    5                    Counsel Listed on Pages I–II

Gibson, Dunn &
Crutcher LLP

1                                    *      *      *

2          As set forth herein, Mr. Ramirez has established good cause why the Court should expedite

3   consideration of his Motion by promptly settling a hearing thereon, and thereafter granting relief to

4   restore Mr. Ramirez to the status quo ante and put an end to the government's continued wrongful

5   campaign against him.

6

7   DATED:        April 12, 2018
                  Seattle, Washington

8
                          Respectfully submitted,

9
                           /s/ *Theodore J. Boutrous, Jr.*
10                        GIBSON, DUNN & CRUTCHER LLP
                          THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
11                        ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
                          KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
12                        NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
                          JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*
13

14                         /s/ *Mark D. Rosenbaum*
                          PUBLIC COUNSEL
15                        MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
                          JUDY LONDON (CA SBN 149431), *pro hac vice*
16                        KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
                          ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
17                        ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*

18

19                        Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

EX PARTE MOTION TO EXPEDITE
CONSIDERATION OF MOTION FOR PRELIMINARY
INJUNCTION                                                          Counsel Listed on Pages I–II
Case No. 2:17-cv-00218-RSM-JPD                    6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document should automatically be served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                      /s/ *Theodore J. Boutrous, Jr.*

EX PARTE MOTION TO EXPEDITE
CONSIDERATION OF MOTION FOR PRELIMINARY
INJUNCTION
Case No. 2:17-cv-00218-RSM-JPD       7                        Counsel Listed on Pages I–II

The Honorable Ricardo S. Martinez
Chief United States District Judge

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

Daniel Ramirez Medina,

              Plaintiff,

       v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; and U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,

              Defendants.

CASE NO. 2:17-CV-00218-RSM-JPD

**DECLARATION OF NATHANIEL L. BACH
IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION TO EXPEDITE CONSIDERATION
OF MOTION FOR PRELIMINARY
INJUNCTION**

DECLARATION OF N. BACH
Case No. 2:17-cv-00218-RSM-JPD

Counsel Listed on Pages I–II

Attorneys for Plaintiff:

PUBLIC COUNSEL
MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
  mrosenbaum@publiccounsel.org
JUDY LONDON (CA SBN 149431), *pro hac vice*
  jlondon@publiccounsel.org
KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
  keidmann@publiccounsel.org
ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
  aprice@publiccounsel.org
ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*
  ehadaway@publiccounsel.org
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089


GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
  tboutrous@gibsondunn.com
KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
  kmarquart@gibsondunn.com
NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
  nbach@gibsondunn.com
JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*
  jgabriel@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
  edettmer@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306


ERWIN CHEMERINSKY (DC SBN 289330; IL SBN 3122596), *pro hac vice*
  echemerinsky@law.berkeley.edu
University of California, Berkeley, School of Law
*Affiliation for identification purposes only
215 Boalt Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-6483

1   LEAH M. LITMAN (DC SBN 1016310), *pro hac vice*
      llitman@law.uci.edu
2   University of California, Irvine School of Law
    *\*Affiliation for identification purposes only*
3   401 East Peltason Drive, Educ 1095
    Irvine, CA 92697
4   Telephone: (949) 824-7722

5

6   LAURENCE H. TRIBE (MA SBN 126736; CA SBN 039441), *pro hac vice*
      larry@tribelaw.com
    Harvard Law School
7   *\*Affiliation for identification purposes only*
    1575 Massachusetts Avenue
8   Cambridge, MA 02138
    Telephone: (617) 495-1767
9

10  ELIZABETH HAWKINS (SBN 43187)
      ehawkins@hawkinsimmigration.com
11  Hawkins Law Group
    17544 Midvale Avenue, Suite 301
12  Shoreline, WA 98133
    Telephone: (206) 728-4220
13  Facsimile: (206) 973-5326

14

15  BARRERA LEGAL GROUP, PLLC
    LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*
      lcortes@barreralegal.com
16  JOHN C. BARRERA (SBN 47658), *pro hac vice*
      jbarrera@barreralegal.com
17  JOSE GARCIA (SBN 46518), *pro hac vice*
      jgarcia@barreralegal.com
18  19309 68th Avenue South, Suite R102
    Kent, WA 98032
19  Telephone: (253) 872-4730
    Facsimile: (253) 237-1591
20

21  NORTHWEST IMMIGRANT RIGHTS PROJECT
    MATT ADAMS (SBN 28287)
22    matt@nwirp.org
    615 Second Ave., Suite 400
23  Seattle, WA 98104
    Telephone:  (206) 957-8611

24

25

26

27

28

I, Nathaniel L. Bach, declare as follows:

1. I am an attorney admitted to practice law *pro hac vice* before this Court.  I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, and I am one of the attorneys responsible for the representation of Daniel Ramirez Medina ("Mr. Ramirez") in the above-captioned action. I submit this declaration in support of Mr. Ramirez's *Ex Parte* Motion to Expedite Consideration of the Motion for Preliminary Injunction (Dkt. 122).  The following facts are within my personal knowledge and, if called and sworn as a witness, I would testify competently to these facts.

2. On Thursday, March 22, 2018, I participated in a telephone call with Defendants' counsel Jeffrey S. Robins and James Walker regarding the issuance and impact of the *Inland Empire II* Order and timeframe for restoration of Mr. Ramirez's DACA status and employment authorization pursuant to that order during which I informed Mr. Robins and Mr. Walker that Mr. Ramirez would consider stipulating to stay the instant action following the restoration of his DACA status and employment authorization if the government would agree not to use its erroneous gang allegations against Mr. Ramirez in future proceedings.

3. On Monday, April 2, 2018, my co-counsel Katherine Marquart and I participated in a subsequent telephone call with Mr. Robins during which I renewed Mr. Ramirez's offer to stipulate to stay this action following the restoration of his DACA status and employment authorization if the government would agree not to use its erroneous gang allegations against Mr. Ramirez in future proceedings.

4. Attached hereto as Exhibit A is a true and correct copy of an email chain between me and Defendants' counsel Jeffrey S. Robins, dated from February 27, 2018 to April 5, 2018.

5. Attached hereto as Exhibit B is a true and correct copy of the Reinstatement Notice, dated March 30, 2018, that was attached to Mr. Robins' April 5, 2018 email to me.

6. Attached hereto as Exhibit C is a true and correct copy of the USCIS Notice of Intent to Terminate, dated April 3, 2018, that was attached to Mr. Robins' April 5, 2018 email to me.

1   I declare under penalty of perjury under the laws of the United States and the State of Washington

2   that the foregoing is true and correct, and that I executed this Declaration on April 12, 2018, in Los

3   Angeles, California.

4                                                    /s/        _Nathaniel L. Bach_

5                                                             Nathaniel L. Bach

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

| | |
|---|---|
| **From:** | Robins, Jeffrey (CIV) |
| **To:** | Bach, Nathaniel L. |
| **Cc:** | Walker, James (CIV); Dettmer, Ethan; Mark Rosenbaum (mrosenbaum@publiccounsel.org); Luis Cortes (lcortes@barreralegal.com); Marquart, Katie |
| **Subject:** | [WARNING: MESSAGE ENCRYPTED][Not Virus Scanned] [Not Virus Scanned] RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.) |
| **Date:** | Thursday, April 5, 2018 2:25:53 PM |
| **Attachments:** | Ramirez Medina Reinstatement Notice 3.30.18.pdf |
| | Ramirez Medina - NOIT.PDF |

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

Nat,

Apologies for the delayed response following our call on Monday. First, I wanted to let you know that unfortunately Defendants cannot agree to the terms that you proposed regarding a stipulation that would preclude USCIS from relying on ICE's conclusions about Mr. Ramirez's gang affiliation or the administrative closure of removal proceedings.

Second, please find attached two documents, the notice of the reinstatement of Mr. Ramirez's DACA and employment authorization pursuant to the Inland Empire injunction, and a notice of intent to terminate, for which Mr. Ramirez has an opportunity to respond.

Please let me know if you have time to discuss tomorrow regarding our respective views on how both actions, and the Inland Empire class action, impact the pending PI operative complaint.

Thank you,

Jeff


Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Monday, April 02, 2018 4:36 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>; Dettmer, Ethan
<EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org)
<mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com)
<lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Jeff, if you are still free, please use the following dial in.  Katie and I are on the line.

**Toll-free dial-in number (U.S. and Canada):**  (866) 747-5969
mobile-friendly: 866-747-5969,,2132297241#

**International dial-in number:**  (631) 812-8554

**Conference code:**  2132297241

**Nathaniel L. Bach**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787 • Bio
NBach@gibsondunn.com • www.gibsondunn.com

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Thursday, March 29, 2018 12:58 PM
**To:** Bach, Nathaniel L. <NBach@gibsondunn.com>
**Cc:** Walker, James (CIV) <James.Walker3@usdoj.gov>; Dettmer, Ethan
<EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org)
<mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com)
<lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Yes, that works, and will do.

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Thursday, March 29, 2018 3:57 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>; Dettmer, Ethan
<EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org)
<mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com)
<lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Jeff, Monday is fine.  Does 1:30pm PT work?  If you happen to receive an update tomorrow as it relates to Mr. Ramirez and can send me a note via email, I would appreciate that.  Regards,

Nat

**Nathaniel L. Bach**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787 • Bio
NBach@gibsondunn.com • www.gibsondunn.com

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Thursday, March 29, 2018 12:34 PM
**To:** Bach, Nathaniel L. <NBach@gibsondunn.com>
**Cc:** Walker, James (CIV) <James.Walker3@usdoj.gov>; Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Nat,

Last we spoke we planned to speak again today to discuss any developments regarding Mr. Ramirez's DACA. There are no adjudicatory developments to report yet, and while I expect news that I can update you on tomorrow, I will unfortunately be travelling for this weekend's holidays. Are you open to speaking again on Monday?

Thank you,

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Tuesday, March 20, 2018 11:43 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>; Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com)

<lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Jeff, if you are still available tomorrow (Wed), let's plan to speak at 1:30pm PT / 4:30p ET.  We can use the following dial in.  Thanks

**Toll-free dial-in number (U.S. and Canada):**  (866) 747-5969
mobile-friendly: 866-747-5969,,2132297241#

**International dial-in number:**  (631) 812-8554

**Conference code:**  2132297241

**Nathaniel L. Bach**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787 • Bio
NBach@gibsondunn.com • www.gibsondunn.com

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Monday, March 19, 2018 3:29 PM
**To:** Bach, Nathaniel L. <NBach@gibsondunn.com>
**Cc:** Walker, James (CIV) <James.Walker3@usdoj.gov>; Dettmer, Ethan
<EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org)
<mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com)
<lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Counsel,

On Thursday, the parties in *Inland Empire* filed a joint stipulation that seeks to modify and clarify the court's class certification, preliminary injunction, and implementation order. Mr. Ramirez would remain a class member entitled to injunctive relief under a revised order, and the reinstatement of his DACA and employment authorization under the terms of that injunction will be addressed in the first batch of cases that USCIS reinstates, which could happen as early as this week.

As for a meet and confer call, I am available tomorrow afternoon and all day Wednesday.

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Thursday, March 15, 2018 1:04 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>; Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** Re: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Yes, correct.

**Nathaniel L. Bach**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787
NBach@gibsondunn.com • www.gibsondunn.com

On Mar 15, 2018, at 9:55 AM, Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov> wrote:

Nat,

I'll follow up soon. And to confirm, we are in agreement that the dates to respond to your discovery requests are all extended pending further discussion?

Thanks,

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Thursday, March 15, 2018 12:51 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>; Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>

**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Jeff,

We continue to believe that discovery is warranted and appropriate in our case, at this juncture. However, we agree it makes sense to table further discussion until there has been a determination regarding the *Inland Empire* order.  Once that has happened, please let us know your availability for a meet and confer call next week.

Thanks

**Nathaniel L. Bach**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787 • Bio
NBach@gibsondunn.com • www.gibsondunn.com

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Wednesday, March 14, 2018 9:37 AM
**To:** Bach, Nathaniel L. <NBach@gibsondunn.com>; Walker, James (CIV) <James.Walker3@usdoj.gov>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Nat,

I have not heard back from you regarding our ongoing discussion regarding the timing of your discovery in this matter and your views regarding the propriety of continuing to pursue discovery in light of the class action certification.

In follow-up to our earlier discussions, to be clear, Defendants do not agree that your discovery requests are timely under Rule 26(d)(1), and for the reasons previously discussed. Given the back and forth we've had on this we want to confirm our agreement to continue Defendants' deadline to respond the your pending discovery requests until resolved by Court (or withdrawn), further discuss the schedule for doing so, and formalize that agreement by stipulation.

Further, as you may know, the parties in *Inland Empire* have sought a short extension from the Court, through tomorrow, to continue negotiations regarding possible modifications to that court's order – including the implementation timeline. I can talk in further detail once a further stipulation is

filed by the parties tomorrow, but there will be greater certainty regarding Mr. Ramirez's claims via that injunction soon.

Thank you,

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Robins, Jeffrey (CIV)
**Sent:** Friday, March 02, 2018 8:21 AM
**To:** 'Bach, Nathaniel L.' <NBach@gibsondunn.com>; Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Nat,

Defendants continue to review the Central District of California's preliminary injunction and are discussing how to proceed. Given the deadlines imposed by the preliminary injunction, I will follow up with you next week with regard to Defendants' intended course of action.

I would also suggest that we reconvene then regarding your proposed briefing schedule regarding your discovery requests, and ask whether you believe those requests are still appropriate in light of the certification of the class?

Thanks,

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Thursday, March 01, 2018 10:08 AM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>; Walker, James (CIV)

<jwalker2@CIV.USDOJ.GOV>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum
(mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes
(lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie
<KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

*Jeff, following up on my email, please confirm that the government will be complying with the Order and restoring Mr. Ramirez Medina's DACA and EAD to their original date of expiration.  Thank you.*

**Nathaniel L. Bach**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787 • Bio
NBach@gibsondunn.com • www.gibsondunn.com

---

**From:** Bach, Nathaniel L.
**Sent:** Tuesday, February 27, 2018 11:23 PM
**To:** Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov>; Walker, James (CIV)
<James.Walker3@usdoj.gov>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum
(mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes
(lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie
<KMarquart@gibsondunn.com>
**Subject:** Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Jeff:

As you know, on Monday, the district court in *Inland Empire – Immigrant Youth Collective et al. v. Nielsen*, Case No. 5:17-cv-02048 (C.D. Cal.), issued an Order Granting Plaintiffs' Motion for Class Certification and Granting Plaintiffs' Motion for Classwide Preliminary Injunction ("Order").  As the government stated in its opposition to Daniel Ramirez Medina's PI Motion, he is a member of the putative, now certified, class in that action.  As such, the Order requires, *inter alia*, that "Defendants immediately . . . restore [his] DACA and EAD[], subject to their original date of expiration."  (Order at 35.)

Therefore, please confirm that the government will comply with the Order and immediately restore Mr. Ramirez Medina's DACA and EAD to their original date of expiration and the timeframe on which such restoration will occur.

We look forward to your prompt response.  Sincerely,

Nat

**Nathaniel L. Bach**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787 • Bio
NBach@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

EXHIBIT B

| Receipt Number | | Case Type |
|---|---|---|
| ███████ | | I765 - APPLICATION FOR EMPLOYMENT AUTHORIZATION |
| **Received Date** <br> 03/02/2016 | **Priority Date** | **Applicant** ███████ <br> RAMIREZ MEDINA, DANIEL |
| **Notice Date** <br> 03/30/2018 | **Page** <br> 1 of 1 | |

| | |
|---|---|
| RAMIREZ MEDINA, DANIEL <br><br> ████████████ | **Notice Type:** Reinstatement Notice |

Pursuant to a court order issued by the U.S. District Court for the Central District of California on February 26, 2018, and modified on March 20, 2018, in Inland Empire et al. v. Nielsen et al., No. 5:17-cv-02048 (C.D. Ca.), USCIS has reopened your Form I-821D and Form I-765, withdrawn the termination, reinstated your DACA and employment authorization from *05/05/2016*, and has extended your DACA and employment authorization to *5/15/2018*.

An employment authorization document will be mailed separately.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

Nebraska Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 82521
Lincoln NE 68501-2521

**Customer Service Telephone: 800-375-5283**



EXHIBIT C

April 3, 2018

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521



DANIEL RAMIREZ MEDINA

██████████████

USA



RE: I-821D, Deferred Action for Childhood Arrivals



## NOTICE OF INTENT TO TERMINATE

On February 29, 2016, you filed Form I-821D, Consideration of Deferred Action for Childhood Arrivals (DACA). USCIS approved your Form I-821D on May 5, 2016 deferring your removal from the United States. On February 14, 2017, your DACA was terminated by the issuance of Form I-862, Notice to Appear, by U.S. Immigration and Customs Enforcement. However, pursuant to a court order issued by the U.S. District Court for the Central District of California on February 26, 2018, and modified on March 20, 2018, in Inland Empire et al. v. Nielsen et al., No. 5:17-cv-2048 (C.D. Ca.), on March 30, 2018, USCIS reopened your Form I-821D and Form I-765, withdrew the termination, reinstated your DACA and employment authorization from May 5, 2016, and extended your DACA and employment authorization to May 15, 2018.

USCIS has reviewed your deferred action pursuant to procedures outlined in the USCIS DACA Standard Operating Procedures (SOP) regarding DACA termination. Specifically, page 138 of the DACA SOP states:

> If after consulting with ICE [U.S. Immigration and Customs Enforcement], USCIS determines that exercising prosecutorial discretion after removal has been deferred under DACA is not consistent with the Department of Homeland Security's enforcement priorities, and ICE does not plan to issue an NTA, the officer should refer the case to HQSCOPS [Headquarters Service Center Operations Directorate], through the normal chain of command, to determine whether or not a NOIT [Notice of Intent to Terminate] is appropriate. If it is determined that the case warrants final termination, the officer will issue DACA 603 – Termination Notice [Enforcement Priority, Not Automatically Terminated] from the Appendix I.

USCIS has consulted with U.S. Immigration and Customs Enforcement (ICE) and has determined that exercising prosecutorial discretion to defer removal action in your case is not consistent with DHS's enforcement priorities. As you were already issued an NTA by ICE on February 14, 2017, subsequent to your grant of DACA, further referral to ICE for consideration of NTA issuance is unnecessary. DHS records show that on January 17, 2018, an immigration judge ordered you removed to Mexico.

Additionally, a review of Form I-213, Record of Deportable Alien, reveals that during an encounter

with ICE on February 10, 2017, you admitted to previously associating with the "Sureno's" criminal street gang in the state of California, and to currently associating with the "Paizas" criminal street gang in the state of Washington.  While DHS email records indicate that you disputed in immigration court that you are a gang member and that the immigration judge accepted this claim, you nonetheless admitted in immigration court that gangs may identify you as a rival gang member because of your tattoo and you admitted that you withdrew your appeal from placement in a Level 2 gang population at the Norwest Detention Center because you wanted to remain with the gang population.  Gang association poses a significant public safety risk.  Therefore, it appears that you do not warrant favorable consideration for DACA.

In light of your statements relating to gang association, DHS' determination that you are an enforcement priority, and the fact that ICE has informed USCIS that it is actively pursuing your removal and you were recently ordered removed, USCIS will not contemporaneously conclude that removal action should continue to be deferred in your case.  Accordingly, USCIS has determined, in its unreviewable discretion, that you do not warrant a favorable exercise of prosecutorial discretion.

Deferred action is not a form of protection from removal; rather it is merely an acknowledgement that DHS does not, at that present time, intend to pursue removal.  Deferred action may be terminated at any time at the Department's discretion.

As the court order in Inland Empire et al. v. Nielsen et al. requires issuance of a Notice of Intent to Terminate prior to the termination of DACA and related employment authorization documents for class members, referral of your case to HQSCOPS for consideration of whether or not a NOIT is appropriate in accordance with the DACA SOP is not necessary.

Based on the information outlined above, USCIS is notifying you of its intent to terminate your deferred action for childhood arrivals. A final decision to terminate your deferred action for childhood arrivals will not be made for 33 days. During that time, you may submit any evidence that you feel will overcome the grounds for termination. If your response is not received within the allotted time or if your response to this notice does not overcome the grounds for termination, USCIS will terminate your deferred action for childhood arrivals. If your deferred action for childhood arrivals is terminated, any associated employment authorization granted during the period of your deferred action will be terminated for cause.

Sincerely,

Kristine R. Crandall, Acting
Director
Officer: 0996

The Honorable Ricardo S. Martinez
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| Daniel Ramirez Medina, | CASE NO. 2:17-CV-00218-RSM-JPD |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO EXPEDITE CONSIDERATION OF MOTION FOR PRELIMINARY INJUNCTION (DKT. 122)** |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Defendants. | |

[PROPOSED] ORDER GRANTING PLAINTIFF'S EX
PARTE MOTION TO EXPEDITE CONSIDERATION
OF MOTION FOR PRELIMINARY INJUNCTION
Case No. 2:17-cv-00218-RSM-JPD

Gibson, Dunn &
Crutcher LLP

1        This matter comes before the Court on Plaintiff Daniel Ramirez Medina's Ex Parte Motion to

2    Expedite Consideration of Motion for Preliminary Injunction (Dkt. 122).  Upon consideration of the

3    motion and the record, the Court finds good cause to expedite consideration of the Motion for

4    Preliminary Injunction.  IT IS ORDERED that:

5       1.  A hearing on Plaintiff's Motion for Preliminary Injunction is hereby scheduled for

6               _____, 2018, at ____ a.m.

7

8    Dated this ____ day of _____, 2018.

9
                                            _____

10                                          THE HONORABLE RICARDO S. MARTINEZ
                                            CHIEF UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFF'S EX
PARTE MOTION TO EXPEDITE CONSIDERATION
OF MOTION FOR PRELIMINARY INJUNCTION
Case No. 2:17-cv-00218-RSM-JPD

1

PRESENTED BY:

/s/ *Theodore J. Boutrous, Jr.*
GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*

/s/ *Mark D. Rosenbaum*
PUBLIC COUNSEL
MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
JUDY LONDON (CA SBN 149431), *pro hac vice*
KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*

***Attorneys for Plaintiff***

[PROPOSED] ORDER GRANTING PLAINTIFF'S EX
PARTE MOTION TO EXPEDITE CONSIDERATION
OF MOTION FOR PRELIMINARY INJUNCTION
Case No. 2:17-cv-00218-RSM-JPD

2