The Honorable Ricardo S. Martinez
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

|  |  |
|---|---|
| Daniel Ramirez Medina, | CASE NO. 2:17-CV-00218-RSM-JPD |
| Plaintiff, | **LCR 37 SUBMISSION RE** |
| v. | **PLAINTIFF'S MOTION TO COMPLETE THE ADMINISTRATIVE RECORD, AND** |
| U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | **DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| Defendants. | Noted for Consideration: August 29, 2018 |

Attorneys for Plaintiff:
PUBLIC COUNSEL
MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
  mrosenbaum@publiccounsel.org
JUDY LONDON (CA SBN 149431), *pro hac vice*
  jlondon@publiccounsel.org
KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
  keidmann@publiccounsel.org
ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
  aprice@publiccounsel.org
ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*
  ehadaway@publiccounsel.org
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089


GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
  tboutrous@gibsondunn.com
KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
  kmarquart@gibsondunn.com
NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
  nbach@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520


ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
  edettmer@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306


ERWIN CHEMERINSKY (DC SBN 289330; IL SBN 3122596), *pro hac vice*
  echemerinsky@law.berkeley.edu
University of California, Berkeley, School of Law
*Affiliation for identification purposes only*
215 Boalt Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-6483

LEAH M. LITMAN (DC SBN 1016310), *pro hac vice*
   llitman@law.uci.edu
University of California, Irvine School of Law
*Affiliation for identification purposes only
401 East Peltason Drive, Educ 1095
Irvine, CA 92697
Telephone: (949) 824-7722


LAURENCE H. TRIBE (MA SBN 126736; CA SBN 039441), *pro hac vice*
   larry@tribelaw.com
Harvard Law School
*Affiliation for identification purposes only
1575 Massachusetts Avenue
Cambridge, MA 02138
Telephone: (617) 495-1767


ELIZABETH HAWKINS (SBN 43187)
   ehawkins@hawkinsimmigration.com
Hawkins Law Group
17544 Midvale Avenue, Suite 301
Shoreline, WA 98133
Telephone: (206) 728-4220
Facsimile: (206) 973-5326


LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*
   lcortes@ia-lc.com
Immigrant Advocacy & Litigation Center, PLLC
19309 68th Avenue South, Suite R-102
Kent, WA 98032
Telephone: (253) 872-4730
Facsimile: (253) 237-1591


NORTHWEST IMMIGRANT RIGHTS PROJECT
MATT ADAMS (SBN 28287)
   matt@nwirp.org
615 Second Ave., Suite 400
Seattle, WA 98104
Telephone:  (206) 957-8611

***ATTORNEYS FOR PLAINTIFF***

CHAD A. READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
JEFFREY S. ROBINS
Assistant Director
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 616-1246
Fax: (202) 305-7000
Email: jeffrey.robins@usdoj.gov
JAMES WALKER
Trial Attorney
U.S. Department of Justice
Civil Division

***ATTORNEYS FOR DEFENDANTS***

The following Local Rule 37(a)(2) joint submission contains the following two motions: (1) Plaintiff's Motion to Complete the Administrative Record as to his Administrative Procedure Act ("APA") Claims ("Plaintiff's Motion") and (2) Defendants' Motion for a Protective Order regarding discovery as to Plaintiff's Constitutional Claim ("Defendants' Motion").

## I.    PLAINTIFF'S INTRODUCTORY STATEMENT

By Plaintiff's Motion, Mr. Ramirez seeks to supplement the administrative record with what is currently missing from it and what Plaintiff has sought from the government even before this case was filed: evidence regarding the government's initial determination and subsequent continuous reliance on its false accusation that Mr. Ramirez is a gang member.  Discovery regarding these topics is appropriate because the current administrative record ("AR") does not reflect the agency's decisionmaking process or show that it considered all relevant factors, nor does it appear to contain all documents on which the government relied.  Moreover, and most importantly, the government's actions constitute bad faith and therefore permit discovery and admission of extra-record evidence.

As the Court is by now well aware, the government unlawfully arrested and detained Mr. Ramirez in February 2017, and also terminated his DACA status after issuing him a Notice to Appear and accusing him of being a gang member and having a gang tattoo.  Dkt. 133 at 3–5 (Order Granting Mot. for Prelim. Inj.).  That gang accusation flies in the face of the government's own record.  Indeed, Mr. Ramirez was released from detention on bond on March 29, 2017, after a hearing at which the government's counsel conceded that the government "do[es]n't believe from this record there is enough for us to argue that he's a danger to the community."  Dkt. 122-1 at 31 (Bond Hrg. Tr. at 26).  And, on January 17, 2018, an Immigration Judge, after reviewing all evidence submitted by Mr. Ramirez and the government found that Mr. Ramirez was not in a gang or associated with one. Dkt. 124-1.

On February 6, 2018, Mr. Ramirez filed his Motion for a Preliminary Injunction ("PI Motion") to restore his DACA status and work authorization pending a decision on the merits.  Dkt. 122.  While Mr. Ramirez's PI Motion was pending, on or about April 3, 2018, in response to an order from another district court, the government delivered to Mr. Ramirez confirmation that his DACA and work authorization were being restored, *but also* separately and simultaneously delivered a

Notice of Intent to Terminate ("NOIT") Mr. Ramirez's just-restored DACA status.  The government's stated basis for issuing the NOIT was its continued wrongful insistence that Mr. Ramirez posed a public safety concern because it maintains he is "gang-affiliated."  Following a hearing and supplemental briefing, on May 15, 2018, the Court granted Plaintiff's PI Motion and ordered that the government "shall not terminate Plaintiff's DACA status and work authorization pending a final decision by this Court on the merits of his claims," and also enjoined Defendant USCIS "from asserting, adopting, or relying in any proceedings on any statement or record made as of this date purporting to allege or establish that Mr. Ramirez is a gang member, gang affiliated, or a threat to public safety."   Dkt. 133 at 23.

While Plaintiff's PI Motion was pending, on February 14, 2018, Plaintiff served discovery on the government, including his First Set of Requests for Production, First Set of Requests for Admission, and Deposition Notices for six government witnesses: Matthew E. Hicks, Taula Peter, Lance Hernandez, Ernesto San Miguel, Kathlyn Lawrence, and Michael Melendez.  *See* Declaration of Nathaniel Bach, Exs. A-C.  Counsel for Plaintiff and Defendants then conferred about this discovery, with Defendants taking the position that no discovery was warranted on Plaintiff's APA claims beyond the administrative record already produced and because no Rule 26(f) conference had yet occurred.  Bach Decl., Ex. D.  So that the parties could brief this discovery dispute, Plaintiff agreed to take the noticed depositions off calendar and to extend Defendants' deadlines to respond to the written discovery.  *Id.*  Then, on February 26, 2018, the Central District of California issued its order certifying a class of which Mr. Ramirez is a member (which would lead to the reinstatement of his DACA and work authorization on or about April 3, 2018).  *Inland Empire–Immigrant Youth Collective v. Nielsen*, 2018 WL 1061408, at *22 (C.D. Cal. Feb. 26, 2018).  Due to the *Inland Empire* order, the parties agreed to extend the government's response deadline pending further discussion.  Bach Decl., Ex. E.  The parties now jointly bring this Rule 37(a)(2) submission.

To date, the government has produced only scant records regarding Mr. Ramirez's arrest and detention that it claims make up the administrative record, and on which Plaintiff's APA claim is to be adjudicated.  And it is well-settled that discovery outside the administrative record is appropriate in circumstances where, like here, the administrative record does not fully explain the government's

action, the record appears to be incomplete, and the agency acted in bad faith.

## II.   DEFENDANTS' INTRODUCTORY STATEMENT

The Court should deny Plaintiff's motion to supplement the administrative record and grant Defendants' motion to issue a protective order. Because all of Plaintiff's remaining claims arise under the APA – including his constitutional claims, no discovery is appropriate. And, the Court should deny Plaintiff's motion for supplementation of the record where Plaintiff cannot meet the high burden for such supplementation.

In addressing these discovery questions, Defendants note that it remains unclear what final agency action Plaintiffs are challenging; whether such action is moot; and ultimately, how the broad discovery that Plaintiff seeks is necessary to supplement the administrative record, and serves to supplement the record rather than represent an extra-record fishing expedition.

Defendants maintain that the only final agency action at issue was the automatic termination of Mr. Ramirez's DACA resulting from ICE's issuance of an NTA. To the extent the Court has found that the determination regarding Mr. Ramirez's gang affiliation that led USCIS to issue a Notice of Intent to Terminate (NOIT) is itself a final agency action, Defendants stand ready to supplement the administrative record with those non-privileged documents considered in the course of preparing the NOIT, as appropriate, and without the need for engaging in discovery.

## III.   DISPUTED DISCOVERY REQUESTS

At issue in this joint submission are two separate motions regarding the discovery that Plaintiff served on the government. *See* Bach Decl. (Exs. A-C). The first motion asks whether Plaintiff's served discovery is appropriate in order to supplement the administrative record as to Plaintiff's APA claims. The second motion asks whether the government is entitled to a protective order prohibiting Plaintiff from taking the served discovery on his constitutional claim. Each is presented separately below.

### A.   Plaintiff's Motion to Complete the Administrative Record on APA Claims

#### 1.   Moving Party's Argument (Mr. Ramirez)

Plaintiff is entitled to discovery regarding his APA claims. It is well-settled that discovery outside the administrative record is appropriate in circumstances where, like here, the administrative

record does not fully explain the government's action, the record appears to be incomplete, and the agency acted in bad faith.  And while nothing further is needed for Plaintiff to prevail on his APA claims—because the current AR makes clear that the government acted arbitrarily and capriciously, as the Court preliminarily found in granting Plaintiff's PI Motion—extra-record evidence and discovery is warranted to contextualize the government's behavior toward Mr. Ramirez and confirm just how baseless and malicious that behavior has been.

Section 706 of the APA defines the scope of review of agency action, providing that a court "shall review the whole record or those parts of it cited by a party."  5 U.S.C. § 706.  While a reviewing court is therefore generally limited to considering only the materials in the administrative record (*Fla. Power & Light Co., v. Lorion*, 470 U.S. 729, 743–44 (1985)), a number of exceptions exist that permit a plaintiff to seek discovery in order to augment or complete the administrative record.  Courts "are permitted to admit extra-record evidence: (1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' . . . or (4) 'when plaintiffs make a showing of agency bad faith.'"  *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).  These exceptions "operate to identify and plug holes in the administrative record."  *Id.* at 1030.  Here, Plaintiff is entitled to discovery based on all three of the listed exceptions.

*First*, given the government's continued insistence that Mr. Ramirez is a gang member despite the great weight of evidence to the contrary—and in the face of the government's own admissions and an Immigration Judge's contrary finding—discovery is necessary to determine "whether the agency has considered all relevant factors and has explained its decision" to strip Mr. Ramirez of his DACA status in February 2017 and to again attempt the same again in April 2018.  *Id.*  For example, the government should be held to explain whether it has (and why it has apparently not) considered all evidence available to it given the thin record upon which it attempts to justify its accusation.  If the government did in fact consider the weight of evidence disproving the its allegation, then how did it weigh such evidence against the few, unsupported conclusions that ICE agents made at the time of Plaintiff's initial detention in February 2017?  Even if such a weighing process did occur, the government has not explained how it believes it is justified in continuing to insist (for example, in the

April 3, 2018 NOIT) that Mr. Ramirez is a gang member.

Moreover, portions of the government's AR—*e.g.*, ICE checklist states that Mr. Ramirez poses a threat to national security or public safety (*see* Dkt. 93 (ICE CAR 000004))—are inconsistent and incompatible with positions the government has taken elsewhere (*e.g.*, the grant and renewal of DACA status and concession at March 28, 2018 bond hearing that Mr. Ramirez does not pose a public safety threat). Plaintiff is entitled to take discovery regarding these types of inconsistencies and unsupported conclusions.

*Second*, discovery is warranted to determine whether Defendants relied on documents not already in the record. *Lands Council*, 395 F.3d at 1030. For example, the following types of documents are currently missing from the administrative record: 1) Mr. Ramirez's initial DACA approval; 2) the results of background searches performed in connection with Mr. Ramirez's original DACA application; 3) the 2015 background search performed by the government for all DACA recipients; and 4) Mr. Ramirez's DACA renewal approval. Moreover, there is no contemporaneous email correspondence contained in the administrative record beyond a single email sent by an ICE agent on February 13, 2017, and there is no explanation for the two versions of the I-213 forms contained in the AR. It stands to reason that a great many other documents may exist which should also form part of the AR, and Plaintiff should be allowed written discovery and depositions to determine what else might properly be part of the AR.

*Third*, the government's continued insistence on accusing Mr. Ramirez of gang membership in the face of contrary evidence, government admissions, and judicial findings, is the very definition of bad faith. The "bad faith" exception derives from the Supreme Court's conclusion that depositions or other discovery probing the mental processes of the decisionmaker may be appropriate where there is "a strong showing of bad faith or improper behavior" in the decisionmaking process. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). Plaintiff has made such a showing of bad faith and improper behavior here, and the Court has recognized as much in its May 15, 2018 Order Granting Plaintiff's Motion for Preliminary Injunction. Dkt. 133 ("Most troubling to the Court, is the continued assertion that Mr. Ramirez is gang-affiliated, despite providing no evidence specific to Mr. Ramirez to the Immigration Court in connection with his administrative proceedings, and offering no

1  evidence to this Court to support its assertions four months later.").[1]

2       Mr. Ramirez has established why the Court should permit discovery on his APA claims,

3  thereby granting Mr. Ramirez the ability to complete the record and probe the government's bad faith

4  conduct.[2]  Indeed, Plaintiff's served discovery goes directly to the issue of the government's gang

5  accusations against Mr. Ramirez, and is particularly appropriate in this case.  Bach Decl., Ex. A, at 4

6  (seeking, for example, "[a]ll documents that you contend establish that Plaintiff's tattoo is a gang

7  tattoo.").

8      **2.**     **Responding Party's Argument (Government)**

9       When reviewing an agency decision, "the focal point for judicial review should be the

10  administrative record already in existence, not some new record made initially in the reviewing

11  court." *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006)

12  (citing *Camp v. Pitts,* 411 U.S. 138, 142 (1973). A party "may not use 'post-decision information as a

13  new rationalization either for sustaining or attacking the Agency's decision.'" *Id.* (quoting *Ass'n of*

14  *Pac. Fisheries v. EPA,* 615 F.2d 794, 811–12 (9th Cir. 1980)). This Court and the Ninth Circuit have

15  recognized four situations where discovery outside of the administrative record may be justified:

16       (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision;

17       (2) if the agency has relied on documents not in the record;

18       (3) when supplementing the record is necessary to explain technical terms or complex subject matter; or

19  
20       (4) where there has been a strong showing of bad faith or improper behavior on the part of agency decision makers.

21  *Univ. of Washington v. Sebelius*, No. C11-625RSM, 2011 WL 6447806, at *2 (W.D. Wash. Dec. 22,

22  2011) (Martinez, J.) (citing *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005); *Animal*

23  *Defense Counsel v. Hodel,* 840 F.2d 1432, 1436 (9th Cir. 1988)); *see also Camp*, 411 U.S. at 143.

24  However, before supplementing the administrative record through discovery may even be considered

25  under these exceptions, a plaintiff has the "threshold burden of establishing that the administrative

---

[1]   Courts have previously allowed a DACA recipient to take discovery on APA claims in circumstances less clearly egregious than this.  *See Otero v. Kelly*, 2017 WL 3081704, at *5 (D. Ariz. July 18, 2017).

[2]   Even if obtained documents and facts are ultimately not admitted as part of the administrative record, they may nonetheless be appropriately sought via discovery and admitted as "background facts."  *ASARCO, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980).

record is *so inadequate* that meaningful judicial review of final agency action is effectively frustrated. *Id.* (emphasis added) (citing *Animal Defense Council,* 840 F.2d at 1436-37).

Plaintiff's argument that "it stands to reason that a great many other documents may exist," *supra* at 5, is insufficient to show that the record is inadequate or that any of the grounds for extra-record discovery are satisfied.[3] Rather than attempt to identify ways in which the administrative record is inadequate, Plaintiff argues about the relative strength of the evidence within the record rather than identify evidence that the adjudicator should have considered. *Id.* at 4 ("[P]ortions of the government's AR . . . are inconsistent and incompatible with positions the government has taken elsewhere . . . . Plaintiff is entitled to take discovery regarding these types of inconsistencies and unsupported conclusions."). Where Plaintiff makes no argument at all that the administrative record is "so inadequate" that meaningful judicial review is frustrated, he fails to meet his burden altogether. Instead, Plaintiff appears to improperly seek to have USCIS's actions reviewed based on new evidence. *See Lands Council*, 395 F.3d at 1030 ("[w]ere the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency process, expertise, and decision-making.") Thus, there is no reason for the Court to look at the particular circumstances under which discovery may be permitted. Nonetheless, Plaintiff fails to establish any of the four factors that would permit the Court to grant discovery upon a showing of sufficient inadequacy.[4]

First, Plaintiff's argument that the government failed to consider all relevant factors is based on extra-record evidence that was not before the agency and is not appropriately offered for inclusion in the record. *Supra* at 4-5 ("[I]n the face of the government's own admissions and an Immigration Judge's contrary finding—discovery is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision'"). Such comparisons to administrative proceedings

---

[3] Plaintiff's reliance on *Otero*, 2017 WL 3081704, at *4-5, is misplaced. There, the plaintiff identified "specific facts justifying their request," to supplement the record because "Defendants may have relied on documents or other information not in the record." *Id.* at 4. Here, Plaintiff fails to make that showing.

[4] Although some courts permit "expansion of the record when necessary to explain agency action," a claim that Plaintiff does not pursue here, the proper remedy in such circumstance is "not to take additional evidence, but instead to remand the matter for reconsideration by the agency." *San Luis & Delta Mendota Water Auth. v. U.S. Dep't of the Interior*, 984 F. Supp. 2d 1048, 1055 (E.D. Cal. 2013), citing *Proietti v. Levi*, 530 F.2d 836 (9th Cir. 1976). Here, it would be counter-intuitive to permit Plaintiff discovery in an effort to supplement the record when he obtained an injunction that precluded USCIS from assessing his arguments and evidence on a more fulsome administrative record following USCIS's NOIT.

1  before other agencies are inappropriate in a record review case such as this and they bear no

2  relevance to the question of whether the record here is adequate to permit judicial review. This Court

3  has rejected such arguments before and should do so here as well. *See Univ. of Washington*, 2011 WL

4  6447806 at *2 (rejecting plaintiff's contention "that documents from different [administrative] cases,

5  in which the Intermediary reached a different conclusion on jurisdiction, should also be considered by

6  the Court.").

7       In *Univ. of Washington*, the plaintiff university argued that extra-record evidence related to its

8  claim should be added to the administrative record, but that evidence was not before the adjudicator

9  at the time of the agency decision,. *Id*. at *1. The Court noted specifically that the university did not

10  assert that the record was inadequate without the additional evidence, but "asserts that the letters go

11  to the question of whether the agency considered all relevant factors in reaching its decision." *Id*. at

12  *3. The Court held that the letters were not necessary to determine whether the agency had

13  considered all relevant factors, where "the documents at issue were not actually put before the agency

14  in this case." *Univ. of Washington*, 2011 WL 6447806 at *2.

15       Here, Plaintiff attempts to introduce evidence of an immigration court bond hearing,

16  conducted under the authority of the Executive Office of Immigration Review, a component of the

17  Department of Justice and independent of the Department of Homeland Security. *Supra* at 1. The

18  significance Plaintiff attempts to draw from that hearing is irrelevant to this matter, even more so

19  because the standards for a bond determination by an immigration judge are not the same as those

20  applied by USCIS to determine whether to terminate Plaintiff's DACA. *See* Defendants'

21  Supplemental Brief in Opposition to Plaintiff's Motion for Preliminary Injunction [Dkt No. 131] at 8

22  n.5.[5] Thus, this Court should find that where USCIS must make its own determination in each

---

[5] Dangerousness to the community for purposes of an immigration bond hearing is different from the Department of Homeland Security's assessment of how to exercise discretion with regard to DACA requests. *Compare Matter of Drysdale*, 20 I. & N. Dec. 815, 817 (BIA 1994) (immigration detainees have the burden of demonstrating that they are not a danger to the community) and *Matter of Guerra*, 24 I. & N. Dec. 37, 40-41 (BIA 2006) (relevant factors in determining whether an alien should be released from immigration custody include arrests, convictions, and how extensive, recent, and serious the alien's criminal activity is); *with* Dkt. No. 90-4 ("If after consulting with ICE, USCIS determines that exercising prosecutorial discretion after removal has been deferred under DACA is not consistent with the Department of Homeland Security's enforcement priorities, and ICE does not plan to issue an NTA, the officer should refer the case to HQSCOPS, though the normal chain of command, to determine whether or not a NOIT is appropriate. . . ."); *see, e.g.*, Dkt. Nos. 90-6 and 52-5, Q:55 ("Indicators that you pose such a threat [to national security or public safety] include, but are not limited to, gang membership, participation in criminal activities, or participation in activities that threaten the United States.").

individual case, records from other agency proceedings are not properly part of USCIS's record—
unless specifically considered by the agency. *See, e.g., Univ. of Washington*, 2011 WL 6447806 at
*2. Here, Defendants acknowledge that the NOIT references DHS email records that summarize
Plaintiff's merits hearing in immigration court. Defendants will supplement the administrative record
with non-privileged documents that reflect such email records, but note that supplementation of the
record through discovery is not appropriate.

Second, Plaintiff's allegation that the agency relied on documents not in the record is without
merit. Plaintiff notes that the record does not contain Plaintiff's prior DACA requests and related
materials such as the prior background checks. *Supra* at 4. However, Plaintiff does not show that the
agency relied on any of these documents or that it was in any way required to consider them. In fact,
Defendants issued Plaintiff's NOIT based on information obtained at the time of Plaintiff's arrest and
thereafter, including Plaintiff's admission that he was previously affiliated with gangs, and all of the
documents relied on from the relevant events are in the administrative record. Plaintiff also alleges
that there is only one email in the administrative record, but fails to explain why it "stands to reason"
that there must be more than one. *Id*. Defendants again acknowledge that the NOIT identifies
consultation between USCIS and ICE, and reiterate that Defendants will supplement the
administrative record with non-privileged documents that reflect such consultation. However, further
supplementation of the record is not appropriate based on Plaintiff's vague supposition.[6]

Lastly, Plaintiff alleges bad faith derived from "the government's continued insistence on
accusing Mr. Ramirez of gang membership in the face of contrary evidence, government admissions,
and judicial findings." *Id*. at 5. As discussed, the existence of extra-record evidence that may indicate
another agency's different findings are irrelevant here, and would not, in any case, demonstrate bad
faith on the part of Defendants. *See United States v. Iron Mountain Mines, Inc.*, 987 F. Supp. 1250,
1260–61 (E.D. Cal. 1997) (Bad faith requires a strong showing that the agency engaged in willful
misconduct); *id*. (The party alleging agency bad faith has "a significant evidentiary burden") (citing
*Sokaogon Chippewa Community v. Babbitt,* 961 F. Supp. 1276, 1280 (W.D. Wis. 1997)); *see also*

---

[6] Plaintiff also alleges that there are "two versions of the I-213 forms contained in the AR" without explanation. *Supra* at 4-5. Notwithstanding the minor differences in these versions, Plaintiff fails to demonstrate how such variation renders the existing record incomplete or the relevance of such various to the claims now before the Court.

*Smith Prop. Holdings, 4411 Connecticut L.L.C. v. United States*, 311 F. Supp. 2d 69, 85 (D.D.C. 2004) (finding that the Environmental Protection Agency's [EPA] prior offer of reimbursement to Plaintiff did not support a showing of bad faith in the agency's subsequent determination that reimbursement was not warranted) (citing *Iron Mountain Mines, Inc.*, 987 F. Supp. at 1260–61). The *Smith Prop. Holdings* Court held that, even if Smith's allegations were proven true (that the agency defendant "misstate[d] the holding of applicable cases; falsely represented that Smith submitted its removal claims late; falsely stated that Smith failed to provide evidence that the culvert was abandoned; and falsely indicates the meaning of the FOSC's [EPA Federal On–Scene Coordinator] Order"), the Court would only find the agency action to be arbitrary and capricious, and not bad faith. *Id*. at 84-85.

Plaintiff has offered nothing to indicate bad faith, and has certainly not made a strong showing. His only allegation is that the reason the NOIT was issued, the Government's suspicion that he is or was affiliated with gangs (because he said he was), is not supported by findings in other independent agency hearings. The Government's determination is rationally supported by the administrative record, which is adequate to permit this Court to review the agency decision without the extraordinary remedy of discovery Plaintiff seeks.[7]

### 3.    Moving Party's Reply (Mr. Ramirez)

Defendants concede, as they must, that Plaintiff may obtain extra-record discovery if the record is inadequate to support meaningful judicial review and one of the exceptions applies to permit discovery beyond the current AR.  Defendants' arguments against discovery are an effort to continue to shield from this Court's review evidence that was before them both at the time they initially stripped Mr. Ramirez of his DACA status and when they issued him a NOIT to terminate it again.[8] But Defendants cannot pick and choose those documents and communications about Mr. Ramirez to compile an incomplete and misleading AR while ignoring the balance of the evidence before it that

---

[7] Defendants' position that the administrative record is adequate to permit judicial review does not vitiate Defendants' position that this Court lacks jurisdiction over the issuance of the NOIT, which was an intermediate agency decision that effected no legal consequence on Plaintiff, and which itself was rendered moot by the natural expiration of Plaintiff's DACA and EAD without agency action.

[8]    While beyond the scope of the present Motion, Plaintiff disagrees with Defendants' statement that "Plaintiff's reinstated DACA expired on the original expiration date, in compliance with the preliminary injunction order in *Inland Empire*."

supports Mr. Ramirez's claims, and in particular those government admissions that concede Mr. Ramirez is not a threat to public safety.

The government even admits that there exist other documents that it considered or had in front of it that are missing from the AR, "acknowledg[ing] that the NOIT references DHS email records that summarize Plaintiff's merits hearing in immigration court," and stating that it will "supplement the [AR] with" such records. *Supra* at 9.  In other words, Plaintiff's well-founded suspicions that additional records exist that should be part of the AR have been validated, and Defendants have been sitting on such documents for at least six months.  Plaintiff should be permitted discovery to confirm all existing records have been considered for inclusion in the AR and to determine how Defendants weighed such records when deciding to repeatedly falsely accuse Plaintiff of being a gang member. This Court should therefore reject Defendants' latest efforts to insulate from judicial review their bad faith conduct toward Mr. Ramirez.[9]

Defendants' argument that the current record is adequate to support meaningful judicial review is without merit.  Defendants' principal legal support is distinguishable, as in *University of Washington* this Court denied supplementation of the record where the plaintiff sought to admit documents from "different cases" (to which the same plaintiff was not a party), and because the plaintiff had "fail[ed] to demonstrate that the [agency] had the documents at issue before it when it made the challenged decision."  2011 WL 6447806, at *2–3.  This Court therefore held that it "cannot make a finding that these documents are necessary to determine whether the agency has considered all relevant factors . . . ."  *Id.* at *3.  Here, however, there are numerous documents that Plaintiff has identified—*e.g.*, his DACA application, background checks, and renewal papers—that Defendants had before them and that bear upon the question of gang affiliation (or lack thereof),

---

[9]   Defendants' citation to *Center for Biological Diversity* for the proposition that a party "may not use post-decision information as a new rationalization either for sustaining or attacking the Agency's decision" is inapposite, as Plaintiff would not be using post-decision information as a "new" basis for challenging Defendants' actions.  450 F.3d at 943 (citation omitted, internal quotation marks omitted).  From the outset, Defendants' false accusation that Plaintiff is a gang member has violated the APA and Plaintiff's constitutional rights.  To the extent that material sought in discovery could be considered "post-decision," it would contextualize and explain the gang accusation and is therefore not "new."  If Defendants' argument were correct, an agency email admitting the error of actions taken against Mr. Ramirez (or any plaintiff) would be inadmissible.  This is not the case.  And as Defendants recognize, these materials are not "post-decision" as they relate to the issuance of the NOIT.

which the Court is presently unable to consider in ruling on Plaintiffs' APA claims because they are not part of the AR.  Defendants concede as much, but their promise to now introduce such records appears insufficient.  Indeed, the NOIT alludes to multiple and various DHS, USCIS, and ICE records and communications, all of which must be added to the AR, not just those that Defendants selectively choose.[10]  Notably, at the March 28, 2017 bond hearing, the government's counsel admitted that he "do[es]n't believe *from this record* there is enough for us to argue that he's a danger to the community."  Dkt. 122-1 at 31 (Bond Hrg. Tr. at 26) (emphasis added).  That admission requires establishment of what else (if anything) the government was considering as part of "this record" in addition to the ICE records (*e.g.*, the I-213 form) on which Defendants relied in first terminating Mr. Ramirez's DACA.  By definition, therefore, and by Defendants' implicit admission, the current AR is inadequate for this Court to meaningfully review Defendants' wrongful actions toward Mr. Ramirez.

Defendants next fail to refute the applicability of the three exceptions that permit supplementation of the AR in these circumstances.  As to the first exception—the agency's failure to consider all relevant factors and explain its decision—Defendants claim that Plaintiff bases his argument on "extra-record evidence that was not before the agency."  *Supra* at 8.  This is incorrect and misconstrues Plaintiff's Motion.  Documents regarding the grant and renewal of Plaintiff's DACA status (including the results of background checks) were unquestionably before the same agency that terminated his DACA status, and Plaintiff specifically identified these as the types of documents relevant to this exception.  *Supra* at 5.  And at the March 28, 2017 bond hearing, the government's counsel referred to a record that could not support a determination that Mr. Ramirez was a public safety concern.  Dkt. 122-1 at 31.  That admission is critical, as it is entirely at odds with and undermines the government's current position that there is no countervailing evidence that was

---

[10]   The NOIT references various relevant communications and records, including, for example: (1) "USCIS has **consulted with** [ICE] and has determined that exercising prosecutorial discretion to defer removal action in your case is not consistent with DHS's enforcement priorities"; (2) "DHS records show that on January 17, 2018, an immigration judge ordered you removed to Mexico"; (3) "DHS email records indicate that you disputed in immigration court that you are a gang member and that the immigration judge accepted this claim"; and (4) "ICE has informed USCIS that it is actively pursuing your removal."  Dkt. 126-1, Ex. C.

1    on the record before it.[11]

2        Moreover, evidence is *not* "not before the agency" simply because the agency decides to

3    ignore it or fails to deem it part of the AR, or where it does not support the agency action.[12]  *See*

4    *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) ("The whole administrative

5    record, however, is not necessarily those documents that the *agency* has compiled and submitted as

6    'the' administrative record.") (citation omitted, internal quotation marks omitted) (emphasis in

7    original).  Therefore, "[t]he 'whole' administrative record . . . consists of all documents and materials

8    directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the

9    agency's position." *Id.* (citation omitted, internal quotation marks omitted) (emphasis in original).

10   Defendants unquestionably had before them numerous documents not yet included as part of the AR

11   both at the time they initially wrongfully stripped Mr. Ramirez's DACA and over a year later when

12   they issued the NOIT, and admit as much in their response.  The Court should reject Defendants'

13   improper efforts to cherry-pick limited evidence that they believe supports their actions.

14       As to the second exception—where the agency has relied on documents not in the record—

15   discovery is warranted to determine whether Defendants relied on any extra-record documents.  Did

16   the government consider the documents before it that are currently missing from the AR (*e.g.*, prior

17   DACA applications, background checks, approvals, and the record referenced at the bond hearing),

18   and if not why not?  Defendants must answer these questions in discovery.  And, in their response

19   herein, Defendants validate Plaintiff's well-founded belief that other relied-on records exist by stating

20   that they will supplement the record with emails referenced in the NOIT.  *Supra* at 9.  In other words,

21   Defendants have *already admitted* they considered other documents not in the record.  Plaintiff's

22   supposition was correct, and through Defendants' concession, they have opened the door to discovery

---

[11]    Defendants' statement that "Plaintiff attempts to introduce evidence of an immigration court bond hearing," *supra* at 8, is misleading and misstates the scope of what Plaintiff seeks.  That hearing is relevant to this Motion for the government's counsel's admission that Mr. Ramirez is not a danger to public safety based on the then-current record. That referenced record is relevant and appropriate for consideration here, and the statements made at the hearing (and same record) were before Defendants when they issued the NOIT, in April 2018, and may properly be considered part of the AR on that basis.  Defendants' other argument that the bond hearing is irrelevant because of different legal standards for bond determination and determination of DACA eligibility is a red herring, as it is the underlying *evidence* that is relevant here.

[12]    Defendants' reliance on *University of Washington* is again misplaced.  As described *supra*, in that case, this Court denied supplementation where the plaintiff asked the Court to consider "documents filed in a different, but related case." *Univ. of Wash.*, 2011 WL 6447806, at *3.

to determine what other relevant email records or documents exist on which Defendants relied in twice seeking to terminate Plaintiffs' DACA based on the same lie.

As to the last exception—agency bad faith or improper behavior—Defendants attempt to prevent this Court from considering the judicial record already before it by asking the Court to ignore the bad faith it has already found.  *See* Dkt. 133; *supra* at 6.  Indeed, the government argues that bad faith cannot be determined by considering the conflicting positions Defendants have taken regarding Mr. Ramirez in different proceedings.  This position is unsupported by the case law, defies this Court's prior findings, and would mean that the government could in all cases take adverse wrongful action against an individual based on a false premise and avoid a bad faith finding by shielding admissions made in a parallel proceeding.  Such a result would permit the government to take incompatible positions by related agencies against the *same individual*.  The government's argument in and of itself highlights the dangerousness of its position, while further highlighting its continuing bad faith in these proceedings.  Defendants cannot wield hand-picked records as a sword while shielding other relevant materials that were before them.  Moreover, the Court need not look beyond the those records and statements made within USCIS to determine bad faith in any event; the mere fact of USCIS again proceeding to strip Mr. Ramirez of his DACA by issuing a NOIT based on the same false accusation is evidence enough.

Defendants' proffered legal support only bolsters Plaintiff's argument that the government has engaged in bad faith, as there is strong, clear evidence in the judicial record of such bad faith.[13] Indeed, the evidence of bad faith is powerful here, and Defendants' brazen statement that "Plaintiff has offered nothing to indicate bad faith" (*supra* at 10) is contradicted by the facts.  Defendants have repeatedly lied about Mr. Ramirez—the father of a young son—falsely and very publicly accusing him of being a gang member when the evidence, their own admissions, and judicial findings are to the contrary.

Plaintiff is entitled to discovery and supplementation of the AR based on each of the three

---

[13]   Defendants' citation to *Smith Property Holdings*, for example, does not support Defendants' position.  That case involved questions of whether an agency's shifting positions on reimbursement to a property owner were evidence of bad faith.  *See Smith Prop. Holdings*, 311 F. Supp. 2d at 84–85.  Here, Mr. Ramirez has been repeatedly and knowingly defamed by the government and stripped of benefits needed for his livelihood.  The scenarios are not remotely similar.

exceptions addressed herein, but most surely on the bad-faith exception alone.

**B.    Defendants' Motion for a Protective Order Regarding Discovery as to Plaintiff's Constitutional Claim**

**1.    Moving Party's Argument (Government)**

Plaintiff's motion to supplement the record appears to demonstrate Plaintiff's recognition that he is required to seek leave of the Court to pursue discovery in this matter. Defendants agree, and for the reasons stated above, ask the Court to deny Plaintiff discovery in this straightforward APA record review case. Even if the Court were to find that Plaintiff has sufficiently stated a constitutional claim separate from his APA claim (a point that Defendants dispute), his discovery requests are premature. Plaintiff has not complied with either the Federal Rules or this Court's Local Rules for pursuing discovery.

**a.    Discovery is not permitted in an APA case.**

Defendants maintain that the apparently challenged intermediate agency decision here, to issue a NOIT on the basis of Plaintiff's suspected gang affiliation, is not reviewable in this Court under the APA or otherwise. However, in a review of agency action like the one Plaintiff seeks, the role of the district court "is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Occidental Engineering Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985) (emphasis added). Here, there are "no disputed facts that the district court must resolve," *id.*, and the entire case on review under the APA is a question of law, which the Court resolves on the administrative record that was before the agency's adjudicators when making their decision. *Nat'l Wildlife Fed'n v. U.S. Army Corps of Engineers*, 384 F.3d 1163, 1170 (9th Cir. 2004); *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). "An agency's designation and certification of the administrative record is treated like other established administrative procedures, and thus entitled to a presumption of administrative regularity." *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007). Accordingly, "in the absence of clear evidence to the contrary, courts presume that public officers have properly discharged their official duties." *Id.*, citing *Citizens to Preserve Overton Park*, 401 U.S. at 415 (internal modifications and citation omitted). The governing case law forecloses Plaintiff's requests for discovery, as the only

ultimate issue in Plaintiff's complaint is the legal question whether the agency's decision to issue a NOIT on the basis of suspected gang affiliation was arbitrary and capricious under the APA.[14] 5 U.S.C. § 706(2)(A); *see* Dkt. No. 122 at 17 ("Defendants' arbitrary decision and failure to follow their own procedures resulted in tremendous, and entirely avoidable, harm to Mr. Ramirez."); *id*. at 18 ("Mr. Ramirez is likely to establish that the government's revocation of his DACA status and work authorization violated the APA in several ways.").

As explained in detail above, exceptions to the record rule prohibiting discovery in an APA case may be allowed "in very limited circumstances," and a plaintiff bears a heavy burden to make a threshold showing that the record is so inadequate as to effectively preclude judicial review. If a plaintiff meets that burden, he or she must then establish one of four factors to justify discovery. *Univ. of Washington,* 2011 WL 6447806 at *2; *McCrary*, 495 F. Supp. 2d at 1041; *see also Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010). Where Plaintiff has not offered any argument or evidence to show that the administrative record is insufficient to permit judicial review, the Court should not take the extraordinary step of permitting discovery in such a straightforward record review case as this. Rather, the Court should grant Defendants' motion for a protective order.

### b. Plaintiff's Constitutional claims do not stand apart from his APA claims.

Discovery is not available in an APA case simply because Plaintiff cloaks his Complaint in constitutional garb. *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) ("mere failure of an agency to follow its regulations is not a violation of due process"); *Markham v. United States*, 434 F.3d 1185, 1188 (9th Cir. 2006) ("[a] cognizable due process claim must be more than an ephemeral and insubstantial denial of benefits[.]"). Despite Plaintiff's attempts to characterize his claim as a constitutional challenge, this is simply a matter of whether DHS's decision to issue a NOIT to Plaintiff on the basis of suspected gang affiliation was arbitrary and capricious. *See* Dkt. No. 78, Second Amended Complaint, Count 2, ¶ 94 ("Here, the Agency Defendants violated the APA

---

[14] Although the Second Amended Complaint pre-dates and thus does not challenge Defendants' issuance of the NOIT, the surviving claims after Plaintiff dismissed his *Bivens* actions against individual defendants, *see* Dkt. No. 112, relate to the termination of Plaintiff's DACA and are moot. Regardless of the issuance of the NOIT, which itself bore no legal consequence, Plaintiff's reinstated DACA expired on the original expiration date, in compliance with the preliminary injunction order in *Inland Empire*.

because their revocation of Mr. Ramirez's DACA status and work authorization violated his rights under the Due Process Clause."); *Ursack, Inc. v. Sierra Interagency Black Bear Grp.*, 639 F.3d 949, 955 (9th Cir. 2011) (an equal protection argument raised separately from an APA argument was treated as an APA argument, where the "only question is whether the defendants' treatment of Ursack was rational (*i.e.*, not arbitrary and capricious)."); *Markham*, 434 F.3d at 1187–88 (citing *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1443 (7th Cir. 1996) (en banc) (Posner, C.J.) ("The government does not violate the Constitution every time it mistakenly denies a claim for benefits . . . . This is a case of a claim for benefits 'cloaked in constitutional terms.' Czerkies has affixed the constitutional label to a garden-variety [administrative] claim [.]")). Even if Plaintiff could somehow show that the agency failed to follow its own rules *and* such failure was a constitutional violation, his claim amounts to nothing more than a veiled arbitrary and capricious claim, which must be folded into his APA cause of action.

Thus, Plaintiffs face the basic problem that the Ninth Circuit has clearly held that the "mere failure of an agency to follow its regulations is not a violation of due process." *Brown*, 763 F.3d at 1148.

### c.   Even if allowed to proceed, Plaintiff's discovery requests are premature and overbroad.

Discovery "may not be used to conduct a fishing expedition in hopes that some fact supporting an allegation will be uncovered." *Inst. for Wildlife Prot. v. Norton*, 337 F. Supp. 2d 1223, 1226 (W.D. Wash. 2004) (Martinez, J.), citing *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004). If Plaintiff believes this case is not excepted from discovery under the APA, he has failed to follow either Federal Rules of Civil Procedure 26 and 34 or this Court's Local Rule 16, requiring, among many other things, the parties to exchange initial disclosures, to confer on discovery issues, and to present the Court with a joint status report and a proposed discovery scheduling order that includes deadlines for the completion of discovery and the filing of dispositive motions. *See* Local Rules W.D. Wash. LCR 16(a), (b), 26; Fed. R. Civ. P. 26(a), (d), (f). Only then may a party serve discovery requests pursuant to Fed. R. Civ. P. 34. *See* Fed. R. Civ. P. 26(d)(1). Having taken none of those steps, Plaintiff puzzlingly noted in his request for production of documents only that the request

was being made "Pursuant to the Rules 26 and 34 of the Federal Rules of Civil Procedure." *See* Pl. Ex. A, Plaintiff's First Set of Requests for Production, at 2.

Were the Court to instruct Defendants to respond to Plaintiff's requests, there are no parameters established for the scope of discovery, or a deadline for its completion. Plaintiff has offered no initial disclosures as to the witnesses or experts he would theoretically call, nor any expert testimony reports. The purpose of the Rule 26(f) conference is to ensure discovery is efficiently and meaningfully executed. *See Lombana v. Green Tree Servicing, LLC*, No. LA CV 14-8330 JCG, 2016 WL 7661674, at *1 (C.D. Cal. Jan. 12, 2016) ("[T]he record does not reflect that the parties met and conferred concerning a discovery plan before Defendant served its Discovery Requests, thus rendering the Discovery Requests premature"); *Fleshman v. Wells Fargo Bank, N.A.*, No. 03:13-CV-02062-HZ, 2015 WL 4488163, at *1 (D. Or. July 23, 2015) (finding plaintiffs were in violation of Fed. R. of Civ. P. 26(d)(1) and LR 26–1(4) because no Rule 26(f) discovery planning conference had occurred prior to serving discovery).

Plaintiffs here have skipped every step and jumped straight to seeking a significant body of information and records, many of which are already in the administrative record, but many that were not before the agency in making its decision to issue the NOIT due to suspicion of gang affiliation, and are therefore outside the scope of this matter under any analysis. *See Cabell v. Zorro Prods., Inc.*, 294 F.R.D. 604, 609 (W.D. Wash. 2013) (Martinez, J.) ("unfocused fishing expeditions are discouraged by Federal Rule of Civil Procedure 26(b) and by Local Rule 26(f), which requires that discovery requests ... should be reasonably targeted, clear, and as specific as possible."), citing LCR 26(f) (internal citation and quotations omitted); *id*. ("Where the relevance of the requested information is low, avoiding the harm that comes with the burden of overbroad discovery 'constitutes good cause for a protective order.'"), citing *DeFreitas v. Tillinghast*, 2013 WL 209277, at *3 (W.D. Wash. 2013). For example, Plaintiffs seek privileged communications "between the officers who arrested or detained Plaintiff and the Office of Chief Counsel," as well as irrelevant "communication between you and any member of the media concerning Plaintiff." *See* Pl. Ex. A, Request for Production Nos. 7, 8.

Where Plaintiff has made no effort to establish the scope of discovery or set a discovery plan

1    with Defendants, and offers no justification for his attempt to expand the administrative record, the

2    Court should grant Defendants' motion for a protective order.

3         **2.    Responding Party's Argument (Mr. Ramirez)**

4         Defendants cannot carry their burden to show why a protective order should issue to prevent

5    Plaintiff from taking discovery regarding his separate constitutional claim, and their Motion for a

6    Protective Order should therefore be denied.

7              **a.    Defendants Fail to Carry Their Burden to Establish that Plaintiff is not
              Entitled to Discovery on his Separate Constitutional Claim.**

8

9         Defendants' actions toward Mr. Ramirez violated his constitutional rights and are the basis for

10   his claim for declaratory relief.  Defendants misconstrue Plaintiff's constitutional claim for

11   declaratory relief, wrongly stating that "the only ultimate issue in Plaintiff's complaint is the legal

12   question whether the agency's decision to issue a NOIT on the basis of suspected gang affiliation was

13   arbitrary and capricious under the APA." *Supra* at 16.  In fact, Plaintiff's constitutional claim alleges

14   that "Defendants' [February 2017] revocation of Mr. Ramirez's DACA status and work authorization

15   violated his rights under the Fifth Amendment." Dkt. 78, ¶ 149.  Defendants also point to Plaintiff's

16   PI Motion to argue that Plaintiff's constitutional claim is in fact an APA claim.  But Plaintiff did not

17   move for an injunction on his declaratory relief claim, only on his APA claims, and thus this

18   argument fails, too. *See* Dkt. 122.  Defendants' Motion fails on these threshold bases alone.

19        Moreover, Defendants' argument that Plaintiff's constitutional claim is duplicative of his

20   APA claims is wrong, and irrelevant in any event.  "A direct constitutional challenge is reviewed

21   independent of the APA." *Grill v. Quinn*, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) (citing

22   *Porter v. Califano*, 592 F.2d 770, 781 (5th Cir. 1979)).  "As such the court is entitled to look beyond

23   the administrative record with regard to [such] claim[s]." *Id.*; *see also Rydeen v. Quigg*, 748 F. Supp.

24   900, 906 (D.D.C. 1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991).  Thus, "discovery as to . . . non-APA

25   claim[s] is permissible." *Grill*, 2012 WL 174873, at *2 (granting extra-record discovery with respect

26   to plaintiff's independent constitutional claims, as well as certain of his APA claims); *Miccosukee*

27   *Tribe of Indians of Fla. v. United States*, 2010 WL 337653, at *2 (S.D. Fla. Jan. 22, 2010) ("[I]t

28   appears that discovery related to the Plaintiff's equal protection claim is not limited by the

APA . . . nor the agency record, but rather requires independent review and therefore discovery related to the equal protection claim appropriately may proceed."); *see also Webster v. Doe*, 486 U.S. 592, 604 (1988) (confirming that a plaintiff who is entitled to judicial review of his constitutional claims under the APA is entitled to discovery regarding those claims); *Porter*, 592 F.2d at 785 (remanding for discovery on First Amendment claim).

Courts agree that where a plaintiff asserts both APA and non-APA claims, discovery as to non-APA claims is appropriate separate and apart from the APA claims. *See J.E.F.M. v. Lynch*, 2015 WL 9839679, at *3 (W.D. Wash. Aug. 27, 2015) (permitting discovery as to constitutional claims); *see also Am. Cargo Transp., Inc. v. United States*, 2006 WL 753236, at *1 n.1 (W.D. Wash. Mar. 22, 2006) (recognizing that "a court may allow discovery as to non-APA claims"). Indeed, allowance of discovery as to constitutional claims irrespective of concurrently asserted APA claims makes sense, as such discovery would be permitted where a plaintiff only brought a constitutional claim.

### b. Plaintiff's Discovery Requests are Timely.

Defendants' argument that Plaintiff's discovery requests are premature because a Rule 26(f) conference has not yet occurred lacks merit for the simple reason that no such conference is required pursuant to Rule 26(d)(1), which states "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)," and this is such an exempted proceeding. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) ("The following proceedings are exempt from initial disclosure: (i) an action for review on an administrative record . . . ."). Defendants also misstate the requirements of Local Civil Rule 16, which exempts this type of action from its provisions, but in any event speaks to actions to be taken by the Court to implement a scheduling order. *See* W.D. Wash. LCR 16(b)(6). The Court appears to recognize that this is an exempted action, as it has not previously issued a scheduling order or set a Rule 16 conference.

Even if this action were not exempt from the procedural requirements of Federal Rule 26 and Local Civil Rule 16, Defendants' argument that discovery is premature is a procedural one that the Court and the parties could remedy. But such an objection is not a basis for a blanket protective order preventing Plaintiff from taking discovery. Moreover, counsel have already engaged in a

lengthy meet and confer regarding the discovery served in this matter (Bach Decl., Exs. D, E), so Defendants should not be heard to complain about these ministerial steps.  Plaintiff's counsel believes that a scheduling order would be appropriate at this stage of the case, however the current absence of one does not support Defendants' Motion for a protective order.  Defendants' Motion should be denied.

### 3.      Moving Party's Reply (Government)

#### a.      Plaintiff's APA and constitutional claims are one and the same.

Plaintiff's assertion that discovery is appropriate because he made constitutional challenges independent of his APA claims is incorrect. Only Counts One, Two, and Eight remain in Plaintiff's Second Amended Complaint after voluntary dismissal of the individual *Bivens* claims. The first two counts are entitled APA claims and the third seeks a declaration of Plaintiff's "constitutionally protected interests in his DACA status and the benefits conferred thereunder." *See* Dkt. No. 78 ¶ 149.

What remains of Counts One and Two are explicit APA claims, and only Count Two mentions a constitutional violation, which by Plaintiff's own characterization is still subordinate to the APA claim. *Id*. at ¶ 93 ("This Count is brought against the Agency Defendants and seeks declaratory and injunctive relief under the APA."); *see also* Dkt. No. 122, Motion for Preliminary Injunction, at 18 ("Specifically, the government violated the APA because its conduct was: (1) 'arbitrary, capricious, [and] an abuse of discretion'[]; (2) contrary to its own internal operating procedures and therefore in violation of the *Accardi* doctrine[]; and (3) in violation of Mr. Ramirez's rights under the Due Process Clause[].") (internal citations to Plaintiff's SAC omitted). Thus, Plaintiff claims are pure "garden-variety administrative claim[s]" to which he has merely "affixed the constitutional label." *Markham*, 434 F.3d at 1187-88 (9th Cir. 2006).

Plaintiff cites no mandatory authority to support his position, and his reliance on *Grill v. Quinn* is misplaced. In that case, the complaint contained "two distinct causes of action," the first under the APA and the second a due process claim that "stands on its own as a constitutional claim independent of the strictures of the APA." 2012 WL 174873 at *2. Similarly, in *Rydeen*, the plaintiff made an APA claim that the agency acted arbitrarily in interpreting its statutory authority, and an additional independent claim that the patent expiration notice process was constitutionally

inadequate. 748 F. Supp. at 905-906. In *Miccosukee Tribe of Indians of Fla.*, the district court dismissed plaintiff's APA claim entirely and permitted an independent equal protection claim to go forward. 2010 WL 337653 at *1. The court denied defendants' motion to limit the case to review of the AR because the APA no longer applied.[15] *Id*. By Plaintiff's own design, his claims are based in a violation of the APA. Rather than challenge the DACA termination process, Plaintiff alleges the agency's application of the process was arbitrary and capricious, which is a legal question resolved by review of the AR. *See* Dkt. No. 122 at 18. That Plaintiff alleges the processing of his DACA termination *also* violated due process does not create an independent claim subject to discovery.

To the extent the Court interpreted Plaintiff's claims as including the subsequent decision to issue the NOIT—an intermediate agency action that has since become moot itself—the remaining issue is a straightforward question of law: was the agency's decision to issue the NOIT based on Plaintiff's suspected gang affiliation arbitrary and capricious? The Court can answer this question based on the AR without discovery, and Plaintiff has not met his heavy burden to show otherwise.[16]

### b.  Plaintiff's arguments for discovery without a Rule 26(f) conference are irreconcilable.

Plaintiff argues that a Fed. R. Civ. P. 26(f) conference is not necessary prior to initiating discovery because this is "an action for review on an administrative record," while arguing simultaneously that discovery is necessary because this is a constitutional case not limited to review on the AR. Plaintiff appears to be trying to subvert the heavy burden of establishing the extraordinary circumstances necessary to compel discovery in an APA case by arguing it is not an APA case, while

---

[15] Plaintiff's reliance on *Webster*, *J.E.F.M.*, and *Am. Cargo Transp., Inc.*, are also misleading. Each case stands only for the proposition that discovery may be permitted in an APA case when independent constitutional claims are identified. Defendants maintain Plaintiff has not made such a claim. *See Webster*, 486 U.S. at 604 (district courts have "latitude to control any discovery process *which may be instituted*" if discovery is warranted) (emphasis added); *J.E.F.M.*, 2015 WL 9839679 at *3 (finding plaintiffs raised constitutional claims not governed by the APA); *Am. Cargo*, 2006 WL 753236 at *1 n.1 (*denying* discovery on two non-APA claims because the court construed the motion as "arising under the APA").

[16] Defendants' offer to supplement the AR with documents that were before the agency adjudicator who issued the NOIT should not be construed as evidence of bad faith in the construction of the AR. The AR was composed in June 2017, 8 months prior to issuance of the NOIT. Dkt. Nos. 91-92. Though the Court interpreted the SAC as incorporating a prospective challenge to the NOIT, the documents Defendants now offer did not exist at the time the AR was created. It was not until Plaintiff filed a supplemental brief in support of his motion for preliminary injunction on May 7, 2018 that he first challenged the NOIT, and it was not until this Court's May 15, 2018 Order granting the motion that Defendants were on notice that the NOIT issuance was subject to this Court's jurisdiction at all. Dkt. Nos. 130, 132. Defendants' offer to supplement the AR now demonstrates Defendants' continued good faith effort to resolve this case and further supports granting Defendants' protective order to permit adjudication on the record.

also trying to subvert the numerous requirements of the federal and local rules that govern discovery by claiming the rules do not apply because this is an APA case. He cannot have it both ways.

Plaintiff's argument now that Rule 26(d)(1) permits discovery requests without a Rule 26(f) conference because APA cases are exempt from initial disclosures under Rule 26(a)(1)(B) is circular and untenable. As explained in greater detail above, case law is clear that claims raised under the APA are, absent extraordinary circumstances, decided only on an administrative record already in existence. *Occidental Engineering Co.*, 753 F.2d at 769 (the role of the district court "is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did."). Logically, there is no reason to make initial disclosures of intended witnesses and experts in an APA case because no discovery requests should follow. Plaintiff received the administrative record in June 2017 and made no indication of any intention to refute the record or seek discovery of any additional materials.

Furthermore, the Rule 26(f) conference and attendant federal and local requirements preceding discovery are not "ministerial." Plaintiff seeks broad discovery, including substantial privileged materials, which Plaintiff has not shown were considered in the decision at issue, nor are they required to explain the decision. *See Cabell*, 294 F.R.D. at 609 (Martinez, J.) ("[U]nfocused fishing expeditions are discouraged by [Fed. R. Civ. P.] 26(b) and by [LCR] 26(f), which requires that discovery requests . . . should be reasonably targeted, clear, and as specific as possible.").

Discovery at this stage would lack any scope or deadline, would be untethered to the issues at stake, and would leave Defendants blind to Plaintiff's intended witnesses and experts. Importantly, Defendants' offer herein to supplement the AR with those additional documents that were considered by the agency in issuing the NOIT, and which arguably belong in the AR now that the Court has ruled favorably on Plaintiff's challenge to the NOIT issuance, demonstrates the value of the pre-discovery meet and confer process Plaintiff is attempting to undercut as a mere technicality. It stands to reason that the documents Defendants provide to supplement the administrative record will satisfy at least some of Plaintiff's concerns, and any subsequent disagreement over the record would be streamlined for more efficient judicial resolution.

Defendants maintain that discovery is entirely inappropriate in this straightforward

1    administrative record review case because Plaintiff has not made any showing that the record is

2    inadequate or that Defendants have acted in bad faith. Even if the Court disagrees, it should still grant

3    Defendants' Protective Order because Plaintiff has failed to engage in any pre-discovery process.

4

5                                    **CERTIFICATION**

6          I certify that the full responses by the respective parties to Plaintiff's Motion and Defendants'

7    Motion have been included in this submission, and that prior to making this submission the parties

8    conferred to attempt to resolve this discovery dispute in accordance with LCR 37(a).

9

10   DATED:          August 29, 2018
                     Seattle, Washington

11

12                             Respectfully submitted,

13                             /s/ Theodore J. Boutrous, Jr.
                               GIBSON, DUNN & CRUTCHER LLP
14                             THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
                               ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
15                             KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
                               NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*

16

17                             /s/ Mark D. Rosenbaum
                               PUBLIC COUNSEL
18                             MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
                               JUDY LONDON (CA SBN 149431), *pro hac vice*
19                             KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
                               ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
20                             ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*

21                             ***ATTORNEYS FOR PLAINTIFF***

22

23

24

25

26

27

28

1

2      CHAD A. READLER
       Acting Assistant Attorney General
3      WILLIAM C. PEACHEY
       Director
4

5      */s/ Jeffrey S. Robins*
       JEFFREY S. ROBINS
6      Assistant Director
       U.S. Department of Justice
7      Civil Division
       Office of Immigration Litigation
8      District Court Section
       P.O. Box 868, Ben Franklin Station
9      Washington, D.C. 20044
       Phone: (202) 616-1246
10     Fax: (202) 305-7000
       Email: jeffrey.robins@usdoj.gov
11

12     JAMES WALKER
13     Trial Attorney
       U.S. Department of Justice
14     Civil Division

15     ***ATTORNEYS FOR DEFENDANTS***

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

  I hereby certify that on August 29, 2018, I electronically filed the foregoing document with the

3

Clerk of the Court using CM/ECF.  I also certify that the foregoing document should automatically be

4

served this day on all counsel of record via transmission of Notices of Electronic Filing generated by

5

CM/ECF.

6

7

              /s/ Theodore J. Boutrous, Jr.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

LCR 37 SUBMISSION
Case No. 2:17-cv-00218-RSM-JPD    26    Counsel Listed on Pages I–III

The Honorable Ricardo S. Martinez
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

Daniel Ramirez Medina,

               Plaintiff,

        v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; and U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,

               Defendants.

CASE NO. 2:17-CV-00218-RSM-JPD

**DECLARATION OF NATHANIEL L. BACH IN SUPPORT OF LCR 37 SUBMISSION RE PLAINTIFF'S MOTION TO COMPLETE THE ADMINISTRATIVE RECORD**

Attorneys for Plaintiff:
PUBLIC COUNSEL
MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
  mrosenbaum@publiccounsel.org
JUDY LONDON (CA SBN 149431), *pro hac vice*
  jlondon@publiccounsel.org
KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
  keidmann@publiccounsel.org
ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
  aprice@publiccounsel.org
ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*
  ehadaway@publiccounsel.org
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089


GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
  tboutrous@gibsondunn.com
KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
  kmarquart@gibsondunn.com
NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
  nbach@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520


ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
  edettmer@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306


ERWIN CHEMERINSKY (DC SBN 289330; IL SBN 3122596), *pro hac vice*
  echemerinsky@law.berkeley.edu
University of California, Berkeley, School of Law
*Affiliation for identification purposes only
215 Boalt Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-6483

LEAH M. LITMAN (DC SBN 1016310), *pro hac vice*
  llitman@law.uci.edu
University of California, Irvine School of Law
*Affiliation for identification purposes only*
401 East Peltason Drive, Educ 1095
Irvine, CA 92697
Telephone: (949) 824-7722


LAURENCE H. TRIBE (MA SBN 126736; CA SBN 039441), *pro hac vice*
  larry@tribelaw.com
Harvard Law School
*Affiliation for identification purposes only*
1575 Massachusetts Avenue
Cambridge, MA 02138
Telephone: (617) 495-1767


ELIZABETH HAWKINS (SBN 43187)
  ehawkins@hawkinsimmigration.com
Hawkins Law Group
17544 Midvale Avenue, Suite 301
Shoreline, WA 98133
Telephone: (206) 728-4220
Facsimile: (206) 973-5326


LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*
  lcortes@ia-lc.com
Immigrant Advocacy & Litigation Center, PLLC
19309 68th Avenue South, Suite R-102
Kent, WA 98032
Telephone: (253) 872-4730
Facsimile: (253) 237-1591


NORTHWEST IMMIGRANT RIGHTS PROJECT
MATT ADAMS (SBN 28287)
  matt@nwirp.org
615 Second Ave., Suite 400
Seattle, WA 98104
Telephone:  (206) 957-8611

I, Nathaniel L. Bach, declare as follows:

1.  I am an attorney admitted to practice law *pro hac vice* before this Court.  I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, and I am one of the attorneys responsible for the representation of Daniel Ramirez Medina ("Mr. Ramirez") in the above-captioned action. I submit this declaration in support of Plaintiff's Motion to Complete the Administrative Record.  The following facts are within my personal knowledge and, if called and sworn as a witness, I would testify competently to these facts.

2.  Attached hereto as <u>Exhibit A</u> is a true and correct copy of Plaintiff's First Set of Requests for Production, served on February 14, 2018.

3.  Attached hereto as <u>Exhibit B</u> is a true and correct copy of Plaintiff's First Set of Requests for Admission, served on February 14, 2018.

4.  Attached hereto as <u>Exhibit C</u> is a true and correct copy of Plaintiff's served notices for the depositions of Matthew E. Hicks, Taula Peter, Lance Hernandez, Ernesto San Miguel, Kathlyn Lawrence, and Michael Melendez, served on February 14, 2018.

5.  Attached hereto as <u>Exhibit D</u> is a true and correct copy of an email chain between counsel for Plaintiff and counsel for Defendants dated between February 14, 2018 and February 23, 2018.

6.  Attached hereto as <u>Exhibit E</u> is a true and correct copy of an email chain between counsel for Plaintiff and counsel for Defendants dated between February 27, 2018 and March 15, 2018.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct, and that I executed this Declaration on August 29, 2018, in Los Angeles, California.

/s/        Nathaniel L. Bach           

Nathaniel L. Bach

EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

Daniel Ramirez Medina,

        Plaintiff,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,

        Defendants.

CASE NO. 2:17-CV-00218-RSM-JPD

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to the Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Daniel Ramirez Medina hereby requests that Defendants U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, and U.S. Citizenship and Immigration Services, respond to the following Requests for Production fully, separately, in writing, and under oath, and produce the following documents within thirty (30) days of service.

## DEFINITIONS

For purposes of these Requests, the following words will have the meaning indicated below:

1.      "COMMUNICATED" means participated in or was a party to any conversation, discussion, letter, meeting, memoranda, note or other transfer of information, whether written or oral, or by any other means, including, without limitation, telegram, telex, electronic mail, instant message, text message or other electronic format electronically, and includes any document which abstracts, digests, transcribes or records any such communications.

2.      "DACA" means the Deferred Action for Childhood Arrivals program established on June 15, 2012, in a memorandum by then-Secretary of Homeland Security Janet Napolitano.

3.      "DHS" means Defendant U.S. Department of Homeland Security, including all its various components, subdivisions, agencies, and other subordinate entities.

4.      "DOCUMENT" means any record or communication (including any electronically stored information) that would be considered a document within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

5.      "ICE" means Defendant U.S. Immigration and Customs Enforcement.

6.      "MEMBER OF THE MEDIA" means a reporter, journalist, editor, columnist, writer, blogger, producer, fact-checker or other individual involved in writing, editing, and/or producing news or opinion content for a newspaper, website (including blogs), television or radio station or network, or wire service.

7.      "PLAINTIFF" means Plaintiff Daniel Ramirez Medina.

8.      "USCIS" means Defendant U.S. Citizenship and Immigration Services.

9.      "You" or "your" refers to DHS, including your personnel, be they affiliated with ICE, USCIS, or any other DHS component, subdivision, agency, and other subordinate entity, and including your contractors and their personnel.

10.      The terms "and" and "or" shall be construed in the inclusive sense, either disjunctively or conjunctively, as necessary to bring within the scope of this request any information that may otherwise be construed to be outside its scope.  The term "each" includes "every" and vice versa. The terms "a," "an," and "any" include "all," and "all" includes "a," "an," and "any."

**INSTRUCTIONS**

1.      In answering these Requests, you are required to furnish all information within the scope of the Requests that is personally known or reasonably available to you, including information in your possession, custody, or control, which shall include actual and constructive possession, custody, or control.  Any document which is not in your immediate physical possession, but in regard to which you have a right to compel production from a third person, or which is otherwise subject to the control of the person or entity in question, is within your "possession, custody, or control."  When these Requests call for information or a document that was previously in your possession, custody or control, but is not currently in your possession, custody, or control, you should identify its present location and custodian if known, or otherwise its last known location and custodian.

2.      In answering these Requests, you must make a diligent search of your records and of other papers and materials in your possession, custody, or control.

3.      If any Request has subparts, answer each subpart separately and in full, and do not limit your answer to the Request as a whole.

4.      If, in response to any Request or subpart to any Request, you assert that the answer can be found, in whole or in part, in the answer to another Request, please state the number of the Request or Requests where the answer may be found and, where applicable, the subpart(s) where the answer may be found.  Also, state whether the Request or Requests referenced as containing the answer have the full and complete answer, and if not, supply the balance of the answer pursuant to the Federal Rules of Civil Procedure and these Instructions.

5.      Requests that cannot be answered in full shall be answered as completely as possible, and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer and of whatever knowledge, information, or belief is possessed with respect to each unanswered or incompletely answered Request.  Incomplete answers shall be accompanied by a statement of the names, business and residential addresses, and telephone numbers of the persons whom you believe to be in control of the complete information requested.

6.      As to every Request that you fail to answer in whole or in part on the ground that the information sought involves a document or oral communication that you contend to be privileged or otherwise protected from disclosure, state in detail:  (a) the date of the document, (b) the name of the individuals who either authored, sent, and received the document, (c) a description of the document sufficient to identify it without revealing the information for which the privilege is claimed, and (d) the privilege or doctrine pursuant to which the document is being withheld or redacted.

7.      Unless otherwise specified, each Request is not time-limited.

8.      Each Request is to be continuing.  If after serving an answer to any Request, you obtain or become aware of any further information pertaining to that Request, you are requested to serve a supplemental answer setting forth such information.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All documents that you contend establish that Plaintiff presents or has presented an "Egregious Public Safety Concern," or poses or has posed a threat to national security or public safety.

**REQUEST FOR PRODUCTION NO. 2**

All documents that you contend establish that Plaintiff is or has been affiliated with a gang.

**REQUEST FOR PRODUCTION NO. 3**

All documents that you contend establish that Plaintiff's tattoo is a gang tattoo.

**REQUEST FOR PRODUCTION NO. 4**

All documents concerning Plaintiff's arrest on February 10, 2017, including but not limited to all documents concerning:

a.   The circumstances of Plaintiff's arrest;

b.   The individuals involved in Plaintiff's arrest;

c.   The reasons for Plaintiff's arrest;

d.   All background checks, biometric evaluations, and other evaluations, screenings, or investigations of or relating to Plaintiff conducted in conjunction with Plaintiff's arrest;

e.   All interviews of Plaintiff or other individuals conducted in conjunction with Plaintiff's arrest;

f.   All documents, possessions, or other items that you confiscated from Plaintiff in conjunction with his arrest.

**REQUEST FOR PRODUCTION NO. 5**

All documents concerning Plaintiff's February 10, 2017 to March 29, 2017 detention, including but not limited to all documents concerning:

a.   The individuals involved in Plaintiff's detention;

b.   Plaintiff's security classification and housing unit placement while in detention;

c.   The reasons for Plaintiff's detention;

d.   The reasons for Defendants' decision to qualify Plaintiff as a high security risk during his detention;

e.   All background checks, biometric evaluations, and other evaluations, screenings, or investigations of or relating to Plaintiff conducted in conjunction with Plaintiff's detention;

f.   All interviews of Plaintiff or other individuals conducted in conjunction with Plaintiff's detention.

**REQUEST FOR PRODUCTION NO. 6**

All documents concerning the rescission of Plaintiff's DACA status.

**REQUEST FOR PRODUCTION NO. 7**

All documents concerning any consultation between the officers who arrested or detained Plaintiff and the Office of Chief Counsel regarding Plaintiff's DACA eligibility or status.

**REQUEST FOR PRODUCTION NO. 8**

All documents concerning any communication between you and any member of the media concerning Plaintiff.

DATED:  February 14, 2018

Seattle, Washington

/s/ Theodore J. Boutrous, Jr.
GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*

/s/ Mark D. Rosenbaum
PUBLIC COUNSEL
MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
JUDY LONDON (CA SBN 149431), *pro hac vice*
KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*

/s/ Luis Cortes Romero
BARRERA LEGAL GROUP, PLLC
LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*
JOHN C. BARRERA (SBN 47658), *pro hac vice*
JOSE GARCIA (SBN 46518), *pro hac vice*

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2018, I served the foregoing document on the following by electronic mail and overnight UPS.

Jeffrey S. Robins
 jeffrey.robins@usdoj.gov
Aaron S. Goldsmith
 aaron.goldsmith@usdoj.gov
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

/s/ Nathaniel L. Bach

EXHIBIT B

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Daniel Ramirez Medina,

                Plaintiff,

        v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,

                Defendants.

CASE NO. 2:17-CV-00218-RSM-JPD

**PLAINTIFF'S FIRST SET OF REQUESTS**
**FOR ADMISSION**

Pursuant to the Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Daniel Ramirez Medina propounds the following Requests for Admission to Defendants U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, and U.S. Citizenship and Immigration Services, each of which is to be answered fully, separately, in writing, and under oath, within thirty (30) days of service.

## DEFINITIONS

For purposes of these Requests, the following words will have the meaning indicated below:

1. "COMMUNICATED" means participated in or was a party to any conversation, discussion, letter, meeting, memoranda, note or other transfer of information, whether written or oral, or by any other means, including, without limitation, telegram, telex, electronic mail, instant message, text message or other electronic format electronically, and includes any document which abstracts, digests, transcribes or records any such communications.

2. "DACA" means the Deferred Action for Childhood Arrivals program established on June 15, 2012, in a memorandum by then-Secretary of Homeland Security Janet Napolitano.

3. "DHS" means Defendant U.S. Department of Homeland Security, including all its various components, subdivisions, agencies, and other subordinate entities.

4. "DOCUMENT" means any record or communication (including any electronically stored information) that would be considered a document within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

5. "ICE" means Defendant U.S. Immigration and Customs Enforcement.

6. "MEMBER OF THE MEDIA" means a reporter, journalist, editor, columnist, writer, blogger, producer, fact-checker or other individual involved in writing, editing, and/or producing news or opinion content for a newspaper, website (including blogs), television or radio station or network, or wire service.

7. "PLAINTIFF" means Plaintiff Daniel Ramirez Medina.

8. "USCIS" means Defendant U.S. Citizenship and Immigration Services.

9.      "You" or "your" refers to DHS, including your personnel, be they affiliated with ICE, USCIS, or any other DHS component, subdivision, agency, and other subordinate entity, and including your contractors and their personnel.

10.     The terms "and" and "or" shall be construed in the inclusive sense, either disjunctively or conjunctively, as necessary to bring within the scope of this request any information that may otherwise be construed to be outside its scope.  The term "each" includes "every" and vice versa. The terms "a," "an," and "any" include "all," and "all" includes "a," "an," and "any."

## INSTRUCTIONS

1.      The answer shall specifically admit or deny each Request or subpart thereof, or if any Request or subpart thereof cannot be admitted or denied, set forth in detail the reasons for the inability to answer that Request or subpart thereof, and the efforts made to supply a complete answer.

2.      In a case where lack of information or knowledge is asserted as a reason for failure to admit or deny a Request or subpart thereof, state in detail the efforts made to supply an answer.

3.      Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the matters for which admissions are requested will be deemed admitted unless a written and signed response is received within thirty (30) days from the date of service hereof.

4.      The wording of any Request does not constitute an admission of what the facts or evidence will ultimately show.

5.      If, in response to any Request or subpart to any Request, you assert that the answer can be found, in whole or in part, in the answer to another Request, please state the number of the Request or Requests where the answer may be found and, where applicable, the subpart(s) where the answer may be found.  Also, state whether the Request or Requests referred to as containing the answer have the full and complete answer, and if not, supply the balance of the answer pursuant to the Federal Rules of Civil Procedure and these Instructions.

6.      Requests that cannot be answered in full shall be answered as completely as possible, and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer and of whatever knowledge, information, or belief is possessed with respect to each unanswered or incompletely answered Request.  Incomplete answers shall be

accompanied by a statement of the names, business and residential addresses, and telephone numbers of the persons whom you believe to be in control of the complete information requested.

7.      Each Request is to be continuing.  If after serving an answer to any Request, you obtain or become aware of any further information pertaining to that Request, you are requested to serve a supplemental answer setting forth such information.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**

Admit that, in order to apply for DACA, an applicant must submit extensive documentation establishing that he or she meets the criteria and undergo a thorough background check, in which DHS reviews the applicant's biometric and biographic information against a variety of databases maintained by DHS and other federal government agencies.

**REQUEST FOR ADMISSION NO. 2**

Admit that individuals granted deferred action under the DACA program have been determined by the government not to pose a threat to national security or public safety.

**REQUEST FOR ADMISSION NO. 3**

Admit that Plaintiff applied for and received DACA status in 2014.

**REQUEST FOR ADMISSION NO. 4**

Admit that, in 2015, USCIS conducted an additional screening of all individuals granted deferred action under DACA—including Plaintiff—to identify records that contained information indicating known or suspected gang association.

**REQUEST FOR ADMISSION NO. 5**

Admit that, as a result of the additional screening in 2015, USCIS found no records that contained information indicating that Plaintiff had any known or suspected gang association.

**REQUEST FOR ADMISSION NO. 6**

Admit that Plaintiff reapplied for and received renewed DACA status in 2016.

**REQUEST FOR ADMISSION NO. 7**

Admit that DHS has confirmed that Plaintiff does not pose a threat to national security or public safety on three separate occasions:

      a.  First, in 2014, when Plaintiff applied for and received DACA status;

      b.  Second, in 2015, when USCIS conducted an additional screening of all DACA beneficiaries and found no records that contained information indicating that Plaintiff had any known or suspected gang association;

      c.  Third, in 2016, when Plaintiff reapplied for and received renewed DACA status.

**REQUEST FOR ADMISSION NO. 8**

Admit that individuals who are granted deferred action pursuant to the DACA program are eligible to receive certain benefits—including, work authorization, public benefits such as Social Security, retirement, and disability (and, in some states, including Washington, unemployment insurance, financial aid, and food assistance), and the ability to travel abroad under certain circumstances—that would not otherwise be available to them.

**REQUEST FOR ADMISSION NO. 9**

Admit that Plaintiff received certain benefits as a DACA recipient, including work authorization, that would not otherwise have been available to him.

**REQUEST FOR ADMISSION NO. 10**

Admit that Plaintiff was promised by the federal government that he would be protected from arrest or detention based solely on his immigration status during the time period that his deferred action was in effect.

**REQUEST FOR ADMISSION NO. 11**

Admit that on February 10, 2017, Plaintiff was arrested based solely on the fact that he was born in Mexico.

**REQUEST FOR ADMISSION NO. 12**

Admit that beginning on February 10, 2017, Plaintiff was detained for 47 days based solely on the fact that he was born in Mexico.

**REQUEST FOR ADMISSION NO. 13**

Admit that on February 10, 2017, Plaintiff had DACA status, was authorized to work in the United States, and had no criminal history.

**REQUEST FOR ADMISSION NO. 14**

Admit that on February 10, 2017, ICE agents confiscated Plaintiff's work permit, which was marked with a "C33" designation that identified him as a DACA recipient with work authorization.

**REQUEST FOR ADMISSION NO. 15**

Admit that on February 10, 2017, ICE agents fingerprinted Plaintiff and used this information to access his records, which revealed that Plaintiff had no criminal history, had twice been granted DACA status, had DACA status currently in effect, and possessed valid employment authorization through May 4, 2018.

**REQUEST FOR ADMISSION NO. 16**

Admit that the ICE Officers who arrested and detained Plaintiff on February 10, 2017, were aware that Plaintiff had DACA status, was authorized to work in the United States, and had no criminal history.

**REQUEST FOR ADMISSION NO. 17**

Admit that Plaintiff was not affiliated with a gang on February 10, 2017, at any point before that date, or at any point thereafter.

**REQUEST FOR ADMISSION NO. 18**

Admit that you have access to both local, state, and national databases regarding gang affiliation.

**REQUEST FOR ADMISSION NO. 19**

Admit that you have no information to establish that Plaintiff is or ever was affiliated with a gang.

**REQUEST FOR ADMISSION NO. 20**

Admit that you have access to both local, state, and national databases regarding gang tattoos.

**REQUEST FOR ADMISSION NO. 21**

Admit that you have no information to establish that Plaintiff's tattoo is affiliated with a gang.

**REQUEST FOR ADMISSION NO. 22**

Admit that, prior to revoking an individual's DACA status, you are required to provide a "Notice of Intent to Terminate" which thoroughly explains the grounds for the proposed termination of DACA, unless there is an "Egregious Public Safety Concern."

**REQUEST FOR ADMISSION NO. 23**

Admit that individuals served with a "Notice of Intent to Terminate" DACA status are to be afforded "33 days to file a brief or statement contesting the grounds cited in the Notice of Intent to Terminate" prior to termination of their DACA status, unless there is an "Egregious Public Safety Concern."

**REQUEST FOR ADMISSION NO. 24**

Admit that Plaintiff posed no "Egregious Public Safety Concern" on February 10, 2017, or at any time thereafter.

**REQUEST FOR ADMISSION NO. 25**

Admit that you did not provide Plaintiff with a Notice of Intent to Terminate prior to revoking his DACA status.

**REQUEST FOR ADMISSION NO. 26**

Admit that Plaintiff was not afforded "33 days to file a brief or statement" prior to termination of his DACA status.

**REQUEST FOR ADMISSION NO. 27**

Admit that, pursuant to ICE's prosecutorial discretion checklist, when ICE agents consider whether to arrest or remove an individual who may be eligible for DACA, if the only basis for ineligibility is an alleged threat to national security or public safety, the ICE agents are required to consult with the ICE Office of Chief Counsel.

**REQUEST FOR ADMISSION NO. 28**

Admit that the ICE agents who arrested Plaintiff on February 10, 2017 failed to consult with the Office of Chief Counsel for further review, as is required where a purported threat to national security or public safety is the reason for DACA ineligibility.

1  **REQUEST FOR ADMISSION NO. 29**

2  Admit that Plaintiff posed no threat to national security or public safety on February 10, 2017,

3  or at any time thereafter.

4  **REQUEST FOR ADMISSION NO. 30**

5  Admit that you told members of the media that Plaintiff is affiliated with a gang.

6  **REQUEST FOR ADMISSION NO. 31**

7  Admit that when Plaintiff was put in detention, he was labeled forced to wear an orange

8  jumpsuit signifying a higher security classification, and housed with known gang members.

9  **REQUEST FOR ADMISSION NO. 32**

10  Admit that when Plaintiff was put in detention, you had no support for the assertion that

11  Plaintiff was affiliated with a gang or was otherwise a public safety risk.

12  DATED:  February 14, 2018

13  Seattle, Washington

14

15  /s/ Theodore J. Boutrous, Jr.
    GIBSON, DUNN & CRUTCHER LLP
    THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*

16  ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
    KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*

17  NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
    JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*

18
    /s/ Mark D. Rosenbaum

19  PUBLIC COUNSEL
    MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*

20  JUDY LONDON (CA SBN 149431), *pro hac vice*
    KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*

21  ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
    ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*

22
    /s/ Luis Cortes Romero

23  BARRERA LEGAL GROUP, PLLC
    LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*

24  JOHN C. BARRERA (SBN 47658), *pro hac vice*
    JOSE GARCIA (SBN 46518), *pro hac vice*

25  Attorneys for Plaintiff

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2018, I served the foregoing document on the following by electronic mail and overnight UPS.

Jeffrey S. Robins
 jeffrey.robins@usdoj.gov
Aaron S. Goldsmith
 aaron.goldsmith@usdoj.gov
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

/s/ Nathaniel L. Bach_____

EXHIBIT C

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

|  |  |
|---|---|
| Daniel Ramirez Medina,<br><br>     Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>     Defendants. | CASE NO. 2:17-CV-00218-RSM-JPD<br><br>**NOTICE OF DEPOSITION OF ERNESTO SAN MIGUEL** |

1    PLEASE TAKE NOTICE that pursuant to Rule 30(b)(1) of the Federal Rules of Civil

2  Procedure, Plaintiff Daniel Ramirez Medina, by his undersigned attorneys, will take the deposition

3  upon oral examination of Ernesto San Miguel. The deposition will take place at 615 Second Ave.,

4  Suite 400, Seattle, Washington 98104, commencing on March 1, 2018, at 9:30 a.m.

5    The deposition will take place before a court reporter or other persons authorized to

6  administer oaths, and will be conducted from day to day until completed, in accordance with the

7  Federal Rules of Civil Procedure and applicable Orders of this Court.  The deposition will be

8  recorded stenographically and will also be recorded by videotape and audiotape.

9

10  DATED:  February 14, 2018

    Seattle, Washington

11

12    Respectfully submitted,

13    /s/ Theodore J. Boutrous, Jr.

14    GIBSON, DUNN & CRUTCHER LLP
      THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*

15    ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
      KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*

16    NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
      JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*

17    /s/ Mark D. Rosenbaum

18    PUBLIC COUNSEL
      MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*

19    JUDY LONDON (CA SBN 149431), *pro hac vice*
      KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*

20    ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
      ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*

21

22    /s/ Luis Cortes Romero
      BARRERA LEGAL GROUP, PLLC
      LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*

23    JOHN C. BARRERA (SBN 47658), *pro hac vice*
      JOSE GARCIA (SBN 46518), *pro hac vice*

24

25    Attorneys for Plaintiff

26

27

28

NOTICE OF DEPOSITION OF ERNESTO SAN MIGUEL
Case No. 2:17-cv-00218-RSM-JPD

1

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2018, I served the foregoing document on the following

by electronic mail and overnight UPS.

Jeffrey S. Robins
jeffrey.robins@usdoj.gov
Aaron S. Goldsmith
aaron.goldsmith@usdoj.gov
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

/s/ Nathaniel L. Bach_____

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

11

CASE NO. 2:17-CV-00218-RSM-JPD

12

Daniel Ramirez Medina,

**NOTICE OF DEPOSITION OF
KATHLYN LAWRENCE**

13

Plaintiff,

14

v.

15

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,

16

17

Defendants.

18

19

20

21

22

23

24

25

26

27

28

1    PLEASE TAKE NOTICE that pursuant to Rule 30(b)(1) of the Federal Rules of Civil

2    Procedure, Plaintiff Daniel Ramirez Medina, by his undersigned attorneys, will take the deposition

3    upon oral examination of Kathlyn Lawrence. The deposition will take place at 615 Second Ave.,

4    Suite 400, Seattle, Washington 98104, commencing on March 2, 2018, at 9:30 a.m.

5    The deposition will take place before a court reporter or other persons authorized to

6    administer oaths, and will be conducted from day to day until completed, in accordance with the

7    Federal Rules of Civil Procedure and applicable Orders of this Court.  The deposition will be

8    recorded stenographically and will also be recorded by videotape and audiotape.

DATED:  February 14, 2018

Seattle, Washington

Respectfully submitted,

/s/ Theodore J. Boutrous, Jr.
GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*

/s/ Mark D. Rosenbaum
PUBLIC COUNSEL
MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
JUDY LONDON (CA SBN 149431), *pro hac vice*
KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*

/s/ Luis Cortes Romero
BARRERA LEGAL GROUP, PLLC
LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*
JOHN C. BARRERA (SBN 47658), *pro hac vice*
JOSE GARCIA (SBN 46518), *pro hac vice*

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2018, I served the foregoing document on the following by electronic mail and overnight UPS.

Jeffrey S. Robins
jeffrey.robins@usdoj.gov
Aaron S. Goldsmith
aaron.goldsmith@usdoj.gov
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

/s/ Nathaniel L. Bach_____

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

11

CASE NO. 2:17-CV-00218-RSM-JPD

12

Daniel Ramirez Medina,

**NOTICE OF DEPOSITION OF**
**LANCE HERNANDEZ**

13

Plaintiff,

14

v.

15

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,

16

17

Defendants.

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF LANCE HERNANDEZ
Case No. 2:17-cv-00218-RSM-JPD

1    PLEASE TAKE NOTICE that pursuant to Rule 30(b)(1) of the Federal Rules of Civil

2  Procedure, Plaintiff Daniel Ramirez Medina, by his undersigned attorneys, will take the deposition

3  upon oral examination of Lance Hernandez. The deposition will take place at 615 Second Ave., Suite

4  400, Seattle, Washington 98104, commencing on February 28, 2018, at 9:30 a.m.

5    The deposition will take place before a court reporter or other persons authorized to

6  administer oaths, and will be conducted from day to day until completed, in accordance with the

7  Federal Rules of Civil Procedure and applicable Orders of this Court.  The deposition will be

8  recorded stenographically and will also be recorded by videotape and audiotape.

9
10  DATED:  February 14, 2018

    Seattle, Washington
11

12        Respectfully submitted,

13        /s/ Theodore J. Boutrous, Jr.
          GIBSON, DUNN & CRUTCHER LLP
14        THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
          ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
15        KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
          NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
16        JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*

17        /s/ Mark D. Rosenbaum
          PUBLIC COUNSEL
18        MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
          JUDY LONDON (CA SBN 149431), *pro hac vice*
19        KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
          ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
20        ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*

21        /s/ Luis Cortes Romero
          BARRERA LEGAL GROUP, PLLC
22        LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*
          JOHN C. BARRERA (SBN 47658), *pro hac vice*
23        JOSE GARCIA (SBN 46518), *pro hac vice*

24
          Attorneys for Plaintiff
25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2018, I served the foregoing document on the following by electronic mail and overnight UPS.

Jeffrey S. Robins
 jeffrey.robins@usdoj.gov
Aaron S. Goldsmith
 aaron.goldsmith@usdoj.gov
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

/s/ Nathaniel L. Bach_____

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9

10

11

CASE NO. 2:17-CV-00218-RSM-JPD

12

Daniel Ramirez Medina,

**NOTICE OF DEPOSITION OF**
**MATTHEW E. HICKS**

13

Plaintiff,

14

v.

15

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,

16

17

18

Defendants.

19

20

21

22

23

24

25

26

27

28

1

2

3

4

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Daniel Ramirez Medina, by his undersigned attorneys, will take the deposition upon oral examination of Matthew E. Hicks. The deposition will take place at 615 Second Ave., Suite 400, Seattle, Washington 98104, commencing on February 26, 2018, at 9:30 a.m.

5

6

7

8

The deposition will take place before a court reporter or other persons authorized to administer oaths, and will be conducted from day to day until completed, in accordance with the Federal Rules of Civil Procedure and applicable Orders of this Court.  The deposition will be recorded stenographically and will also be recorded by videotape and audiotape.

9

10

11

DATED:  February 14, 2018

Seattle, Washington

12

Respectfully submitted,

13

14

15

16

/s/ Theodore J. Boutrous, Jr.
GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*

17

18

19

20

/s/ Mark D. Rosenbaum
PUBLIC COUNSEL
MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
JUDY LONDON (CA SBN 149431), *pro hac vice*
KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*

21

22

23

/s/ Luis Cortes Romero
BARRERA LEGAL GROUP, PLLC
LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*
JOHN C. BARRERA (SBN 47658), *pro hac vice*
JOSE GARCIA (SBN 46518), *pro hac vice*

24

25

Attorneys for Plaintiff

26

27

28

NOTICE OF DEPOSITION OF MATTHEW E. HICKS
Case No. 2:17-cv-00218-RSM-JPD

1

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2018, I served the foregoing document on the following by electronic mail and overnight UPS.

Jeffrey S. Robins
 jeffrey.robins@usdoj.gov
Aaron S. Goldsmith
 aaron.goldsmith@usdoj.gov
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

/s/ Nathaniel L. Bach_____

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

11

12

13

14

15

16

17

18

Daniel Ramirez Medina,

               Plaintiff,

          v.

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,

              Defendants.

CASE NO. 2:17-CV-00218-RSM-JPD

**NOTICE OF DEPOSITION OF**
**MICHAEL MELENDEZ**

19

20

21

22

23

24

25

26

27

28

1    PLEASE TAKE NOTICE that pursuant to Rule 30(b)(1) of the Federal Rules of Civil

2  Procedure, Plaintiff Daniel Ramirez Medina, by his undersigned attorneys, will take the deposition

3  upon oral examination of Michael Melendez. The deposition will take place at 615 Second Ave.,

4  Suite 400, Seattle, Washington 98104, commencing on March 5, 2018, at 9:30 a.m.

5    The deposition will take place before a court reporter or other persons authorized to

6  administer oaths, and will be conducted from day to day until completed, in accordance with the

7  Federal Rules of Civil Procedure and applicable Orders of this Court.  The deposition will be

8  recorded stenographically and will also be recorded by videotape and audiotape.

9

10  DATED:  February 14, 2018

    Seattle, Washington

11

12    Respectfully submitted,

13    /s/ Theodore J. Boutrous, Jr.
14    GIBSON, DUNN & CRUTCHER LLP
      THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
15    ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
      KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
16    NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
      JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*
17
      /s/ Mark D. Rosenbaum
18    PUBLIC COUNSEL
      MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
19    JUDY LONDON (CA SBN 149431), *pro hac vice*
      KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
20    ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
      ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*
21
      /s/ Luis Cortes Romero
22    BARRERA LEGAL GROUP, PLLC
      LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*
23    JOHN C. BARRERA (SBN 47658), *pro hac vice*
      JOSE GARCIA (SBN 46518), *pro hac vice*
24

25    Attorneys for Plaintiff

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2018, I served the foregoing document on the following by electronic mail and overnight UPS.

Jeffrey S. Robins
jeffrey.robins@usdoj.gov
Aaron S. Goldsmith
aaron.goldsmith@usdoj.gov
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

/s/ Nathaniel L. Bach_____

NOTICE OF DEPOSITION OF MICHAEL MELENDEZ
Case No. 2:17-cv-00218-RSM-JPD

2

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

11

CASE NO. 2:17-CV-00218-RSM-JPD

12

Daniel Ramirez Medina,

**NOTICE OF DEPOSITION OF**
**TAULA PETER**

Plaintiff,

13

14

v.

15

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,

16

17

Defendants.

18

19

20

21

22

23

24

25

26

27

28

1      PLEASE TAKE NOTICE that pursuant to Rule 30(b)(1) of the Federal Rules of Civil

2   Procedure, Plaintiff Daniel Ramirez Medina, by his undersigned attorneys, will take the deposition

3   upon oral examination of Taula Peter. The deposition will take place at 615 Second Ave., Suite 400,

4   Seattle, Washington 98104, commencing on February 27, 2018, at 9:30 a.m.

5      The deposition will take place before a court reporter or other persons authorized to

6   administer oaths, and will be conducted from day to day until completed, in accordance with the

7   Federal Rules of Civil Procedure and applicable Orders of this Court.  The deposition will be

8   recorded stenographically and will also be recorded by videotape and audiotape.

9
    DATED:  February 14, 2018
10
    Seattle, Washington
11

12      Respectfully submitted,

13      /s/ Theodore J. Boutrous, Jr.
14      GIBSON, DUNN & CRUTCHER LLP
        THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
15      ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
        KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
16      NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*
        JESSE S. GABRIEL (CA SBN 263137), *pro hac vice*
17
        /s/ Mark D. Rosenbaum
18      PUBLIC COUNSEL
        MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
19      JUDY LONDON (CA SBN 149431), *pro hac vice*
        KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
20      ANNE M. HUDSON-PRICE (CA SBN 295930), *pro hac vice*
        ELIZABETH HADAWAY (CA SBN 308800), *pro hac vice*
21
        /s/ Luis Cortes Romero
22      BARRERA LEGAL GROUP, PLLC
        LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*
23      JOHN C. BARRERA (SBN 47658), *pro hac vice*
        JOSE GARCIA (SBN 46518), *pro hac vice*
24

25      Attorneys for Plaintiff

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2018, I served the foregoing document on the following by electronic mail and overnight UPS.

Jeffrey S. Robins
 jeffrey.robins@usdoj.gov
Aaron S. Goldsmith
 aaron.goldsmith@usdoj.gov
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

/s/ Nathaniel L. Bach_____

EXHIBIT D

| From: | Bach, Nathaniel L. |
|---|---|
| To: | Robins, Jeffrey (CIV) |
| Cc: | Goldsmith, Aaron (CIV); Dettmer, Ethan; Mark Rosenbaum; Luis Cortes (lcortes@barreralegal.com); Marquart, Katie; Walker, James (CIV) |
| Subject: | RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.) |
| Date: | Friday, February 23, 2018 5:46:02 PM |

Jeff,

Thanks for your email.  As for the briefing schedule, we agree that a submission pursuant to LR 37(a)(2) is appropriate, and propose delivering to you on or about March 14 our submission setting forth the basis to supplement the administrative record or to allow additional discovery related to Plaintiff's APA claims.  Following delivery of that submission, the timing of LR 37(a)(2) would run as usual.  If Defendants intend to move for a protective order on any basis, we suggest that such a motion be combined in the same LR 37 submission, with Defendants' delivering to us your opening submission following our delivery of Plaintiff's submission.

As to your position that discovery is not timely as to the constitutional and declaratory relief claims because the Rule 26(f) conference has not yet occurred, we disagree on the basis that no such conference is required pursuant to Rule 26(d)(1), which states "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)," and this is such an exempted proceeding. Let us know if you still intend to move for a protective order on this or any other basis, notwithstanding subdivision 26(d)(1).

I can confirm that we have agreed to continue the noticed depositions.  If you still intend to move for a protective order on the constitutional and declaratory relief claims, we will agree to continue Defendants' response dates on the served RFPs and RFAs until after the Court has ruled; however, if you agree that discovery is timely under Rule 26(d)(1) and do not intend to challenge its timeliness via a protective order, then we can discuss further an appropriate timeframe for Defendants' responses.

Thanks, and regards,

Nat

**Nathaniel L. Bach**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787 • Bio
NBach@gibsondunn.com • www.gibsondunn.com

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Friday, February 23, 2018 12:03 PM

**To:** Bach, Nathaniel L. <NBach@gibsondunn.com>
**Cc:** Goldsmith, Aaron (CIV) <Aaron.Goldsmith@usdoj.gov>; Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum <mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>; Walker, James (CIV) <James.Walker3@usdoj.gov>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Nat,

I'm following up on our initial meet and confer, held on February 21, 2018, regarding the Government's intent to file a motion for a protective order in response to the discovery requests and deposition notices served on the Government by email late on February 14, 2018.

During the course of the meet and confer, Defendants explained why no discovery is appropriate. You identified reasons that you thought discovery was appropriate, but acknowledged that Plaintiff has not filed a motion for discovery to supplement the administrative record, and indicated you would go back and look at the parameters of Rule 26 as it applied to your statement that discovery would be appropriate under separate Constitutional and Declaratory Judgment claims, but would not be subject to scheduling order and Rule 26(f) requirements.

We spoke generally about the possibility of resolving the parties' disagreements using an agreed briefing schedule or the Court's Rule 37-1 joint motion process. Further, while you did not agree to withdraw your discovery requests or deposition notices, you agreed that there would be no depositions at this time, agreed that deposition notices would be continued, and were willingness to come to an agreement regarding the extension of the deadline for Defendants to respond to any discovery related to a ruling from the Court on these discovery questions. At your prompting, Defendants clarified that we oppose conducting any depositions until the Court has had an opportunity to rule on Defendants' intended protective order or any alternative briefing the parties agree to.

You indicated you would confer with your team and get back to us today with your thoughts.  We look forward to your response and to agreeing on a briefing schedule and dates regarding your discovery requests that are sufficient to accommodate the Court ruling on the briefing we will put forward.

Thanks,

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Tuesday, February 20, 2018 9:17 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Goldsmith, Aaron (CIV) <AGoldsmi@civ.usdoj.gov>; Dettmer, Ethan
<EDettmer@gibsondunn.com>; Mark Rosenbaum <mrosenbaum@publiccounsel.org>; Luis Cortes
(lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie
<KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Ok, I'll send a dial in for 11:30am ET.

**Nathaniel L. Bach**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787
NBach@gibsondunn.com • www.gibsondunn.com

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Tuesday, February 20, 2018 9:52 AM
**To:** Bach, Nathaniel L. <NBach@gibsondunn.com>
**Cc:** Goldsmith, Aaron (CIV) <Aaron.Goldsmith@usdoj.gov>; Dettmer, Ethan
<EDettmer@gibsondunn.com>; Mark Rosenbaum <mrosenbaum@publiccounsel.org>; Luis Cortes
(lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie
<KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Nat, that works for us. 10:30 or 11:30 is best.

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Monday, February 19, 2018 6:18 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>
**Cc:** Goldsmith, Aaron (CIV) <AGoldsmi@civ.usdoj.gov>; Dettmer, Ethan
<EDettmer@gibsondunn.com>; Mark Rosenbaum <mrosenbaum@publiccounsel.org>; Luis Cortes
(lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie
<KMarquart@gibsondunn.com>

**Subject:** Re: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Jeff, are you available for the call on Wednesday morning, between 10:30-noon ET?

Nat

**Nathaniel L. Bach**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Fax +1 213.229.6241
NBach@gibsondunn.com • www.gibsondunn.com

On Feb 16, 2018, at 11:11 AM, Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov> wrote:

Nat,

Defendants' position is that no discovery is appropriate in this APA action, which is reviewed on the administrative record already before the court.

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Friday, February 16, 2018 1:53 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>; Goldsmith, Aaron (CIV)
<AGoldsmi@civ.usdoj.gov>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum
<mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com)
<lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Jeff,

I will check on our side's availability for a call, but it would make that meet and confer more productive to know in advance the basis on which you will be seeking a protective order, including any case law that you believe supports that motion.  If you can send that to us today, then we can probably find a time on Tuesday to discuss.  Best,

Nat

**Nathaniel L. Bach**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787
NBach@gibsondunn.com • www.gibsondunn.com

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Friday, February 16, 2018 10:34 AM
**To:** Bach, Nathaniel L. <NBach@gibsondunn.com>; Goldsmith, Aaron (CIV)
<Aaron.Goldsmith@usdoj.gov>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum
<mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com)
<lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Mr. Bach,

I confirm receipt of your email, discovery requests, and deposition notices. Please let me know your availability on Tuesday, February 20, 2018, for a call to meet and confer regarding Defendants' intended motion for a protective order from all the discovery you seek.

As part of that call we would be happy to discuss our request that you withdraw the notices of deposition until the Court has ruled on Defendants' motion for a protective order, and Defendants' conflicts that make pursuit of the depositions that you have noticed unreasonable.

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Wednesday, February 14, 2018 7:33 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>; Goldsmith, Aaron (CIV)
<AGoldsmi@civ.usdoj.gov>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum
<mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com)
<lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Counsel:  attached are service copies of Plaintiff's *First Set of Requests for Production*, *First Set of Requests for Admission*, and *Notices of Deposition* in the above captioned matter.  We are willing to discuss alternate, mutually agreeable days for the depositions; please contact me if you would like to discuss.

Sincerely,

Nat Bach

**Nathaniel L. Bach**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787
NBach@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

EXHIBIT E

| | |
|---|---|
| **From:** | Bach, Nathaniel L. |
| **To:** | Robins, Jeffrey (CIV) |
| **Cc:** | Walker, James (CIV); Dettmer, Ethan; Mark Rosenbaum (mrosenbaum@publiccounsel.org); Luis Cortes (lcortes@barreralegal.com); Marquart, Katie |
| **Subject:** | Re: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.) |
| **Date:** | Thursday, March 15, 2018 10:04:02 AM |

Yes, correct.

**Nathaniel L. Bach**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787
NBach@gibsondunn.com • www.gibsondunn.com

On Mar 15, 2018, at 9:55 AM, Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov> wrote:

Nat,

I'll follow up soon. And to confirm, we are in agreement that the dates to respond to your discovery requests are all extended pending further discussion?

Thanks,

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Thursday, March 15, 2018 12:51 PM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>; Walker, James (CIV) <jwalker2@CIV.USDOJ.GOV>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Jeff,

We continue to believe that discovery is warranted and appropriate in our case, at this juncture.

However, we agree it makes sense to table further discussion until there has been a determination regarding the *Inland Empire* order.  Once that has happened, please let us know your availability for a meet and confer call next week.

Thanks

**Nathaniel L. Bach**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787 • Bio
NBach@gibsondunn.com • www.gibsondunn.com

---

**From:** Robins, Jeffrey (CIV) [mailto:Jeffrey.Robins@usdoj.gov]
**Sent:** Wednesday, March 14, 2018 9:37 AM
**To:** Bach, Nathaniel L. <NBach@gibsondunn.com>; Walker, James (CIV) <James.Walker3@usdoj.gov>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Nat,

I have not heard back from you regarding our ongoing discussion regarding the timing of your discovery in this matter and your views regarding the propriety of continuing to pursue discovery in light of the class action certification.

In follow-up to our earlier discussions, to be clear, Defendants do not agree that your discovery requests are timely under Rule 26(d)(1), and for the reasons previously discussed. Given the back and forth we've had on this we want to confirm our agreement to continue Defendants' deadline to respond the your pending discovery requests until resolved by Court (or withdrawn), further discuss the schedule for doing so, and formalize that agreement by stipulation.

Further, as you may know, the parties in *Inland Empire* have sought a short extension from the Court, through tomorrow, to continue negotiations regarding possible modifications to that court's order – including the implementation timeline. I can talk in further detail once a further stipulation is filed by the parties tomorrow, but there will be greater certainty regarding Mr. Ramirez's claims via that injunction soon.

Thank you,

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Robins, Jeffrey (CIV)
**Sent:** Friday, March 02, 2018 8:21 AM
**To:** 'Bach, Nathaniel L.' <NBach@gibsondunn.com>; Walker, James (CIV)
<jwalker2@CIV.USDOJ.GOV>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum
(mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes
(lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie
<KMarquart@gibsondunn.com>
**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Nat,

Defendants continue to review the Central District of California's preliminary injunction and are
discussing how to proceed. Given the deadlines imposed by the preliminary injunction, I will follow
up with you next week with regard to Defendants' intended course of action.

I would also suggest that we reconvene then regarding your proposed briefing schedule regarding
your discovery requests, and ask whether you believe those requests are still appropriate in light of
the certification of the class?

Thanks,

Jeff

Jeffrey S. Robins
Assistant Director
Office of Immigration Litigation
District Court Section
(202) 616-1246

---

**From:** Bach, Nathaniel L. [mailto:NBach@gibsondunn.com]
**Sent:** Thursday, March 01, 2018 10:08 AM
**To:** Robins, Jeffrey (CIV) <jerobins@CIV.USDOJ.GOV>; Walker, James (CIV)
<jwalker2@CIV.USDOJ.GOV>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum
(mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes
(lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie
<KMarquart@gibsondunn.com>

**Subject:** RE: Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

*Jeff, following up on my email, please confirm that the government will be complying with the Order and restoring Mr. Ramirez Medina's DACA and EAD to their original date of expiration.  Thank you.*

**Nathaniel L. Bach**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787 • Bio
NBach@gibsondunn.com • www.gibsondunn.com

---

**From:** Bach, Nathaniel L.
**Sent:** Tuesday, February 27, 2018 11:23 PM
**To:** Robins, Jeffrey (CIV) <Jeffrey.Robins@usdoj.gov>; Walker, James (CIV) <James.Walker3@usdoj.gov>
**Cc:** Dettmer, Ethan <EDettmer@gibsondunn.com>; Mark Rosenbaum (mrosenbaum@publiccounsel.org) <mrosenbaum@publiccounsel.org>; Luis Cortes (lcortes@barreralegal.com) <lcortes@barreralegal.com>; Marquart, Katie <KMarquart@gibsondunn.com>
**Subject:** Ramirez Medina v. U.S. DHS, et al., Case No. 2:17-CV-00218 (W.D. Wa.)

Jeff:

As you know, on Monday, the district court in *Inland Empire – Immigrant Youth Collective et al. v. Nielsen*, Case No. 5:17-cv-02048 (C.D. Cal.), issued an Order Granting Plaintiffs' Motion for Class Certification and Granting Plaintiffs' Motion for Classwide Preliminary Injunction ("Order").  As the government stated in its opposition to Daniel Ramirez Medina's PI Motion, he is a member of the putative, now certified, class in that action.  As such, the Order requires, *inter alia*, that "Defendants immediately . . . restore [his] DACA and EAD[], subject to their original date of expiration."  (Order at 35.)

Therefore, please confirm that the government will comply with the Order and immediately restore Mr. Ramirez Medina's DACA and EAD to their original date of expiration and the timeframe on which such restoration will occur.

We look forward to your prompt response.  Sincerely,

Nat

**Nathaniel L. Bach**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7241 • Mobile +1 310.200.0787 • Bio
NBach@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

The Honorable Ricardo S. Martinez
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| Daniel Ramirez Medina, | CASE NO. 2:17-CV-00218-RSM-JPD |
| Plaintiff, | **[PROPOSED] ORDER RE** |
| v. | **PLAINTIFF'S MOTION TO COMPLETE THE ADMINISTRATIVE RECORD, AND** |
| U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | **DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| Defendants. | |

1         This matter comes before the Court on (1) Plaintiff's Motion to Complete the Administrative

2    Record as to his Administrative Procedure Act ("APA") Claims ("Plaintiff's Motion") and (2)

3    Defendants' Motion for a Protective Order regarding discovery as to Plaintiff's Constitutional Claim

4    ("Defendants' Motion"), IT IS ORDERED that:

5        1.  Plaintiff's Motion is [GRANTED / DENIED]; and

6        2.  Defendants' Motion is [GRANTED / DENIED].

7

8    Dated this ____ day of _____, 2018.

9
                                _____

10                                     THE HONORABLE RICARDO S. MARTINEZ
                                  CHIEF UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER RE DISCOVERY MOTIONS
Case No. 2:17-cv-00218-RSM-JPD

PRESENTED BY:

_/s/ Theodore J. Boutrous, Jr._
GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (CA SBN 132099), _pro hac vice_
ETHAN D. DETTMER (CA SBN 196046), _pro hac vice_
KATHERINE M. MARQUART (CA SBN 248043), _pro hac vice_
NATHANIEL L. BACH (CA SBN 246518), _pro hac vice_

_/s/ Mark D. Rosenbaum_
PUBLIC COUNSEL
MARK D. ROSENBAUM (CA SBN 59940), _pro hac vice_
JUDY LONDON (CA SBN 149431), _pro hac vice_
KATHRYN A. EIDMANN (CA SBN 268053), _pro hac vice_
ANNE M. HUDSON-PRICE (CA SBN 295930), _pro hac vice_
ELIZABETH HADAWAY (CA SBN 308800), _pro hac vice_

**_Attorneys for Plaintiff_**


CHAD A. READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director

_/s/ Jeffrey S. Robins_
JEFFREY S. ROBINS
Assistant Director
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 616-1246
Fax: (202) 305-7000
Email: jeffrey.robins@usdoj.gov

JAMES WALKER
Trial Attorney
U.S. Department of Justice
Civil Division

**_Attorneys for Defendants_**