UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RAMIREZ MEDINA,<br><br>Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OD HOMELAND SECURITY, *et al.*,<br><br>Respondents. | Case No. C17-0218RSM<br><br>ORDER DENYING IN PART PLAINTIFF'S MOTION TO COMPLETE ADMINISTRATIVE RECORD AND GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

THIS MATTER comes before the Court on Plaintiff's Motion to Complete the Administrative Record and Defendants' Motion for Protective Order. Dkt. #134. Plaintiff seeks to supplement the existing administrative record with additional evidence that he believes will "contextualize the government's behavior toward Mr. Ramirez and confirm just how baseless and malicious that behavior has been." Dkt. #134 at 4. Defendants oppose the motion and seek a protective order, arguing that this is a straightforward APA case and Plaintiff is not entitled to discovery. Dkt. #134 at 15. For the reasons discussed herein, the Court agrees in part with Defendant and DENIES IN PART the motion to complete the administrative record and GRANTS IN PART the motion for protective order.

Plaintiff acknowledges that "nothing further is needed for Plaintiff to prevail on his APA claims," but asserts that extra-record evidence is warranted in this matter. Dkt. #134. The Supreme Court has expressed a general rule that courts reviewing an agency decision are limited to the administrative record. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44, 84 L. Ed.

ORDER
PAGE - 1

2d 643, 105 S. Ct. 1598 (1985).  Likewise, the Ninth Circuit Court of Appeals has long held that "judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court."  *Southwest Ctr. For Biological Diversity v. United States Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996).  However, the Ninth Circuit has also crafted narrow exceptions to the general rule:

> In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith."
> . . .
> Though widely accepted, these exceptions are narrowly construed and applied.

*Lands Council v. Powell*, 395 F.3d 1019, 1028-1030 (9th Cir. 2005) (citations omitted).  Plaintiff asserts that he is entitled to discovery under the first, second and fourth exceptions.  Dkt. #134 at 4-6.

As an initial matter, Defendants acknowledge that the Notice of Intent to Terminate ("NOIT") references DHS email records that summarize Plaintiff's merits hearing in immigration court, and that they will supplement the administrative record with non-privileged documents.  Dkt. #134 at 9.  Thus, the Court will grant Plaintiff's motion to supplement to the extent it seeks those records, and deny Defendants' motion for protective order to the extent it would apply to those records.  Further, for the reasons set forth by Plaintiff, the Court finds it appropriate to supplement the record with all referenced and cited documents in the NOIT, including any documents that show consultations with ICE regarding the decision to cancel Plaintiff's DACA status and/or any decision to pursue Plaintiff's removal, and DHS records from the January 17,

ORDER
PAGE - 2

2018, immigration hearing/decision.  *See* Dkt. #134 at 11-12.  Accordingly, the Court will also grant Plaintiff's motion to supplement to the extent it seeks those records, and deny Defendants' motion for protective order to the extent it would apply to those records.

However, having reviewed the arguments set forth by both parties in the instant motions, the Court agrees with Defendants, for the reasons set forth in their briefing, that no other extra-record discovery is appropriate at this time.  *See* Dkt. #134.  Accordingly, except for those documents specified above, Defendants' motion for protective order will be granted.

Therefore, having reviewed the parties' motions, the oppositions thereto and replies in support thereof, along with the remainder of the record, the Court hereby ORDERS that:

1. Plaintiff's Motion to Complete the Administrative Record (Dkt. #134 at 1-14) is GRANTED IN PART and DENIED IN PART.  **No later than fourteen (14) days from the date of this Order** Defendants shall supplement the Administrative Record with the documents referenced in the NOIT, including email records that summarize Plaintiff's merits hearing in immigration court, any documents that show consultations with ICE regarding the decision to cancel Plaintiff's DACA status and/or any decision to pursue Plaintiff's removal, and DHS records from the January 17, 2018, immigration hearing/decision.

2. Defendants' Motion for Protective Order (Dkt. #134 at 15-24) is GRANTED IN PART AND DENIED IN PART as discussed above.

DATED this 4 day of September, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3