The Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RAMIREZ MEDINA,<br>           Plaintiff,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br>           Defendants. | Case No. 2:17-cv-00218-RSM-JPD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [DKT. NO. 140]** |

## INTRODUCTION

Plaintiff Daniel Ramirez Medina ("Plaintiff") seeks leave of Court to file a third amended complaint ("TAC") two years after originally commencing this action, nearly one year after the expiration of Plaintiff's reinstated Deferred Action for Childhood Arrivals ("DACA"), which the Court enjoined Defendants from terminating, and four months after U.S. Citizenship and Immigration Services ("USCIS") denied Plaintiff's request for renewal of his DACA in its discretion.

Opposition to Motion for Leave to File
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

1

This Court should deny Plaintiff's motion. First, Plaintiff's claims regarding USCIS's April 2018 Notice of Intent to Terminate are moot. Second, Plaintiff's challenge to USCIS's December 2018 denial is a challenge to a new final agency action that should be raised in a new proceeding and permitting amendment unduly prejudices Defendants, and third, Plaintiff's claims regarding USCIS's December 2018 denial are ultimately futile because the Court lacks jurisdiction over those claims.

## ARGUMENT

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although the rule should be interpreted with "extreme liberality," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), leave to amend is not granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A court should consider the following factors in determining whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party; and (5) whether the plaintiff has previously amended his complaint. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987).

Futility of amendment alone justifies the denial of a motion for leave to amend or supplement. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). If a proposed amended complaint cannot withstand a motion to dismiss, it should be denied as futile. *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. C12-1913-RSM, 2013 WL 6086311, at *4 (W.D. Wash. Nov. 18, 2013) (Martinez, J.).

Opposition to Motion for Leave to File
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

2

**I.      Plaintiff's Challenge to USCIS's April 2017 Notice of Intent to Terminate is Moot.[1]**

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (citation omitted). A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *See Knox v. SEIU*, Local 1000, 567 U.S. 298, 307–08 (2012) (citation and internal quotation marks omitted). An exception to the mootness doctrine exists where a court retains jurisdiction over a challenged action because the defendant voluntarily ceased the allegedly illegal conduct, but this exception does not apply where "'there is no reasonable expectation . . .' that the alleged violation will recur" and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (alteration in original) (*quoting United States v. W.T. Grant Co.*, 345 U.S. 629, 632-33 (1953)).

Here, the Court can grant no further relief to Plaintiff with regard to USCIS's April 2017 Notice of Intent to Terminate. The reinstated period of DACA that Defendants previously sought to terminate expired on the same day that the Court entered its injunction. *See* Preliminary Injunction Order, Dkt. No. 132 at 23, n.7. Accordingly, there is no further action that USCIS can take with regard to its previously intended termination of Plaintiff's DACA, and there is no basis for Plaintiff to assert additional claims with regard to USCIS's April 2017 Notice of Intent to Terminate.

---

[1] Defendants maintain that Defendants' April 2017 Notice of Intent to Terminate was not a final action, and that the Court's prior reliance on *Hata v. United States*, 23 F.3d 230, 233 (9th Cir. 1994), *see* Dkt. 132 at 14, is in error. The court there did not address the finality requirement of the Administrative Procedure Act, and only held that a particular statutory provision that prohibited judicial review did not also prohibit allegations of serious constitutional violations.

Opposition to Motion for Leave to File  
Third Amended Complaint  
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division  
Office of Immigration Litigation  
P.O. Box 868, Ben Franklin Station  
Washington, D.C. 20044  
(202) 616-1246

3

**II.     Plaintiffs are Required to File a New Action to Challenge a Separate Final Agency Action, and Amendment would Prejudice Defendants.**

This Court should follow other courts applying Ninth Circuit precedent to find that, where a new and separate final agency action will be based primarily on a new administrative record, the new challenge is a "separate, distinct and new cause of action," for which supplementation of a complaint is not properly allowed under Rule 15(d). *Ctr. for Biological Diversity v. Salazar,* No. CV 07-0038-PHX-MHM, 2010 WL 3924069, at *5 (D. Ariz. Sept. 30, 2010), citing *Western Watersheds Project v. United States Forrest Serv.*, Case No. CV-05-189 (D. Idaho), 2009 WL 3151121 at *2 ("It is clear that WWP takes issue with the supplemental analyses [the court ordered the Forest Service to preform]. But WWP's claims of statutory violations arising from the Forest Service's supplemental analyses are new claims appropriately raised in a new cause of action."); *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

Even if the Court disagrees that Rule 15(d) supplementation is the appropriate frame with which to view Plaintiff's motion, allowing Plaintiff's proposed TAC to challenge to a new administrative action prejudices Defendants for at least two reasons. First, Defendants must prepare and file a new administrative record for the December 2018 adjudication, and will only have 14 days to do so if the Court grants amendment. Second, potentially permitting Plaintiff to challenge two agency actions at the same time in the same proceeding, on two separate administrative records, would be confusing for both parties and the Court, and risks the Court considering evidence when assessing agency action that was not before the agency at the time of the decisions being challenged. Accordingly, this Court should deny Plaintiff's motion for leave to file a TAC.

Opposition to Motion for Leave to File
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

**III.    A Third Amended Complaint is Futile because the Court Lacks Jurisdiction Over USCIS's December 2018 Denial of Plaintiff's DACA Renewal Request.**

It is futile for the Court to permit Plaintiff to file a TAC because the Court lacks jurisdiction over USCIS's December 2018 denial of Plaintiff's DACA renewal request. Although the Court previously found jurisdiction over Plaintiff's challenges to the process surrounding the termination of his DACA, both before and after Plaintiff was given advance notice and an opportunity to respond, Plaintiff now challenges a different adjudication by Defendants – the denial of Plaintiff's DACA renewal request. Here, Plaintiff appears to seek to challenge Defendants' ultimate discretionary decision with regard to his DACA renewal request. Accordingly, the Court lacks jurisdiction over this new challenge in accord with this Court's earlier recognition that "[S]ection 1252(g) would strip this Court of jurisdiction to review" "the government's ultimate discretionary decision to terminate his DACA status." Dkt. No. 116 at 12 (citations omitted). A finding that the Court lacks jurisdiction is also wholly consistent with the Ninth Circuit's decision in *Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 504 (9th Cir. 2018) (finding that "individual 'no deferred action' decisions . . . fall exactly within Section 1252(g) as interpreted by the Court in *AADC*.").

In this regard, Plaintiff does not allege specific procedural violations with regard to the December 2018 decision. Rather, he alleges that the December 2018 decision was based on "insufficient grounds provided, which also violated the terms of the Preliminary Injunction Order and contradict Defendants' own internal records." Dkt. No. 140-1 at ¶ 93. Although Plaintiff alleges that USCIS's determination ran counter to the evidence before it, and that USCIS improperly determined that he was a "public safety concern" (although such language does not appear in USCIS's December 2018 decision), *id*. at ¶ 96, Plaintiff's challenge is nothing more

Opposition to Motion for Leave to File
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

5

than a challenge to how USCIS exercised its discretion. Although Plaintiff appears to allege a procedural violation with regard to the DACA Standard Operating Procedures' provisions with regard to USCIS's Background Check Unit, *see id.* at ¶ 100, Plaintiff's allegations are still insufficient to establish that the agency guidance in any way overrides the ultimate discretion of an adjudicator to deny a DACA renewal request. *See*, *e.g.*, DHS DACA FAQ, *available at* https://www.uscis.gov/archive/frequently-asked-questions (last visited April 8, 2019), at Q51: "USCIS retains the ultimate discretion to determine whether deferred action is appropriate in any given case even if the guidelines are met [when considering a renewal request]." Finally, Plaintiff's assertion that USCIS's denial of his renewal request is arbitrary and capricious because "99% of processed renewal requests are approved," also does nothing to undermine USCIS's discretionary authority recognized by the Ninth Circuit in *Regents*, as reflected in the 4,318 DACA renewal requests denied in FY2018, and 4,059 in FY 2017.  *See* Deferred Action for Childhood Arrivals (DACA) Quarterly Report Fiscal Year 2019, 1st Quarter, *available at* https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigration%20Forms%20Data/All%20Form%20Types/DACA/DACA_FY19_Q1_Data.pdf (last visited April 8, 2019). Accordingly, Plaintiff's challenges to USCIS's December 2018 denial of his DACA renewal request do not create a path to reviewability of USCIS's discretionary determination, the Court should deny Plaintiff's motion for leave to file a TAC as futile.

//

//

//

Opposition to Motion for Leave to File
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

## CONCLUSION

For all the aforementioned reasons, the Court should deny Plaintiff's motion for leave to file a TAC.

DATED: April 8, 2019                                Respectfully submitted,

JOSEPH H. HUNT                                      /s/ Jeffrey S. Robins
Assistant Attorney General                          JEFFREY S. ROBINS
                                                    Assistant Director
WILLIAM C. PEACHEY                                  U.S. Department of Justice
Director                                            Civil Division
                                                    Office of Immigration Litigation
                                                    District Court Section
                                                    P.O. Box 868, Ben Franklin Station
                                                    Washington, D.C. 20044
                                                    Phone: (202) 616-1246
                                                    Fax: (202) 305-7000
                                                    Email: jeffrey.robins@usdoj.gov

                                                    Attorneys for Defendants

Opposition to Motion for Leave to File
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document should automatically be served this day on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Jeffrey S. Robins*
Jeffrey S. Robins
Assistant Director
U.S. Department of Justice

Opposition to Motion for Leave to File
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-1246

8