The Honorable Ricardo S. Martinez
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DANIEL RAMIREZ MEDINA, | CASE NO. 2:17-CV-00218-RSM-JPD |
| Plaintiff, | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES. | Noted for Consideration: April 12, 2019 |
| Defendants. | |

Attorneys for Plaintiff
PUBLIC COUNSEL
MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
 mrosenbaum@publiccounsel.org
JUDY LONDON (CA SBN 149431), *pro hac vice*
 jlondon@publiccounsel.org
KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*
 keidmann@publiccounsel.org
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
 tboutrous@gibsondunn.com
KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
 kmarquart@gibsondunn.com
NATHANIEL L. BACH (CA SBN 246517), *pro hac vice*
 nbach@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
 edettmer@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

ERWIN CHEMERINSKY (DC SBN 289330; IL SBN 3122596), *pro hac vice*
 echemerinsky@law.berkeley.edu
University of California, Berkeley School of Law
*\*Affiliation for identification purposes only*
215 Boalt Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-6483

LEAH M. LITMAN (DC SBN 1016310), *pro hac vice*
 llitman@law.uci.edu
University of California, Irvine School of Law
*\*Affiliation for identification purposes only*
401 East Peltason Drive
Educ 1095
Irvine, CA 92697
Telephone: (949) 824-7722


LAURENCE H. TRIBE (MA SBN 126736; CA SBN 039441), *pro hac vice*
 larry@tribelaw.com
Harvard Law School
*\*Affiliation for identification purposes only*
1575 Massachusetts Avenue
Cambridge, MA 02138
Telephone: (617) 495-1767


ELIZABETH HAWKINS (SBN 43187)
 ehawkins@hawkinsimmigration.com
Hawkins Law Group
17544 Midvale Avenue, Suite 301
Shoreline, WA 98133
Telephone: (206) 728-4220
Facsimile: (206) 973-5326


IMMIGRANT ADVOCACY & LITIGATION CENTER, PLLC
LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*
 lcortes@ia-lc.com
19309 68th Avenue South, Suite R-102
Kent, WA 98032
Telephone: (253) 872-4730
Facsimile: (253) 237-1591


NORTHWEST IMMIGRANT RIGHTS PROJECT
MATT ADAMS (SBN 28287)
 matt@nwirp.org
615 Second Ave., Suite 400
Seattle, WA 98104
Telephone:  (206) 957-8611

Defendants' opposition brief tries to whitewash their history of abuse toward Mr. Ramirez, and avoid the consequences of their years-long campaign to unlawfully deny him DACA status. Defendants make three arguments for why amendment should be denied. Each fails. The federal policy favoring liberal amendment only underscores their failure.

*First*, nothing about Mr. Ramirez's claims is moot; to the contrary, unless and until the government ceases its vindictive and unlawful campaign to strip him of his DACA status, his claims challenging those efforts remain live controversies.

*Second*, neither law nor logic support Defendants' claim that Mr. Ramirez must bring a new and separate action to challenge the government's latest misconduct. To the contrary, Defendants' latest unlawful action against Mr. Ramirez is part of the same continued campaign: Defendants' history of granting, then renewing, then attempting three times to unlawfully strip his DACA is centrally relevant to this case. And it is vastly more efficient for the parties and the Court to permit amendment with this shared factual history. Defendants' argument that a new administrative record ("AR") is needed is a thinly veiled attempt to bury the damaging March 20, 2018 internal USCIS email that confirms Mr. Ramirez was "NOT" "a known or suspected gang member" nor "an EPS concern," Ex. A to TAC, Dkt. 140-1 at 46, even as the government told this Court the opposite. And Defendants' claim of supposed "prejudice"—that they will need to supplement the AR—is not supported, particularly compared to the prejudice to Mr. Ramirez from the government's actions.

*Third*, this Court has already rejected Defendants' claim that it lacks jurisdiction. Mr. Ramirez's Motion is the type of routine request for leave to amend that is freely granted, and this Court should permit the filing of the proposed TAC.

**A. The Claims in The Proposed TAC Are Not Moot.**

Defendants argue that Mr. Ramirez's claims are moot to the extent they are based on the government's misconduct in the April 2018 Notice of Intent to Terminate ("NOIT"). Opp. 3.[1] But that misconduct—issuing the NOIT based upon the lie that Mr. Ramirez is a gang member— underlies the Court's Preliminary Injunction Order under both the APA and the Due Process clause,

---

[1] Defendants erroneously refer to an "April 2017" NOIT. *Compare* Opp. 3, *with* Preliminary Injunction Order, Dkt. 133 at 6–7.

and is at the heart of the government's entire campaign against Mr. Ramirez. *See* Dkt. 133 at 19–21 ("Most troubling to the Court, is the continued assertion that Mr. Ramirez is gang-affiliated, despite providing no evidence . . . ."). Of course, the Preliminary Injunction Order remains in effect today, and will continue until "a final decision by this Court on the merits of [Mr. Ramirez's] claims." *Id.* at 23. Including these allegations in an amended pleading does not render any of Mr. Ramirez's claims moot, particularly where Defendants have violated an order premised on the NOIT.

Defendants' myopic focus on the April 2018 NOIT is yet another attempt to mischaracterize the relief Mr. Ramirez is seeking in this case. The Court has consistently rebuffed such efforts in the past. *See* Dkt. 133 at 14–15 (explaining how Defendants "misconstrue[] Plaintiff's request for relief in this action"); Order Denying Federal Agency Defendants' Motion to Dismiss ("MTD Order"), Dkt. 116 at 12–15 ("[N]one of the statutes relied upon by Defendants applies to the narrower issues presented in this case . . . ."). It should do so again here, as Defendants' misconduct—including their repeated wrongful characterization of Mr. Ramirez as a gang member and public safety threat, and their failure to follow their own policies—is not tied to a single agency action, but rather has infected the government's treatment of Mr. Ramirez since February 2017.

Indeed, the government admits in its opposition that an issue is not moot where the defendant has "voluntarily" ceased its misconduct. Opp. 3. All the more so here, where Defendants have done *nothing* "voluntarily" to correct their unlawful acts—it was not until this Court issued the Preliminary Injunction Order that they stopped falsely calling Mr. Ramirez a gang member, but even then they simply looked for new, but also unlawful, ways to deny Mr. Ramirez his DACA. Absent the Preliminary Injunction Order, there is nothing to suggest Defendants would not go back to leveling false accusations at Mr. Ramirez. These issues are therefore not moot. *See, e.g.*, *FTC v. Affordable Media*, 179 F.3d 1228, 1238 (9th Cir. 1999) (preliminary injunction was not moot where defendants "allege[d] nothing that would suggest that it [wa]s 'absolutely clear' that their wrongful activities [we]re not reasonably likely to recur").

Finally, Defendants' mootness argument is premature and bereft of authority under Rule 15. *See* Opp. 3. Rule 15(a)'s policy that "leave [to amend] shall be freely given" "is to be applied with

extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). Defendants' mootness argument is wrong, but in any event, the proper place for them to raise it is in a pleading challenge—not in opposition to this Motion.

**B. There Is No Reason to Fragment This Case.**

Defendants claim that Mr. Ramirez must file a new lawsuit to challenge the government's latest round of misconduct. Opp. 4. This argument is meritless. Defendants concede that this argument depends on first characterizing Mr. Ramirez's motion for leave to amend under Rule 15(a) as a motion for leave to supplement under Rule 15(d), and then analogizing to Rule 15(d) cases where *judgment had been entered* on the prior pleading. *See* Opp. 4 (citing *Ctr. for Biological Diversity v. Salazar*, 2010 WL 3924069, at *4 (D. Ariz. Sept. 30, 2010) ("[J]udgment has been entered, and the Plaintiffs' Complaint and this action have been dismissed."); and *W. Watersheds Project v. U.S. Forest Serv.*, 2009 WL 3151121, at *1 (D. Idaho Sept. 26, 2009) (noting court had ruled on all claims and case had been dismissed)).

Defendants cite no authority for their argument that Rule 15(d) governs here, but, in any event, there has been no *judgment* in this case; the Court has granted *preliminary* injunctive relief—an order that Defendants have violated. The Ninth Circuit's decision in *Planned Parenthood v. Neely*, upon which Defendants rely (at 4), is instructive here: the court there explained that even post-judgment motions to supplement under Rule 15(d) may be appropriate where "the actions of the defendants which the plaintiffs sought to challenge through supplemental pleading were alleged to be specific attempts by the defendants to contravene the courts' earlier rulings." 130 F.3d 400, 403 (9th Cir. 1997). That is what Mr. Ramirez alleges in the proposed TAC. *See* Dkt. 140-1 ¶¶ 83–86, 99, 114, 117, 123–24. Even if Rule 15(d) did apply instead of Rule 15(a), and even if there were a judgment in this case—neither of which is true—"supplementation" would therefore still be appropriate, even under Defendants' authorities.

Moreover, although stated in various terms, the guiding principles for both amendment and supplementation under Rules 15(a) and 15(d) are judicial efficiency and fairness. *See Eminence Capital*, 316 F.3d at 1052 (listing the *Foman* factors); *Planned Parenthood*, 130 F.3d at 402

("[J]udicial efficiency [is] the goal of Rule 15(d)."). And those goals are well-served by amendment here, as the proposed TAC relates to the same underlying facts, the same parties, the same regulations, and the same questions of law that were presented in the SAC. In fact, the TAC simply adds allegations and claims based on Defendants' most recent misconduct—misconduct that violates the Court's order premised on the SAC. The Court is already familiar with these issues. And since there is not yet a final judgment, this case will proceed in litigation regardless of whether amendment is granted. It would be decidedly *inefficient* to deny amendment and require Mr. Ramirez to file a new lawsuit that could potentially be heard by a different judge (which may be one of Defendants' other goals in making this argument).[2]

## C. Defendants Are Not Prejudiced by Amendment.

Defendants cannot seriously claim that they would suffer prejudice from amendment, yet try anyhow. They say they will be prejudiced by having to prepare a new AR if the Court grants leave to amend. *See* Opp. 4. But the government is not "prejudiced" by its statutory obligation to justify its administrative decisions. *See Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) ("Section 706 of the APA provides that judicial review of agency action shall be based on 'the whole record.'"); *Flores v. ICE*, 2018 WL 3032786, at *2 (W.D. Wash. June 19, 2018) ("[T]he prospect of additional expense in defending against the allegations does not of itself establish prejudice."). Such a claim of "prejudice" is especially hard to swallow in this case, where: (1) this litigation put Defendants on notice that their denial of Mr. Ramirez's renewal application would be subject to judicial review; (2) the current AR, including all supplements, is less than 270 pages long, the vast majority of which are the DACA SOP and court orders, *see* Dkts. 98, 99, 138; (3) Defendants would have to prepare such an AR even if Mr. Ramirez filed a separate case, as they urge; (4) Defendants have custody of all relevant documents and the resources of the federal government behind them; (5) Defendants have irreparably harmed Mr. Ramirez for all the reasons set forth in the Preliminary Injunction Order and supporting briefing; and (6) Defendants'

---

[2] Even if a new action were needed, it would be related to this action under LCR 3(g), because the two cases would "concern substantially the same parties, property, transaction, or event," and it would "appea[r] likely that there [would] be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges."

wrongful denial of Mr. Ramirez's DACA prevents him from freely living and working in the United States and caring for his U.S.-citizen son.  If Defendants did not want to burden themselves with defending their unlawful decision, they should not have wrongfully denied Mr. Ramirez's DACA renewal application in the first place.

Defendants also argue (without authority) that allowing Mr. Ramirez to challenge their latest misconduct in these proceedings "would be confusing for both parties and the Court."  Opp. 4.  This is not a serious argument.  *See Bray v. Sun Life & Health Ins. Co.*, 2010 WL 3341521, at *3 (D. Colo. Aug. 23, 2010) (defendant's argument that amendment would "confuse the court" with multiple administrative records was "unfounded").

Rather, it is plain what Defendants seek to accomplish by encouraging a separate action: Defendants want to bury the internal USCIS March 20, 2018 email that admitted "there is not sufficient evidence to conclude [Mr. Ramirez] is currently a known or suspected gang member," and "[t]here is NOT sufficient evidence to conclude [Mr. Ramirez] is an EPS concern."  Ex. A to TAC, Dkt. 140-1 at 46.  Defendants hope that by fragmenting this litigation into piecemeal administrative proceedings, they will be able to argue that the March 20 email (and indeed their entire past history of misconduct) is not actually part of the AR for the December 2018 denial of his renewal application.  The Court should reject Defendants' efforts.

**D. Defendants' Jurisdictional Attack Has Already Been Rejected by This Court and Also Is Inappropriate at This Stage.**

Finally, Defendants claim that amendment would be "futile" because the Court does not have jurisdiction to review their latest misconduct.  Opp. 5–6.  But this is the same argument that the Court considered and rejected when it denied Defendants' motion to dismiss the SAC.  *See* MTD Order at 12–15.  And, in any event, such an argument goes to the merits of Mr. Ramirez's claims and therefore does not provide a basis to deny amendment.  *See Sweaney v. Ada Cty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) ("A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.") (internal quotations omitted).  Moreover, the Court should apply the "law of the case" doctrine and reject Defendants' effort to rehash this failed argument.  *See Ferreira v. Borja*, 93 F.3d

1  671, 674 (9th Cir. 1996) ("[A] court that has decided that it has jurisdiction is not duty-bound to
2  entertain thereafter a series of repetitive motions to dismiss for lack of jurisdiction.").

3  As this Court has already recognized, § 1252(g) does not apply to Mr. Ramirez's claims,
4  because he "is challenging [Defendants'] non-discretionary actions" in their wrongful denial of his
5  DACA status by "alleg[ing] that Defendants did not follow their own internal policies and
6  procedures in taking such actions" and that Defendants violated the Constitution.  MTD Order at
7  12–15 (citing cases); *see also* Dkt 133 at 14–15 (rejecting Defendants' jurisdictional arguments
8  against the preliminary injunction).  And in issuing the Preliminary Injunction Order, the Court has
9  also found that Mr. Ramirez has pleaded not just plausible, but *likely meritorious* claims.

10  Attempting to avoid the Court's prior decisions, Defendants falsely assert that "Plaintiff does
11  not allege specific procedural violations with regard to the December 2018 decision," Opp. 5, yet on
12  the very next page admit that Mr. Ramirez *does* "allege a procedural violation with regard to the
13  DACA Standard Operating Procedures' provisions with regard to USCIS's Background Check
14  Unit," *id.* at 6.  Indeed, the proposed TAC alleges multiple ways in which Defendants violated the
15  DACA SOP's important procedural safeguards for ensuring the fair review of DACA applications
16  involving allegations of criminality or public safety issues.  TAC ¶¶ 93, 100.  Moreover, Defendants
17  ignore that the proposed TAC includes two constitutional claims and an equitable estoppel claim in
18  addition to Mr. Ramirez's statutory APA claim.  The Court has already determined that § 1252(g)
19  does not apply to Mr. Ramirez's challenges to nondiscretionary agency actions and his constitutional
20  claims, and Defendants' efforts to reraise this same issue fail.  *See Ferreira*, 93 F.3d at 674; *Peekay,*
21  *Inc. v. City of Lacey*, 2005 WL 1528961, at *4–6 (W.D. Wash. June 21, 2005) (applying law of the
22  case doctrine to previously decided issue in new context).[3]

23  \*   \*   \*

24  Because Defendants fail to provide any reason why leave to amend should not be granted,
25  the Court should grant Mr. Ramirez's routine request to file the TAC.

---

[3] Defendants find no support in their misreading of dicta contained in the *Regents* DACA rescission case, which does not hold that courts are powerless to consider APA or constitutional violations related to DACA determinations.  *See* Opp. 5 (citing *Regents of the Univ. of Cal. v. U.S. Dept. of Homeland Sec.*, 908 F.3d 476, 504 (9th Cir. 2018)).

REPLY IN SUPPORT OF MOTION FOR LEAVE TO  
FILE A THIRD AMENDED COMPLAINT  
Case No. 2:17-cv-00218-RSM-JPD

Counsel Listed on Pages I and II

Gibson, Dunn & Crutcher LLP

DATED: April 12, 2019

Seattle, Washington

Respectfully submitted,

*/s/ Theodore J. Boutrous, Jr.*
GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (CA SBN 132099), *pro hac vice*
ETHAN D. DETTMER (CA SBN 196046), *pro hac vice*
KATHERINE M. MARQUART (CA SBN 248043), *pro hac vice*
NATHANIEL L. BACH (CA SBN 246518), *pro hac vice*

PUBLIC COUNSEL
MARK D. ROSENBAUM (CA SBN 59940), *pro hac vice*
JUDY LONDON (CA SBN 149431), *pro hac vice*
KATHRYN A. EIDMANN (CA SBN 268053), *pro hac vice*

IMMIGRANT ADVOCACY & LITIGATION CENTER, PLLC
LUIS CORTES ROMERO (CA SBN 310852), *pro hac vice*

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document should automatically be served this day on all counsel of record via transmission of Notices of Electronic filing generated by CM/ECF.

/s/ *Theodore J. Boutrous, Jr.*