1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RAMIREZ MEDINA,

          Plaintiff,

      v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

          Defendants.

CASE NO. C17-218 RSM

ORDER GRANTING MOTION FOR
LEAVE TO FILE THIRD AMENDED
COMPLAINT

## I.     INTRODUCTION

This matter is before the Court on Plaintiff's Ex Parte Motion for Leave to File a Third Amended Complaint.  Dkt. #140.  Plaintiff, Mr. Ramirez, seeks leave to add factual allegations related to the government's recent denial of his request to renew his DACA status—which occurred after the Second Amended Complaint was filed—and to assert additional claims based upon new evidence and these new events.  Plaintiff sought ex parte relief arguing that it was justified under a heightened urgency for relief.  *Id.* at 1.  The Court determined that the Motion was improperly noted as an ex parte motion and renoted it in accordance with Local Civil Rule

ORDER – 1

7(d)(3).  Defendants[1] oppose the Motion.  Dkt. #141.  For the following reasons, the Court grants the Motion.

## II.  BACKGROUND

The factual background was previously recounted at length in the Court's amended Order Granting Plaintiff's Motion for Preliminary Injunction.  Dkt. #133.  The Court adopts that factual background and briefly summarizes the history most relevant to consideration of this Motion.

Mr. Ramirez was brought to the United States when he was approximately ten, has lived in the country most of his life, and has a five-year old, American-born son.  In 2013, Mr. Ramirez applied for deferred action and work authorization under the "Deferred Action for Childhood Arrivals" ("DACA") policy.  He was granted DACA status and work authorization in 2014 and was reapproved in 2016.  His 2016 approval was to be valid until May 5, 2018.

In February 2017, Immigration and Customs Enforcement ("ICE") detained Mr. Ramirez, maintained that he was in the country illegally, and issued him a Notice to Appear ("NTA") at removal proceedings.  At the same time, U.S. Citizenship and Immigration Services ("USCIS") provided Mr. Ramirez with a Notice of Action ("NOA") indicating that issuance of the NTA automatically terminated his DACA status and work authorization.  Subsequent proceedings before the Immigration Court resulted in an Order of Removal.

Thereafter, Mr. Ramirez initiated this action.  Through this legal action and others, the government was forced to restore Mr. Ramirez's DACA status and work authorization for its original term—until May 5, 2018.  After restoring his status, the government sent Mr. Ramirez a Notice of Intent to Terminate ("NOIT") his restored status because he did "not warrant a

---

[1] The three remaining defendants in this action are: U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; and U.S. Citizenship and Immigration Services. Plaintiff's proposed complaint also asserts claims only against these three defendants.

favorable exercise of prosecutorial discretion" because of "statements relating to gang association." Dkt. #126-1 at 19–20.  Mr. Ramirez challenged the government's actions in seeking to terminate his DACA status and work authorization status.  *See generally*, Dkt. #78.  Because the government lacked evidence supporting its determination that Mr. Ramirez was a gang member, this Court found that "Defendants' continued assertion that [Mr. Ramirez] is a gang member or gang-affiliated is arbitrary and capricious." Dkt. #133 at 19.  Accordingly, the Court enjoined Defendant USCIS "from asserting, adopting, or relying in any proceedings on any statement or record made as of this date purporting to allege or establish that Mr. Ramirez is a gang member, gang affiliated, or a threat to public safety." *Id.* at 23.

After the Court issued its preliminary injunction, Mr. Ramirez applied to renew his DACA status and work authorization.  Uncharacteristically, the government denied his relatively routine request that had been granted twice before under the same criteria.  Dkt. #140-2 at ¶ 83.  Mr. Ramirez alleges that the government instead concluded that he was a "public safety threat"[2] based on relatively minor transgressions.[3]  Mr. Ramirez maintains that Defendants did not previously rely on these transgressions even though they were known to the government.  *Id.*

---

[2] The government argues that "public safety concern" does not appear in its decision.  Dkt. #141 at 5.

[3] Mr. Ramirez alleges his renewal request was denied based on the following past events:

> (1) that he was reported for having sexual intercourse with his son's mother in 2013 (resulting in the conception of his son), when he was 20 years old and his son's mother was 17 years old, even though no charges were filed, the relationship was consensual, and both sets of parents approved of the relationship and the pregnancy that resulted therefrom; (2) Mr. Ramirez's own admission that he was cited for possession of a small quantity of marijuana in Oregon in 2014; and (3) that he has not fully paid off certain fines he incurred for traffic violations.

Dkt. #140-2 at ¶ 83.

ORDER – 3

Mr. Ramirez further maintains that the government's denial was unlawful, in violation of this Court's preliminary injunction, and violated his rights. *Id.* at ¶ 85.

### III.    DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." FED. R. CIV. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). The party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988). Amendment may be unwarranted "due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "Not all of the factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

**B. Granting Leave to Amend is Appropriate**

The government's primary argument against amendment is that it would be unduly prejudiced by defending against Mr. Ramirez's new claims in this action because the new claims are based on new actions taken by the government. In support, the government relies on *Ctr. for Biological Diversity v. Salazar,* No. CV 07-0038-PHX-MHM, 2010 WL 3924069 (D. Ariz. Sept.

30, 2010) and *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). But, as Mr. Ramirez notes, both of those cases dealt with attempts to file supplemental pleadings after judgment had already been entered in the cases. In fact, the court in *Ctr. For Biological Diversity* specifically recognizes that the general rule is that a motion to supplement will likely be granted where an action is still pending. 2010 WL 3924069 at *4 (citations omitted). Defendants do not point to any other authority supporting denial of supplementation—or amendment—for similar reasons prior to final judgment being entered.

The Court is also not persuaded that the government will suffer prejudice by being forced to provide a new administrative record in a short timeframe or that the action will be overly confusing with two possible administrative records. Dkt. #141 at 4. The government's prejudice arguments are somewhat amorphous and, regardless, any slight prejudice is far outweighed by the judicial efficiency of having this Court, already familiar with this action, consider Mr. Ramirez's interconnected claims.

Lastly,[4] the Court is not persuaded that it lacks jurisdiction and that the amendment is therefore futile. Demonstrating futility on a motion for leave to amend is not an insubstantial hurdle. *Rosas v. GEICO Cas. Co.*, 365 F. Supp. 3d 1123, 1128 (D. Nev. 2019) ("Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim.") (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). The Court notes that it has previously found sufficient subject matter jurisdiction in this case. Dkt. #116 at 10–16. The government may ultimately be able to establish that the Court lacks jurisdiction to review some portion of the actions at issue. But, the Court has already found jurisdiction as to the allegations of the Second Amended Complaint and because jurisdiction as

---

[4] Defendants do not specifically argue undue delay, bad faith, or previous amendments.

to any new claims likely turns on factual issues that are interconnected to Mr. Ramirez's previous claims.  This all cautions against making a jurisdiction determination on the government's summary arguments.  The merits of Mr. Ramirez's claims in this matter are better left for fully briefed motions.[5]  *See Broadcom Corp. v. NXP Semiconductors N.V.*, No. 8:13-CV-0829-MRP-MANx, 2014 WL 12577095, at *3 n.1 (C.D. Cal. Mar. 12, 2014) ("Because Rule 15(a) reflects a 'strong policy . . . to facilitate a proper disposition on the merits,' motions to opposed [sic] proposed pleadings are better brought as motions to dismiss after the filing of the complaint.") (quoting *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981)).

### IV.   CONCLUSION

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS:

1.  That Plaintiff's Ex Parte Motion for Leave to File a Third Amended Complaint (Dkt. #140) is GRANTED.

2.  Plaintiff shall file and serve his Third Amended Complaint **within fourteen (14) days of this Order.**

DATED this 16th day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The government's mootness argument—upon which it has not actually sought relief—fails for much the same reason.