# Exhibit M

April 3, 2018

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521

DANIEL RAMIREZ MEDINA



USA





RE: I-821D, Deferred Action for Childhood Arrivals



# NOTICE OF INTENT TO TERMINATE

On February 29, 2016, you filed Form I-821D, Consideration of Deferred Action for Childhood Arrivals (DACA). USCIS approved your Form I-821D on May 5, 2016 deferring your removal from the United States. On February 14, 2017, your DACA was terminated by the issuance of Form I-862, Notice to Appear, by U.S. Immigration and Customs Enforcement. However, pursuant to a court order issued by the U.S. District Court for the Central District of California on February 26, 2018, and modified on March 20, 2018, in Inland Empire et al. v. Nielsen et al., No. 5:17-cv-2048 (C.D. Ca.), on March 30, 2018, USCIS reopened your Form I-821D and Form I-765, withdrew the termination, reinstated your DACA and employment authorization from May 5, 2016, and extended your DACA and employment authorization to May 15, 2018.

USCIS has reviewed your deferred action pursuant to procedures outlined in the USCIS DACA Standard Operating Procedures (SOP) regarding DACA termination. Specifically, page 138 of the DACA SOP states:

> If after consulting with ICE [U.S. Immigration and Customs Enforcement], USCIS determines
>
> that exercising prosecutorial discretion after removal has been deferred under DACA is not consistent with the Department of Homeland Security's enforcement priorities, and ICE does not plan to issue an NTA, the officer should refer the case to HQSCOPS [Headquarters Service Center Operations Directorate], through the normal chain of command, to determine whether or not a NOIT [Notice of Intent to Terminate] is appropriate. If it is determined that the case warrants final termination, the officer will issue DACA 603 – Termination Notice [Enforcement Priority, Not Automatically Terminated] from the Appendix I.

USCIS has consulted with U.S. Immigration and Customs Enforcement (ICE) and has determined that exercising prosecutorial discretion to defer removal action in your case is not consistent with DHS's enforcement priorities. As you were already issued an NTA by ICE on February 14, 2017, subsequent to your grant of DACA, further referral to ICE for consideration of NTA issuance is unnecessary. DHS records show that on January 17, 2018, an immigration judge ordered you removed to Mexico.

Additionally, a review of Form I-213, Record of Deportable Alien, reveals that during an encounter

with ICE on February 10, 2017, you admitted to previously associating with the "Sureno's" criminal street gang in the state of California, and to currently associating with the "Paizas" criminal street gang in the state of Washington. While DHS email records indicate that you disputed in immigration court that you are a gang member and that the immigration judge accepted this claim, you nonetheless admitted in immigration court that gangs may identify you as a rival gang member because of your tattoo and you admitted that you withdrew your appeal from placement in a Level 2 gang population at the Norwest Detention Center because you wanted to remain with the gang population. Gang association poses a significant public safety risk. Therefore, it appears that you do not warrant favorable consideration for DACA.

In light of your statements relating to gang association, DHS' determination that you are an enforcement priority, and the fact that ICE has informed USCIS that it is actively pursuing your removal and you were recently ordered removed, USCIS will not contemporaneously conclude that removal action should continue to be deferred in your case. Accordingly, USCIS has determined, in its unreviewable discretion, that you do not warrant a favorable exercise of prosecutorial discretion.

Deferred action is not a form of protection from removal; rather it is merely an acknowledgement that DHS does not, at that present time, intend to pursue removal. Deferred action may be terminated at any time at the Department's discretion.

As the court order in _Inland Empire et al. v. Nielsen et al._ requires issuance of a Notice of Intent to Terminate prior to the termination of DACA and related employment authorization documents for class members, referral of your case to HQSCOPS for consideration of whether or not a NOIT is appropriate in accordance with the DACA SOP is not necessary.

Based on the information outlined above, USCIS is notifying you of its intent to terminate your deferred action for childhood arrivals. A final decision to terminate your deferred action for childhood arrivals will not be made for 33 days. During that time, you may submit any evidence that you feel will overcome the grounds for termination. If your response is not received within the allotted time or if your response to this notice does not overcome the grounds for termination, USCIS will terminate your deferred action for childhood arrivals. If your deferred action for childhood arrivals is terminated, any associated employment authorization granted during the period of your deferred action will be terminated for cause.

Sincerely,

*Kristine R Crandall*

Kristine R. Crandall, Acting
Director
Officer: 0996