# Exhibit N

December 19, 2018

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521



**U.S. Citizenship and Immigration Services**

LUIS ALBERTO CORTES ROMERO
IMMIGRANT ADVOCACY LITIGATIO
19309 68TH AVE SOUTH STE R102
KENT, WA 98032
USA



IOE0904689397



RE: DANIEL RAMIREZ MEDINA
I-821D, Deferred Action for Childhood Arrivals

## DECISION

USCIS has evaluated your Form I-821D, Consideration of Deferred Action for Childhood Arrivals. Based on a review of your case, it appears that the following occurred:

Your most recent period of deferred action under Deferred Action for Childhood Arrivals (DACA) expired on May 15, 2018.[1] You filed the instant request to renew your deferred action under DACA on May 21, 2018. USCIS has reviewed your request to renew your deferred action under DACA.

On September 26, 2018, USCIS notified you of its intent to deny your request for renewal of deferred action under DACA, because USCIS found that you did not warrant a favorable exercise of prosecutorial discretion under the totality of the circumstances. The reasons are described below. USCIS did not assert, adopt, or rely on any statement or record made as of May 15, 2018, purporting to allege or establish that you are a gang member, gang affiliated, or a threat to public safety in reviewing your DACA renewal request and determining in USCIS' judgment that at this time you do not merit deferred action under the DACA policy.

As noted within the September 26, 2018 Notice of Intent to Deny (NOID), U.S. Immigration and Customs Enforcement (ICE) issued you a Notice to Appear (NTA) on February 29, 2016, to pursue removal proceedings against you under the provisions of INA § 240. An Immigration Judge ordered you removed on January 17, 2018, and denied your application for asylum and for withholding of removal. You filed an appeal with the Board of Immigration Appeals (BIA), which remains pending as of today. ICE considers you an enforcement priority and continues to actively pursue your removal. ICE is opposing your appeal before the BIA.

During your removal proceedings, it was learned that you were reported for having sex with an underage female in California, in violation of California Penal Code (CPC) § 261.5. ICE provided USCIS a police report dated December 27, 2013, which lists the charge– "261.5(B) PC – Unlawful Sexual Intercourse – Less than 3 years difference, misdemeanor." The police report indicates that you had unlawful sexual intercourse with an individual who was 17 years old at the time of the report. You were 20 years old at the time of the report. The report indicates that the unlawful act resulted in a pregnancy and birth of a child which was reported by Child Welfare Services. The police report notes that you were in a relationship with the mother and residing with her at the time the incident report was



created. The record indicates that the district attorney declined to file charges. However, the police report provides details that indicate you had unlawful sexual intercourse in violation of CPC § 261.5. While you were not convicted of this crime, USCIS finds that the information is a negative factor in the consideration of whether to renew your deferred action under DACA.

During removal proceedings, you also admitted that you had acquired marijuana from a "friend" who had a medical marijuana authorization card. The October 21, 2014 incident report indicates that a car you were driving was stopped by a police officer after the officer observed your car "cross the painted white fog lines twice." You denied having drugs in your vehicle when asked by police whether there was any marijuana inside the vehicle. In your letter of explanation, as required by a plea of no contest, you wrote to an Oregon court that you keep marijuana with you at all times. You admitted violating Oregon law by possessing marijuana in your car while driving from Washington State to California, for which you received a citation. Possessing and transporting marijuana across state lines is a chargeable federal offense under 21 U.S. Code § 844. The citation indicates you were also cited for not having a valid operator's license and driving uninsured. The court records indicate that you were convicted for driving uninsured and required to pay a fine of $512.

Additionally, ICE provided information which indicates you have received nearly $5,000 in fines for various motor vehicle related traffic offenses. Your traffic related offenses and fines are summarized below as of August 28, 2018:

**CALIFORNIA:**

- 04/28/2016 - Case#6013: Traffic citations for Driving without a License (DWOL), license plate light violation, no vehicle insurance, and speeding (warning only 35mph in 25mph zone). Cited by Lindsay Police Department. Disposition: fine.

    *Currently in collections and subject pays $50.00 on the 11th of each month.

    *Total fine: $2170.00. Paid: $900.00. Outstanding balance: $1270.00 as of 08/21/2018.

- 05/06/2015 - Case# AD35341: Speeding (80mph+ in 65mph zone) and failure to provide insurance. Cited by CHP. Disposition: fine.

    *Total fine: $1071.00 fine. PAID. 09/13/2012 - Citation#54980: Unlicensed Driver. No record of disposition.

- 09/13/2012 - Citation#54980: Unlicensed Driver. No record of disposition.

**OREGON:**

- 10/21/2014 - Case#15474: Driving without a License (DWOL) and no insurance. Cited by Myrtle Creek Police Department. Disposition: DWOL-dismissed. No insurance- convicted. Disposition: fine.

    *Total fine: $512.00. Paid $250.00. Outstanding balance: $262.00 as of 08/22/2018.

- 10/21/2014 - Case#15475: Unlawful possession of less than 1oz of Marijuana. Cited by Myrtle Creek Police Department. Disposition: convicted with fine.



*Total fine: $1088.00. Paid $0. Outstanding balance: $1088.00 as of 08/22/2018.

Total incurred fines: $4841.00

Total outstanding balance: $2620.00

USCIS notes that you possessed an Employment Authorization Documents (EAD) in connection with your prior grants of DACA. Your prior EADs were valid from December 6, 2013 to December 5, 2015 and from May 5, 2016 to May 4, 2018; and May 15, 2018 (for your court ordered reinstated DACA). Based on your receipt of EADs from USCIS, you could have applied for and obtained a state driver's license in compliance with California and Washington state requirements for operating a motor vehicle. However, the record indicates that you failed to obtain a driver's license despite having an opportunity to, and a prior history of offenses for driving without a license.

Additionally, USCIS notes that you had employment authorization but have failed to pay the total amount due for your traffic offenses.

The above information was unknown to USCIS at the time of your previous DACA grant on May 5, 2016. Your entire offense history can be considered along with other factors to determine whether, under the totality of the circumstances, you warrant an exercise of prosecutorial discretion to defer action.

USCIS has reviewed your response and has determined that the response does not sufficiently overcome the discretionary factors outline in the NOID. Other than your own declaration, you have not submitted any evidence that is not already on the record. You did not submit any evidence related to your marijuana conviction. You also did not submit any new evidence related to the investigation into the unlawful sexual intercourse that resulted from the birth of your child. You did not submit any affidavits from others in support of your own claims.

Additionally, in connection with consideration of your DACA renewal request, USCIS consulted with ICE, and ICE informed USCIS that you are considered an enforcement priority.

Deferred action is not a form of protection from removal; rather it is merely an acknowledgement that the Department of Homeland Security (DHS) does not, at the present time, intend to pursue removal.

As stated in former Secretary Napolitano's 2012 Memo titled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children", "DHS cannot provide any assurance that relief will be granted in all cases" and further notes that the 2012 Memo "confers no substantive right, immigration status or pathway to citizenship."

Deferred action only means that action to remove someone is deferred and that the decision not to pursue removal may be revisited at any point in the future. An individual who was granted DACA does not maintain deferred action in perpetuity. Rather, under the 2012 DACA memorandum deferred action may be granted pursuant to the DACA guidelines for two year periods subject to renewal. The DACA policy requires that individuals submit a request for renewal of DACA, at which point USCIS again, may or may not grant deferred action as an exercise of prosecutorial discretion. Nothing in the 2012 DACA policy requires USCIS to approve a DACA renewal request simply because the individual's prior DACA request was approved.

Since the beginning of DACA, the Form I-821D instructions have provided that "USCIS will evaluate the totality of the circumstances in reaching a decision on deferred action" and that even if a DACA



request "satisfy[ies] the threshold criteria for consideration of DACA, USCIS may deny your request if it determines, in its unreviewable discretion, that an exercise of prosecutorial discretion is not warranted in your case."

After consulting with ICE and considering the totality of the circumstances in your case, USCIS finds that you do not warrant a favorable exercise of prosecutorial discretion to defer removal action against you.

Accordingly, USCIS has determined, in its unreviewable discretion, that you have not demonstrated that you warrant a favorable exercise of prosecutorial discretion and it will not defer action in your matter. Accordingly, your Form I-765, Application for Employment Authorization, has also been denied. Deferred action is a discretionary determination to defer removal action of an individual as an act of prosecutorial discretion. You may not file an appeal or motion to reopen/reconsider this decision.

Sincerely,

Loren K. Miller
Director
Officer: 0996



[1] USCIS previously issued you a Notice of Intent to Terminate (NOIT) your DACA on April 3, 2018, and you responded to that NOIT on May 7, 2018. USCIS did not take any final action to terminate your DACA prior to the expiration of your DACA and related employment authorization on May 15, 2018.