The Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RAMIREZ MEDINA,

         Plaintiff,

   v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

         Defendants.

Case No. 2:17-cv-00218-RSM-JPD

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
[DKT. NO. 147]**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................ 1

SUMMARY OF THE ARGUMENT ............................................................................. 3

ARGUMENT ................................................................................................................. 4

I.      Standard of Review ......................................................................................... 4

II.     Background on Deferred Action Requests ..................................................... 6

III.    Mr. Ramirez's motion is subject to the higher burden of a mandatory injunction to show that the facts and law clearly favor his position. .......................................................... 7

IV.     The Court lacks jurisdiction over USCIS's December 2018 denial of Mr. Ramirez's DACA renewal request. ............................................................................................. 9

        A.   Mr. Ramirez's allegations of non-discretionary process violations in the termination of his DACA are no longer relevant to the TAC. ............................................. 9

        B.   Mr. Ramirez also fails to establish the likelihood of a due process violation. ........... 12

V.      USCIS denied Mr. Ramirez's DACA request in full compliance with the DACA SOP guidance. ........................................................................................................ 15

        A.   USCIS properly relied on uncontested criminal conduct in its totality of the circumstances analysis. .......................................................................... 16

        B.   Mr. Ramirez's irresponsible allegations of misconduct by counsel for Defendants are not supported by the record and do not support a finding of estoppel. .................... 17

VI.     Mr. Ramirez cannot establish irreparable harm from the denial of a discretionary grant, nor does his nearly 7-month delay in seeking preliminary injunctive relief support the urgency he alleges. ....................................................................................... 19

        A.   Mr. Ramirez cannot show harm in the discretionary denial of a DACA request. ....... 19

        B.   Mr. Ramirez's months-long, multiple delays seeking emergency injunctive relief undermine the urgency necessary to grant this extraordinary relief. ........................ 20

VII.    Mr. Ramirez cannot establish that the denial of his DACA renewal request violated the Court's preliminary injunction. .......................................................................... 22

VIII.   The Remaining Preliminary Injunction Factors Favor Defendants. ........................... 23

CONCLUSION ............................................................................................................. 24

Defendants' Opposition to Plaintiff's                        U.S. Department of Justice, Civil Division
Motion for Preliminary Injunction                                 Office of Immigration Litigation
Case No. 2:17-cv-00218-RSM-JPD                            P.O. Box 868, Ben Franklin Station
                                                                       Washington, D.C. 20044
                                                                          (202) 532-4468

i

# TABLE OF AUTHORITIES

**Cases**

*Addy v. Sessions*,
  696 F. App'x 801 (9th Cir. 2017) ...................................................15

*Arizona Dream Act Coalition v. Brewer*,
  757 F.3d 1053 (9th Cir. 2014) ...................................................20

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................14, 15

*Associated Gen. Contractors of California, Inc. v. Coal. for Econ. Equity*,
  950 F.2d 1401 (9th Cir. 1991) ...................................................5, 19, 20

*Bd. of Regents of State Colleges v. Roth*,
  408 U.S. 564 (1972) ...................................................14

*Blantz v. Cal. Dep't of Corr. & Rehab.*,
  727 F.3d 917 (9th Cir. 2013) ...................................................13, 14

*Boardman v. Pac. Seafood Grp.*,
  822 F.3d 1011 (9th Cir. 2016) ...................................................7

*Bugajska v. Lynch*,
  652 F. App'x 568 (9th Cir. 2016) ...................................................18

*Bullen v. De Bretteville*,
  239 F.2d 824 (9th Cir. 1956) ...................................................10

*Bundy Am., LLC v. Hawkeye Transportation*,
  No. C09-817Z, 2009 WL 10676371 (W.D. Wash. Dec. 1, 2009) ...................................................6

*County of Los Angeles v. Davis*,
  440 U.S. 625 (1979) ...................................................10

*Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.*,
  448 F.3d 1118 (9th Cir. 2006) ...................................................7

*Disney Enterprises, Inc. v. VidAngel, Inc.*,
  869 F.3d 848 (9th Cir. 2017) ...................................................5

*Doe v. Unocal Corp.*,
  27 F. Supp. 2d 1174 (C.D. Cal. 1998) ...................................................10

*Earth Island Inst. v. Carlton*,
  626 F.3d 462 (9th Cir. 2010) ...................................................5

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

ii

*Enyart v. Nat'l Conference of Bar Examiners, Inc.*,
  630 F.3d 1153 (9th Cir. 2011) ................................................................19

*Garcia v. Google, Inc.*,
  786 F.3d 733 (9th Cir. 2015).........................................................5, 8, 20

*GoTo.com, Inc. v. Walt Disney Co.*,
  202 F.3d 1199 (9th Cir. 2000) ...................................................................7

*Inland Empire–Immigrant Youth Collective v. Nielsen*,
  2018 WL 1061408 (C.D. Cal. Feb. 26, 2018) ...................................1, 2, 3

*Isomedia, Inc. v. Spectrum Direct, Inc.*,
  No. C08-1733JLR, 2009 WL 10676393 (W.D. Wash. July 1, 2009) ....... 5

*Knox v. SEIU, Local*,
  1000, 567 U.S. 298 (2012) ......................................................................10

*Larsen v. City of San Carlos*,
  No. 14-CV-04731-JD, 2014 WL 5473515 (N.D. Cal. Oct. 28, 2014) .....21

*Lavenue v. Edmunds*,
  No. CV 10-1479-PHX-DGC, 2010 WL 2838383 (D. Ariz. July 20, 2010) ...........21

*Lydo Enters., Inc. v. City of Las Vegas*,
  745 F.2d 1211 (9th Cir. 1984) .............................................................5, 21

*Lyon v. U.S. Immigration & Customs,*
  *Enf't*, 171 F. Supp. 3d 961 (N.D. Cal. 2016) .........................................16

*Mendez-Garcia v. Lynch*,
  840 F.3d 655 (9th Cir. 2016) .............................................................13, 19

*Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*,
  991 F.2d 536 (9th Cir. 1993).....................................................................21

*Monsanto Co. v. Geertson Seed Farms*,
  561 U.S. 139 (2010) ....................................................................................5

*Nken v. Holder*,
  556 U.S. 418 (2009) ..................................................................................23

*Nozzi v. Hous. Auth. of City of Los Angeles*,
  806 F.3d 1178 (9th Cir. 2015) ..................................................................13

*Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*,
  636 F.3d 1150 (9th Cir. 2011) ....................................................................5

*Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*,
  908 F.3d 476 (9th Cir. 2018)..................................................................9, 12

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

iii

*Reno v. Am.-Arab Anti-Discrimination Comm.,*
  ("*AADC*"), 525 U.S. 471 (1999) ...................................................................9, 24

*Rockwell Int'l Corp. v. United States,*
  549 U.S. 457 (2007) ......................................................................................10

*S. California Darts Assoc. v. S. California Darts Assoc., Inc.,*
  No. CV1201899RGKJCGX, 2012 WL 12882764 (C.D. Cal. June 22, 2012) .........................10

*Salgado-Diaz v. Gonzales,*
  395 F.3d 1158 (9th Cir. 2005) ..........................................................................17

*Salviejo–Fernandez v. Gonzales,*
  455 F.3d 1063 (9th Cir. 2006) ......................................................................15, 18

*Senate of State of Cal. v. Mosbacher,*
  968 F.2d 974 (9th Cir. 1992) .............................................................................4

*Sierra Forest Legacy v. Rey,*
  577 F.3d 1015 (9th Cir. 2009) ............................................................................7

*Stanley v. Univ. of S. California,*
  13 F.3d 1313 (9th Cir. 1994) .............................................................................8

*Torres v. U.S. Dep't of Homeland Sec.,*
  2018 U.S. Dist. LEXIS 62366, *25-26 (S.D. Cal. Apr. 12, 2018) .........................13

*Torres v. U.S. Dep't of Homeland Sec.,*
  No. 17CV1840, 2018 WL 3495830 (S.D. Cal. July 20, 2018) .................................14

*United States v. Morales,*
  No. 2:17-PO-0137 DB, 2017 WL 2264853 (E.D. Cal. May 24, 2017) ....................18

*Univ. of Texas v. Camenisch,*
  451 U.S. 390 (1981) ......................................................................................4

*Valeo Intellectual Prop., Inc. v. Data Depth Corp.,*
  368 F. Supp. 2d 1121 (W.D. Wash. 2005) ........................................................6

*Winter v. Nat. Res. Def. Council, Inc.,*
  555 U.S. 7 (2008) ..........................................................................................5

Federal Statutes

5 U.S.C. § 701(2) .............................................................................................12

8 U.S.C. § 1252(g) .........................................................................................9, 12

18 U.S.C. § 1001 ...........................................................................................18

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

iv

1

State Statutes

2

California Vehicle Code § 14601.2(a) ...................................................................18

3

California Vehicle Code § 14601.2(d)(1) ..............................................................18

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

v

**INTRODUCTION**

Mr. Daniel Ramirez Medina ("Mr. Ramirez") seeks a new preliminary injunction that would affirmatively require Defendants to "restore" Mr. Ramirez's former grant of Deferred Action for Childhood Arrivals ("DACA") and employment authorization ("EAD") that expired over a year ago, and enjoin any hypothetical future denials for any reason. The Court should deny Mr. Ramirez's motion for a preliminary injunction because such injunction would not maintain a status quo and because Defendants have exercised their discretion in a manner that bars this Court from exercising jurisdiction, but is also fully compliant with applicable law.

**BACKGROUND**

Mr. Ramirez's Third Amended Complaint and Second Motion for Preliminary Injunction are full of hyperbole and unsupported allegations. Indeed, the only evidence of a retaliatory scheme against Mr. Ramirez or other bad intent on the part of the Government is his counsels' own misstatements throughout the course of this litigation. Instead, the Government's position throughout this matter simply reflects the Government's earnest conduct tied to its discretionary determinations that Mr. Ramirez should no longer receive deferred action in the form of DACA.

Mr. Ramirez filed his Second Amended Complaint on April 25, 2017, arguing that the termination of his DACA and EAD violated the APA and seeking, *inter alia*, injunctive and declaratory relief in the form of reinstating his DACA and EAD. *See* ECF No. 78. Defendants moved to dismiss Mr. Ramirez's second amended complaint on June 26, 2017, and simultaneously filed the certified administrative records for U.S. Citizenship and Immigration Services ("USCIS") and U.S. Immigration and Customs Enforcement ("ICE") related to the automatic termination of his DACA. *See* ECF Nos. 90, 92, 93. On February 6, 2018, Mr. Ramirez sought a preliminary injunction restoring his terminated DACA and EAD. ECF No. 122. Prior to this Court's ruling on that motion, the United States District Court for the Central District of California issued a preliminary injunction in *Inland Empire–Immigrant Youth Collective v. Nielsen*, 2018 WL 1061408 (C.D. Cal. Feb. 26, 2018). In that order, the court preliminarily enjoined "Defendants' decisions after January 19, 2017 to terminate the DACA grants and EADs of class members, without notice, a reasoned explanation, or an opportunity to

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

1

respond prior to termination," and ordered that "Defendants immediately will restore those individuals' DACA and EADs, subject to their original date of expiration." 2018 WL 1061408 at *22. As a member of that class, Mr. Ramirez's DACA and EAD were restored based on the *Inland* order on or about April 3, 2018. *See* ECF No. 132.

Thereafter, the Government issued Mr. Ramirez a Notice of Intent to Terminate ("NOIT") his restored DACA and EAD because he did "not warrant a favorable exercise of prosecutorial discretion," because it considered Mr. Ramirez's own statements as evidence indicating gang affiliation. ECF No. 126-1 at 19–20. Mr. Ramirez modified his first motion for preliminary injunction to request that the government be prevented from relying on the evidence in the record supporting Mr. Ramirez's suspected gang affiliation, and the Court granted his motion. ECF No. 132. The Court enjoined Defendants "from asserting, adopting, or relying in any proceedings on any statement or record made as of this date purporting to allege or establish that Mr. Ramirez is a gang member, gang affiliated, or a threat to public safety." *Id.* at 23. Mr. Ramirez's restored DACA expired of its own terms on May 15, 2018, the same day the Court granted the preliminary injunction. *Id.* at 23 n.7.

Approximately one week after Mr. Ramirez's DACA expired, he submitted a DACA renewal request. TAC ¶ 83. On September 26, 2018, the government issued Mr. Ramirez a Notice of Intent to Deny ("NOID") his request, based on several incidents of criminal conduct unrelated to prior allegations of gang affiliation. *See* ECF No. 147-1 at 8-10. On or around October 24, 2018, Mr. Ramirez, through the assistance of counsel, submitted a response to the NOID. *Id.* at 14-22.

On December 17, 2018, USCIS, after reviewing Mr. Ramirez's response and consulting with both USCIS headquarters and ICE, issued Mr. Ramirez a denial letter. ECF No. 144-14. USCIS informed Mr. Ramirez that, based on the derogatory information in his record, his failure to provide arguments or evidence to overcome that information, and ICE's determination that he is an enforcement priority and that they intend to continue to pursue his removal – when considering the totality of the circumstances – a favorable exercise of prosecutorial discretion

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

2

was not warranted. *Id*. The letter also explained that USCIS was not aware of the derogatory information at the time it granted Mr. Ramirez DACA in 2016. *Id*. at 4.

More than three months later, on March 28, 2019, Mr. Ramirez filed a motion with the Court for leave to file a third amended complaint ("TAC") to challenge the denial of his DACA request, as well as the termination of his prior DACA and issuance of a NOIT on his restored DACA. ECF No. 140. On May 16, 2019, the Court granted Mr. Ramirez's motion and ordered him to file his TAC within 14 days. ECF No. 143.

Mr. Ramirez filed his TAC on May 30, 2019, the 14th day after the Court's order. ECF No. 144. After allowing another week to pass, Mr. Ramirez filed the instant motion for preliminary injunction that seeks to enjoin the Government from denying his DACA request and to compel the Government to "restore" his prior DACA grant that expired more than a year ago. ECF No. 147, Plaintiff's Second Motion for Preliminary Injunction ("PI Mot.").

## SUMMARY OF THE ARGUMENT

This Court should deny Mr. Ramirez's motion for a preliminary injunction because Mr. Ramirez fails to demonstrate that the facts and law clearly support his position or that he has suffered an immediate irreparable injury that warrants relief in the form of a mandatory preliminary injunction. Critically, because Mr. Ramirez's previous grant of DACA expired, so that the injunction he seeks would not preserve a status quo. Rather, this injunction would compel the Government to exercise its discretion in Mr. Ramirez's favor by granting him deferred action despite his last DACA grant ending more than a year ago.

Mr. Ramirez cannot show that the facts and law clearly support his claims that his DACA was improperly denied. Nor does he make any showing at all that he has standing to challenge the now-reversed termination of his 2016 DACA grant or the intermediate notice of intent to terminate his reinstated DACA that was never acted on. Rather, the evidence before the Court demonstrates incontrovertibly that the denial of Mr. Ramirez's DACA request was based on uncontested evidence of criminal conduct before the agency and that USCIS followed the correct

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

3

process to issue the denial. Additionally, as this Court previously found, courts lack jurisdiction over USCIS's ultimate decision to exercise its prosecutorial discretion in one way or another.

Furthermore, Mr. Ramirez is unable to show irreparable injury from the denial of a favorable exercise of prosecutorial discretion. His own lack of urgency also belies any argument that "a drastic and extraordinary remedy" is necessary here. Mr. Ramirez sat on his rights for more than three months after USCIS determined that a favorable exercise of prosecutorial discretion was not warranted before filing a motion for leave to amend his complaint for a third time. ECF No. 140. Despite the TAC being drafted and filed with that motion, *see* ECF 140-1, Mr. Ramirez still waited the full 14 days this Court provided him to file his TAC. *See* ECF No. 143 at 6. Mr. Ramirez then waited another seven days after filing his TAC to file a motion for a preliminary injunction. ECF No. 147.

Mr. Ramirez's claims of irreparable harm due to the deprivation of a constitutional right to work also fail because he cannot show a protected interest in a DACA grant or employment authorization, nor can he show any procedural deficiency in the processing of the DACA denial.

Finally, the Court should deny the motion for preliminary injunctive relief because Defendants are prepared to file an administrative record and proceed with briefing a motion to dismiss and/or motion for summary judgment expeditiously. Thus, there should be no need to take the extraordinary and particularly disfavored step of compelling Government action here, where the Court may soon reach a decision on the merits.

## ARGUMENT

## I.   Standard of Review

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). As a result, it is generally inappropriate at the "preliminary-injunction stage to give a final judgment on the merits." *Id.*; *see Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) (holding that "judgment on the merits in the guise of preliminary relief is highly inappropriate result").

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

4

A preliminary injunction is "a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 142 (2010). A plaintiff seeking a preliminary injunction "must establish" that: (1) it is likely to succeed on the merits of its claims; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Preliminary injunctive relief is an extraordinary remedy never awarded as of right, *id*., and the party seeking such relief bears the burden of establishing the prerequisites to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010). Likelihood of success on the merits "is the most important" *Winter* factor, so that "if a movant fails to meet this 'threshold inquiry,' the court need not consider the other factors." *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citing *Garcia v. Google, Inc*., 786 F.3d 733, 740 (9th Cir. 2015) (*en banc*).

In a mandatory injunction request such as this, where Mr. Ramirez seeks to order the Government to act rather than restore a status quo, the already high "likelihood of success" burden is "doubly demanding." *Garcia*, 786 F.3d at 740. In such a case, the moving party "must establish that the law and facts *clearly favor* [his] position, not simply that [he] is likely to succeed." *Id*. (emphasis added). "In plain terms, mandatory injunctions should not issue in 'doubtful cases.'" *Id*. (citing *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150, 1160 (9th Cir. 2011).

To fulfill the "irreparable harm" requirement, the moving party "must do more than merely allege imminent harm," but "must demonstrate immediate threatened injury." *Associated Gen. Contractors of California, Inc. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991). Delay in seeking relief may undercut the possibility of irreparable harm. *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (citation omitted) ("[a] preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights. By sleeping on its rights, a plaintiff demonstrates the lack of need for speedy action . . . ."); *Isomedia, Inc. v. Spectrum Direct, Inc*., No. C08-1733JLR, 2009 WL 10676393, at

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

5

*4 (W.D. Wash. July 1, 2009) (three month delay), citing *Valeo Intellectual Prop., Inc. v. Data Depth Corp.*, 368 F. Supp. 2d 1121, 1128 (W.D. Wash. 2005) (four month delay); *but see Bundy Am., LLC v. Hawkeye Transportation*, No. C09-817Z, 2009 WL 10676371, at *6–7 (W.D. Wash. Dec. 1, 2009) (finding ten-month delay to be reasonable under the circumstances involving breach of covenant not to compete).

## II.   Background on Deferred Action Requests

To the extent necessary for the Court's review of Mr. Ramirez's new challenge to the denial of his DACA request, Defendants incorporate by reference their previous explanation of the DACA SOP termination procedures. *See* ECF No. 90, Motion to Dismiss Second Amended Complaint, at 3-6.

DACA requests are adjudicated on different guidance than DACA terminations. USCIS has provided officers in the Service Center Operations directorate an internal USCIS guidance document entitled the "National Standard Operating Procedures (SOP); Deferred Action for Childhood Arrivals (DACA)," or "DACA SOP." ECF No. 144-7. The DACA SOP is replete with instructions that an individual's ability to meet the guidance criteria merely allows him or her to be *considered* for a DACA grant. *See, e.g.*, DACA SOP at 18; *id*. at 44 ("An individual meeting the following guidelines may be favorably considered for DACA . . ."); *id*. at 50 ("Individuals may be considered for DACA upon showing that they meet the prescribed guidelines by a preponderance of the evidence."); *id*. at 51, 54, 55, 60 (same).

The DACA SOP is also clear that "the existence of deportation, exclusion, or removal proceedings may have an effect on the exercise of prosecutorial discretion for DACA." *Id*. at 73. In adjudicating a DACA request from an individual placed into removal proceedings through issuance of a Notice to Appear ("NTA"), the DACA SOP specifically advises USCIS to consider more than just the grounds listed in the NTA. *Id*. at 77. The SOP states:

> If a DACA requestor has been placed in proceedings on a ground that does not adversely impact the exercise of prosecutorial discretion, review the results of all routine systems, background, and fingerprint checks. If those routine checks did not reveal any additional derogatory information that impacts the exercise of prosecutorial discretion, the case may proceed for adjudication.

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

6

> *Do not rely solely on the grounds listed in the charging document* and/or [redacted] as not all issues may have necessarily been captured, or new issues may have arisen since the charging document was issued. It is necessary to review all derogatory information in its totality and then make an informed assessment regarding the appropriate exercise of prosecutorial discretion for DACA.

*Id.* (emphasis added). The DACA SOP also instructs adjudicators to consider the totality of the circumstances when assessing the impact of criminal conduct that would not preclude favorable consideration for DACA. *See id.* at 83 ("Notwithstanding whether the offense is categorized as a significant or non-significant misdemeanor, the decision whether to defer action in a particular case is an individualized, discretionary one that is made taking into account the totality of the circumstances."); *id* at 84 ("[T]he requestor's entire offense history," specifically including minor traffic offenses, "can be considered along with other facts to determine whether, under the totality of the circumstances, he/she warrants an exercise of prosecutorial discretion.").

In the case of a requestor who may establish that the guidelines are met but for whom the adjudicator determines nonetheless that a favorable exercise of discretion is not warranted, the DACA SOP calls for supervisory review before issuing a denial. *Id.* at 106.

## III.   Mr. Ramirez's motion is subject to the higher burden of a mandatory injunction to show that the facts and law clearly favor his position.

Mr. Ramirez cannot establish a likelihood of success, much less that the facts and law clearly favor his claim that USCIS improperly denied his DACA request. A preliminary injunction is issued to "preserve the status quo ante litem" pending a court's determination on the merits. *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016) (citing *Sierra Forest Legacy v. Rey,* 577 F.3d 1015, 1023 (9th Cir. 2009)). "Status quo ante litem" refers to "the last uncontested status which preceded the pending controversy." *Id.* (citing *GoTo.com, Inc. v. Walt Disney Co.,* 202 F.3d 1199, 1210 (9th Cir. 2000)). What constitutes the "uncontested status" in a given case can be subject to dispute,[1] but not here. Mr. Ramirez acknowledges that his 2016 grant of DACA was set to expire on May 4, 2018. PI Mot. at 6. Mr. Ramirez also acknowledges that his reinstated DACA, pursuant to the *Inland Empire* preliminary injunction,

---

[1] *See, e.g.*, *Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006).

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

7

expired on May 15, 2018. *Id.* (mistakenly stating the expiration date was May 5, 2018); ECF No. 144-12, Reinstatement Notice.

In *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994), the Ninth Circuit held that a claim to reappoint a faculty member whose contract had expired constituted a request for a mandatory injunction. Like the plaintiff in *Stanley*, Mr. Ramirez was subject to a limited period of DACA that expired. Thus, ordering the Government to grant Mr. Ramirez DACA pending an adjudication of the merits of this litigation would not restore any previous status quo. Rather, the Court would be ordering the Government to affirmatively exercise its discretion to award Mr. Ramirez a grant of deferred action that he does not now have. Where the facts and law do not clearly favor Mr. Ramirez's position, the Court "should deny such relief." *Garcia*, 786 F.3d at 740 ("As we have cautioned, a mandatory injunction 'goes well beyond simply maintaining the status quo *pendente lite* [and] is particularly disfavored.'") (citing *Stanley*, 13 F.3d at 1320).

Mr. Ramirez makes no showing of any error in the denial of his DACA renewal request.[2] Rather, he argues 1) that the Government erred in relying on unlawful presence as a reason to deny his DACA request; 2) that the Government should not be permitted to rely on his criminal history in adjudicating his DACA request; and 3) perhaps alternatively, that the Government should have weighed the record evidence of his criminal history differently than it did. PI Mot. at 12-14. He cannot prevail on any of these claims.

Far from showing that the law clearly favors his position, Mr. Ramirez fails to support many of his contentions with relevant fact or law. As a threshold matter, because this third amended complaint challenges the denial of a DACA request, rather than the termination of an existing DACA grant, the grounds for jurisdiction the Court previously relied on are no longer applicable.

---

[2] As argued below, Mr. Ramirez's claims against the termination of his prior DACA grant and against the NOIT that was never consummated are now moot, because this Court cannot grant any additional relief on those claims. Nor can Mr. Ramirez establish standing to assert claims that cannot be redressed by the Court.

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

8

**IV.    The Court lacks jurisdiction over USCIS's December 2018 denial of Mr. Ramirez's DACA renewal request.**

Mr. Ramirez's current challenge is unlike his prior challenges to the process by which his DACA was terminated. Though Defendants disagree with the Court's prior finding of jurisdiction to enjoin a future agency decision based on the Court's "broad powers and wide discretion to frame the scope of appropriate equitable relief when issuing a preliminary injunction to preserve the status quo," there is no status quo to preserve here. ECF No. 132 at 15-16. Similarly, though the Court found the Government's determination that Mr. Ramirez was a suspected gang affiliate to be arbitrary and capricious based on contradictory evidence that was either never presented to USCIS or for which USCIS was prevented from considering before a final adjudication, *see id*. at 17-18 ("These conclusory findings [of suspected gang affiliation] have since been contradicted by experts and other evidence."), Mr. Ramirez does not offer any challenge to the truth of the criminal conduct supporting the denial of his DACA request.

Rather, Mr. Ramirez's TAC and motion for preliminary injunction are nothing more than a challenge to the ultimate exercise of discretion to deny his request for deferred action, and this Court has already held that it does not have jurisdiction to hear such a challenge. *See* ECF No. 116 at 12 ("[T]he Court agrees with Defendants that, if Plaintiff were asking for review of the government's ultimate discretionary decision to terminate his DACA [ ], section 1252(g) would strip this Court of jurisdiction to review that determination.') (citing *Reno v. Am.-Arab Anti-Discrimination Comm.* ("*AADC*"), 525 U.S. 471, 485 (1999)). The Court's holding is also wholly consistent with the Ninth Circuit's decision in *Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 504 (9th Cir. 2018) (finding that "individual 'no deferred action' decisions . . . fall exactly within Section 1252(g) as interpreted by the Court in *AADC*.").

**A.    Mr. Ramirez's allegations of non-discretionary process violations in the termination of his DACA are no longer relevant to the TAC.**

The Court's previous finding of jurisdiction, based on the narrow issue of "whether Defendants complied with their own non-discretionary procedures . . . [that] led to the issuance of an NTA, rescission of his work authorization and, ultimately, termination of his DACA

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

9

status," ECF No. 116 at 12, is no longer viable given the filing of the Third Amended Complaint. *See Rockwell Int'l Corp. v. United States,* 549 U.S. 457, 473 (2007) (when "a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."); *Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998), *aff'd and adopted,* 248 F.3d 915 (9th Cir. 2001) ("It is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as non-existent. Once amended, the original no longer performs any function as a pleading.") (internal modifications and citation omitted). None of the procedural concerns the Court expressed in its prior orders in relation to ending an individual's existing grant of DACA and EAD are manifest here.

To the extent Mr. Ramirez attempts to rely on his allegations of procedural violations in relation to the February 2017 termination of his DACA and the April 2018 issuance of the Notice of Intent to Terminate his reinstated DACA, those issues are now moot. *See Knox v. SEIU*, Local 1000, 567 U.S. 298, 307–08 (2012) (A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (citation and internal quotation marks omitted). In compliance with the *Inland Empire* order, USCIS reinstated Mr. Ramirez's DACA and, in compliance with this Court's May 2018 preliminary injunction, took no action to terminate it before it expired on its own. *See* ECF No. 132. There is no further relief this Court can grant on that issue, and where the Government has determined in its discretion not to grant Mr. Ramirez's DACA renewal request, "'there is no reasonable expectation . . .' that the alleged violation will recur." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).[3]

---

[3] Furthermore, if Mr. Ramirez wanted to challenge the expiration of his DACA or the denial of his DACA request under the May 2018 preliminary injunction, he should have filed a motion to compel compliance with that preliminary injunction. *See S. California Darts Assoc. v. S. California Darts Assoc., Inc.*, No. CV1201899RGKJCGX, 2012 WL 12882764, at *1 (C.D. Cal. June 22, 2012). Instead, he waited three months and then sought the Court's leave to file an amended complaint that, once filed, rendered the earlier amended complaint, upon which the preliminary injunction was based, "non-existent." *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). His claims now must be founded in his TAC and he may not look back at the prior pleadings for support. *Id.*

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

10

Mr. Ramirez's speculative claim that the denial decision violated the DACA Standard Operating Procedures' ("DACA SOP") provisions (and the *Accardi* doctrine) with regard to USCIS's Background Check Unit ("BCU") is wrong. *See* PI Mot. at 15-16 (arguing that the administrative record does not support the agency's decision). Mr. Ramirez made this allegation without having seen the administrative record or having actual knowledge of the internal process USCIS followed in processing his DACA denial. Indeed, the administrative record supporting USCIS's latest adjudication is not yet on file with the Court. Defendants' Exhibit A (attached here) shows that the BCU conferred with USCIS headquarters as Mr. Ramirez alleges they were required to do.

Furthermore, Mr. Ramirez's assertion that the Government may not rely on his past criminal conduct because an email from the DACA BCU team indicates that it found no criminality on a RAP sheet in March 2018, is also unavailing. PI Mot. at 13 (the evidence of his criminal conduct "cannot be reconciled with the evidence before DHS.") (referring to a March 20, 2018 email from the BCU DACA Team that found only that there was no criminality on Mr. Ramirez's rap sheet at that time). Mr. Ramirez claims that the BCU email "cannot be squared with the conclusion presented in the [December 18, 2018] Decision that Mr. Ramirez's 'offense history' justifies denying his renewal request." *Id*.

Mr. Ramirez mischaracterizes the evidence here. That the BCU DACA team did not identify certain criminal conduct on a RAP sheet in March does not permit an inference that the BCU DACA team could not subsequently determine that there was criminality for USCIS to consider. Even if the Court agreed with such a wild inference, USCIS was certainly empowered to gather relevant information as part of its adjudication of a new renewal request.

Regardless, Mr. Ramirez's allegations are insufficient to establish that the agency guidance in the DACA SOP in any way overrides the ultimate discretion of an adjudicator to deny a DACA renewal request. *See*, *e.g.*, ECF No. 144-2 at 19, DHS DACA FAQ at Q51: "USCIS retains the ultimate discretion to determine whether deferred action is appropriate in any given case even if the guidelines are met [when considering a renewal request]." Finally, Mr.

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

11

Ramirez's assertion that USCIS's denial of his renewal request is arbitrary and capricious because "99% of processed renewal requests are approved," also does nothing to undermine USCIS's discretionary authority recognized by the Ninth Circuit in *Regents*, and reflected in the 4,318 DACA renewal requests denied in FY2018, and 4,059 in FY 2017. *See* Deferred Action for Childhood Arrivals (DACA) Quarterly Report Fiscal Year 2019, 1st Quarter, *available at* https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigrat ion%20Forms%20Data/All%20Form%20Types/DACA/DACA_FY19_Q1_Data.pdf (last visited June 20, 2019).

Thus, all that remains of Mr. Ramirez's TAC and motion are allegations against the December 2018 denial decision that amount to an impermissible challenge to how USCIS exercised its discretion, and such a challenge to discretionary action cannot provide a basis for jurisdiction. *See* 8 U.S.C. § 1252(g); 5 U.S.C. § 701(2).

**B.      Mr. Ramirez also fails to establish the likelihood of a due process violation.**

Mr. Ramirez makes a confusing due process allegation that the Government's "now-abandoned" reliance on his statements regarding gangs to terminate his previous grant of DACA somehow entitles him to greater process in the denial of his DACA renewal request. *See* PI Mot. at 17. However, the earlier termination decision was reversed and the Government was enjoined from relying on the record evidence of suspected gang affiliation, or of otherwise finding Mr. Ramirez to be a public safety threat. Mr. Ramirez's effort to tie the present denial of his DACA to the earlier actions is misleading and unsupported by facts or law. Rather, where Mr. Ramirez received notice and an opportunity to respond to the intended denial of his DACA request—the full process that this Court found he was entitled to when he still had a valid DACA grant—he cannot show a due process violation in the Government's exercise of its discretion not to grant him DACA again.

This Court previously found that a DACA *recipient* enjoys liberty and property interests, "including the right to obtain lawful employment authorization and the right to be considered lawfully present in the United States." ECF No. 132, Order Granting Preliminary Injunction, at

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

12

20 (emphasis added) (citing *Torres v. DHS*, 2018 U.S. Dist. LEXIS 62366, \*25-26 (S.D. Cal. Apr. 12, 2018).[4] However, Mr. Ramirez points to no case that supports a liberty interest in a discretionary DACA *grant*, and the Ninth Circuit has found that there is none. *See Mendez-Garcia v. Lynch*, 840 F.3d 655, 665 (9th Cir. 2016) (underscoring that aliens cannot claim a cognizable due process interest in discretionary immigration relief or benefits); *see also Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 922 (9th Cir. 2013) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.").[5]

The ultimate result sought – deferred action – is discretionary, and the Government never expressed a mutual intention to confer a protected benefit in DACA. To the contrary, the DACA Memo explicitly disclaims as much. *See* ECF NO. 144-4, DACA Memo at 3 (stating that it "confers no substantive right, immigration status or pathway to citizenship. Only the Congress, acting through its legislative authority, can confer these rights."); *see also* ECF No. 144-7, DACA SOP ("This PM . . . is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law, or by any individual or other party in removal proceedings, in litigation with the United States, or in any other form or manner.").

Furthermore, despite Mr. Ramirez's claim to a constitutional right to pursue employment, the Supreme Court has held that even government employees with an employment contract can only have a protected property interest in their continued employment "*if* they have a legitimate claim to tenure or if the terms of the employment make it clear that the employee can be fired

---

[4] Notably, the *Torres* court rejected the plaintiff's challenge to the decision to terminate his DACA precisely because he received substantively the same notice and an opportunity to respond that Mr. Ramirez received here. *See id* at \*26 (plaintiff "cannot prevail on his Fifth Amendment claims" since he received notice of DACA termination and an opportunity to meaningfully respond).

[5] Mr. Ramirez's claim that a property interest can be established by a unilateral expectation is simply wrong. *See* Pl. Mot. at 17 (citing *Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1191 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Jan. 29, 2016). The Court in *Nozzi* actually held that "A legitimate claim of entitlement is created 'and [its] dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" DACA policy expressly disclaims any understanding of secure benefits.

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

13

only for cause." *Blantz*, 727 F.3d at 922 (court's emphasis) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). In *Roth*, the Supreme Court found that a professor with a 1-year employment contract that was allowed to expire lacked a protected property interest in his continued employment. *Id.* at 922-23. Mr. Ramirez never had anything akin to an employment contract, nor did he even have a job at the time his DACA was terminated [*see* ECF No. 35-1 at ¶ 10]—but to the extent this Court previously found that his DACA grant engendered some kind of protected property interest in his employment authorization, controlling authority says such an interest would end with the lawful expiration of his DACA grant.

Mr. Ramirez's conclusory substantive due process arguments are equally unavailing to establish this Court's jurisdiction. PI Mot. at 18. ("The government is motivated by animus and spite toward Mr. Ramirez, not by any legitimate purpose."). Mr. Ramirez offers no evidence of animus or spite, nor does he challenge the truth of the criminal conduct underlying the decision not to exercise prosecutorial discretion in his favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (a cognizable claim for relief must plead enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is more than just "possibly liable" for the alleged conduct). In a similar challenge to the termination of DACA following notice and an opportunity to respond, the *Torres* court found:

> Here, there is no indication that Defendants engaged in any conscience-shocking or clearly arbitrary and unreasonable conduct, or that factual determinations by duly constituted administrative bodies made in the ordinary and normal course of an administrative proceeding violate the concept of "ordered liberty." Accordingly, Plaintiff cannot prevail on his substantive due process claim.

*Torres v. U.S. Dep't of Homeland Sec.*, No. 17CV1840 JM(NLS), 2018 WL 3495830, at *2 (S.D. Cal. July 20, 2018). This case similarly lacks any indicators of conscience-shocking conduct.[6]

---

[6] Mr. Ramirez's claim that his DACA was terminated as an act of retaliation for his alleged First Amendment activities is pure speculation and without merit. *See* PI Mot. at 19-20 ("[T]he government appears to have viewed the otherwise-routine DACA renewal process as its first opportunity to once again try to revoke Mr. Ramirez's status . . . . Indeed, it is hard to imagine a different rationale for the government's unconscionable treatment of Mr. Ramirez."). Mr. Ramirez fails to acknowledge that he did not have a grant of DACA at the time his renewal request was denied. Nor is there any reason to imagine a rationale for the denial, as the Government provided him with a detailed explanation and an opportunity to rebut the evidence relied on. Mr. Ramirez otherwise offers no evidence to support his conclusory allegation and the Court should find he cannot succeed on such a claim. *Iqbal*, 556 U.S. at 668.

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### V.   USCIS denied Mr. Ramirez's DACA request in full compliance with the DACA SOP guidance.

Mr. Ramirez's first claim, that USCIS relied on his unlawful presence as a reason to deny his DACA request, is incorrect and based on flawed reasoning. PI Mot. at 13. Neither the NOID nor the denial letter indicate that USCIS relied on Mr. Ramirez's unlawful presence as a reason to deny his DACA. Nor is there any indication that ICE made its determination that Mr. Ramirez is an enforcement priority on the sole grounds contained in the NTA. *See e.g.*, *Salviejo–Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006) (denying due process claim where the BIA found petitioner ineligible for cancellation of removal based on a conviction not alleged in the NTA); *see also Addy v. Sessions*, 696 F. App'x 801, 804 (9th Cir. 2017) (rejecting argument that petitioner should have been charged with removability under a different statute, because "[t]he Attorney General has prosecutorial discretion over the initiation of removal proceedings, and that discretion is not reviewable."). Rather, the NOID and denial letter articulate that the basis for the denial takes into consideration Mr. Ramirez's full record of criminal conduct. *See* PI Mot. at 14; ECF No. 144-14.

Furthermore, the DACA SOP specifically advises USCIS to "not rely solely on the grounds listed in the charging document" when considering a DACA request. ECF No. 144-7 at 77 ("as not all issues may have necessarily been captured, or new issues may have arisen since the charging document was issued."); *see also id* at 84 ("[T]he requestor's entire offense history," specifically including minor traffic offenses, "can be considered along with other facts to determine whether, under the totality of the circumstances, he/she warrants an exercise of prosecutorial discretion.").

USCIS also consulted with ICE in considering Mr. Ramirez's DACA request. ECF No. 144-14 at 2. ICE specifically responded to Mr. Ramirez's request for a new grant of deferred action by asserting its contrary determination that Mr. Ramirez is an enforcement priority and ICE will continue pursuing his removal. *Id.* This is an entirely unremarkable exercise of ICE's

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

15

authority and fully consistent with the DACA SOP, and Mr. Ramirez points to nothing in the DACA SOP or otherwise that limits ICE's authority in this regard.[7]

Thus, where USCIS mentioned the NTA but also described the totality of the circumstances analysis that it conducted and the list of criminal conduct it considered, Mr. Ramirez cannot support his claim that the NTA was relied on at all, much less establish that it provided the sole grounds for denying his DACA request. Any perceived violation of DACA policy from the mention of the NTA would therefore be at most harmless error. *See Lyon v. U.S. Immigration & Customs Enf't*, 171 F. Supp. 3d 961, 981–82 (N.D. Cal. 2016) (The APA instructs reviewing courts to take "due account . . . of the rule of prejudicial error.") (citing 5 U.S.C. § 706); *id*. (where an agency error "did not affect the outcome, if it did not prejudice the petitioner, it would be senseless to vacate and remand for reconsideration.").

## A.    USCIS properly relied on uncontested criminal conduct in its totality of the circumstances analysis.

The Court need not even consider whether USCIS relied on Mr. Ramirez's unlawful presence or ICE's determination that he is an enforcement priority, because USCIS also determined in its own unreviewable discretion that exercising prosecutorial discretion in Mr. Ramirez's favor was not warranted by its own analysis of the totality of the circumstances. ECF No. 144-14 at 4-5. In fact, Mr. Ramirez does not dispute the veracity of any of the charges contained in the NOID or denial letter, he merely argues that they should not have been considered at all because an earlier investigation failed to discover them. PI Mot. at 13-14. Mr. Ramirez offers no legal citations in support of this contention.[8]

Where Mr. Ramirez does not dispute that he had the opportunity to respond to the charges in the September 2018 NOID and actually did so, he cannot establish any viable reason why the

---

[7] The Government recognizes that an individual in removal proceedings *may be* granted deferred action, but continues to assert that there is no *requirement* that every individual in removal proceedings must receive deferred action. Furthermore, the DACA SOP is clear that "the existence of deportation, exclusion, or removal proceedings may have an effect on the exercise of prosecutorial discretion for DACA." ECF No. 144-7 at 73.

[8] To the extent that Mr. Ramirez argues that reliance on these charges violated the Court's May 2018 preliminary injunction, Defendants assert above in Section III.A.i that Mr. Ramirez voluntarily abandoned his right to assert claims under that order. Alternatively, Defendants show in Section VII below that the DACA denial did not violate the preliminary injunction.

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

16

agency was not permitted to consider his criminal conduct in adjudicating his DACA request. The timing of when USCIS first became aware of the derogatory information and first chose to rely on it in adjudicating his DACA request are irrelevant. The criminal conduct is uncontested and, as explained above, the DACA SOP provides specific guidance for its consideration.

**B.**     **Mr. Ramirez's allegations of misconduct by counsel for Defendants are not supported by the record and do not support a finding of estoppel.**

As an initial matter, equitable estoppel against the Government is "unavailable where petitioners have not lost any rights to which they were entitled." *Byung Hoon Chung v. Holder*, 312 F. App'x 950, 951 (9th Cir. 2009) (citation omitted). Where Mr. Ramirez cannot show entitlement to a favorable exercise of prosecutorial discretion, this claim must fail. Furthermore, "[a] party asserting estoppel against the government bears heavy burdens." *Mauting v. I.N.S.*, 16 F. App'x 788, 791 (9th Cir. 2001) (relief will be denied if a claim "is facially deficient, or cannot be sustained on the undisputed facts"); *see Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1166 (9th Cir. 2005) (to be estopped, the Government must engage in affirmative misconduct, meaning it must know the facts; must intend that its conduct will be acted on; the claimant must be ignorant of the true facts; and the claimant must detrimentally rely on the Government's conduct). "Affirmative misconduct" is more than negligence, it means a "deliberate lie" or "a pattern of false promises." *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1184 (9th Cir. 2001).

Mr. Ramirez makes two bald assertions, neither of which demonstrates the elements necessary for estoppel: first, that counsel for the Government lied to this Court in asserting that Mr. Ramirez was gang affiliated, *id*. at 1, 20; and second, that Counsel lied to this Court by "conceal[ing] its intent to rely on the bases cited in the NOID and the Decision." *Id*. at 20.

Both of these claims lack factual support. First, the Government has been clear to the Court that USCIS's NOIT was based on Mr. Ramirez's own statements. *See* ECF No. 123 at 10; ECF No. 131 at 8-9. This is unremarkable, as it was stated by USCIS in its NOIT. *See* ECF No. 144-13, Notice of Intent to Terminate, dated April 3, 2018. While the Government acknowledges that the Court had concerns with the sufficiency of this evidence – it is inaccurate for the Court to find that there was "no evidence" to support the Government's assertions. Second, Mr.

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

17

1    Ramirez provides no evidence to support his claim that the Government actively concealed an

2    intent to rely on his criminal history. Nor can he establish that he was ignorant of his own

3    criminal conduct, the facts of which he claims were concealed from him until he filed his

4    renewal request. Mr. Ramirez also cannot establish that he relied to his detriment on USCIS not

5    previously raising this criminal history. In fact, undercutting Mr. Ramirez's estoppel argument is

6    the fact that he himself had a duty to disclose his criminal conduct, and he failed to do so.[1] *See*

7    ECF No. 144-14 at 3 (USCIS was not aware of Mr. Ramirez's prior criminal conduct at the time

8    it adjudicated his 2016 DACA request).

9           Finally, USCIS's knowledge of Mr. Ramirez's other criminal conduct alone is insufficient

10   to establish that the Government had any obligation to disclose it when the Government was

11   pursuing termination on other grounds. The Ninth Circuit has consistently rejected analogous

12   arguments. In *Salviejo-Fernandez*, for example, the Court joined the Second and Fifth Circuits to

13   hold that the Government does not violate due process where it denies discretionary relief from

14   removal based on charges that were not relied on as grounds for removal. *See* 455 F.3d at 1066;

15   *see also Bugajska v. Lynch*, 652 F. App'x 568, 571 (9th Cir. 2016) (unpublished) (immigration

16   judge did not err in allowing the government's late-filed evidence where petitioner was granted

17   30 days to respond). Mr. Ramirez received advance notice of the criminal grounds the

18   Government intended to rely on for denial of his DACA request and the opportunity to respond,

19   and he did not contest any of it. His allegation that the Government should have informed him

20   sooner does not amount to a violation of the DACA SOP, the APA, or any potential due process

21   right.

---

[1] *See* ECF No. 90-3, I-821D Instructions at 4 (all renewal requests must complete the criminal information section);
*id.* at 10 ("If you have been arrested for or charged with any … misdemeanor (i.e., a Federal, state, or local criminal
offense for which the maximum term of imprisonment authorized is one year or less but greater than five days) in the
United States, … you must submit evidence demonstrating the results of the arrest or charges brought against you.");
*id.* at 13 ("If you knowingly and willfully provide materially false information on Form I-821D, you will be
committing a Federal felony punishable by a fine, or imprisonment up to five years, or both, under 18 U.S.C. Section
1001. In addition, individuals may be placed into removal proceedings, face severe penalties provided by law, and be
subject to criminal prosecution."). "[V]iolation of California Vehicle Code section 14601.2(a) [driving without a valid
license] carries a sentence of 'not less than 10 days and more than six months' in jail and a fine of not less than $300
and not more than $1,000.' *United States v. Morales*, No. 2:17-PO-0137 DB, 2017 WL 2264853, at *1 (E.D. Cal. May
24, 2017) (citing C.V.C. § 14601.2(d)(1)) (emphasis removed).

Defendants' Opposition to Plaintiff's                           U.S. Department of Justice, Civil Division
Motion for Preliminary Injunction                                      Office of Immigration Litigation
Case No. 2:17-cv-00218-RSM-JPD                              P.O. Box 868, Ben Franklin Station
                                                                              Washington, D.C. 20044
                                                                                      (202) 532-4468

18

Mr. Ramirez offers no explanation to support his allegation that the Government lied to him or the Court. Defendants proffer that the administrative record regarding the denial decision will be ready for filing soon and will reflect and support the findings made in the September 2018 NOID and December 2018 denial decision, including USCIS's contention that it was not aware of Mr. Ramirez's prior criminal conduct when it adjudicated his 2016 DACA request.

**VI.** **Mr. Ramirez cannot establish irreparable harm from the denial of a discretionary grant, nor does his nearly 7-month delay in seeking preliminary injunctive relief support the urgency he alleges.**

Where, as explained above, an individual cannot establish entitlement to a discretionary grant of deferred action, he also cannot show irreparable harm from the denial of such a grant. *See Mendez-Garcia*, 840 F.3d at 665. Even if a theoretical harm could be asserted in the denial of a DACA request, Mr. Ramirez cannot "demonstrate immediate threatened injury" by asserting that, even though he did not work when he possessed DACA and an EAD, he would like to now. *See* TAC ¶ 125; *Associated Gen. Contractors of California, Inc.*, 950 F.2d at 1410. Nor can Mr. Ramirez establish the necessary showing of urgency to warrant a preliminary injunction after having waited more than seven months to seek this injunctive relief that, by his own assertions, was available to him the day his DACA expired and the day his DACA request was denied. *See, e.g.,* PI Mot. at 9-10, Argument IV.A, "Defendants violated the First Preliminary Injunction."

**A.** **Mr. Ramirez cannot show harm in the discretionary denial of a DACA request.**

Regardless of whether the Court looks to the day that Mr. Ramirez's DACA expired on its own in May 2018, or to the day that his request for an exercise of prosecutorial discretion was denied in December 2018, Mr. Ramirez was not working, much less embracing the "opportunity to pursu[e] [his] chosen profession" as he alleges. *See* PI Mot. at 22 (citing *Enyart v. Nat'l Conference of Bar Examiners, Inc.*, 630 F.3d 1153, 1165 (9th Cir. 2011). *Enyart*, like many of the cases Mr. Ramirez incorrectly cites to for support, was about an individual's right to continue pursuing a specific job or career (in Enyart's case, through a disability accommodation to allow her to take the bar exam), and not about her right to be able to work at all.

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

19

Similarly, in *Arizona Dream Act Coalition*, the Court found that a state policy denying all DACA recipients with valid employment authorization access to a driver's license violated the Equal Protection Clause, in part because the policy prohibited plaintiffs from utilizing the work authorizations they had already been granted. *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1057-58 (9th Cir. 2014). The Court did not find that any unlawful individual was entitled to receive DACA or work authorization in the first instance or through a renewal request.

Nor do Mr. Ramirez's aspirational claims that he made plans to get a job to pay off his traffic fines and support his child, *see* TAC ¶ 125, "demonstrate immediate threatened injury." *Garcia*, 786 F.3d at 740; *Associated Gen. Contractors of California, Inc.*, 950 F.2d at 1410. As previously noted, Mr. Ramirez was not working when his DACA was terminated. *See* ECF No. 123 at 6 (citing Mr. Ramirez's sworn statement, ECF No. 35-1 at ¶ 10).

Lastly, Mr. Ramirez's argument that he is "accruing time for unlawful presence" that may impact his ability to seek lawful status in the future is arguably disingenuous. *See* PI Mot. at 23. As Defendants have already made clear, at the time that Mr. Ramirez initially received DACA in 2013, he had already accrued more than one year of unlawful presence as an adult. ECF No. 123 at 6. Thus, he is already subject to the maximum penalty under the law for unlawful presence and cannot benefit from the Government's treatment of DACA recipients as not accruing unlawful presence. *See* 8 U.S.C. §§ 1181(a)(9)(B)(i)(II) (ten-year bar to admission for those with over one year of unlawful presence); 1182(a)(9)(B)(iii)(I) (excepting minors from the accrual of unlawful presence). Mr. Ramirez's accrual of unlawful presence is not a harm that would be in any way altered by a preliminary injunction or even by a ruling in his favor on the merits.

## B.    Mr. Ramirez's months-long, multiple delays seeking emergency injunctive relief undermine the urgency necessary to grant this extraordinary relief.

Even if the Court agreed that Mr. Ramirez has shown a harm from the discretionary denial of his DACA request, he cannot establish the urgent need for extraordinary injunctive relief after waiting nearly 7 months to seek this preliminary injunction—particularly while simultaneously asserting a right to have enjoined the denial of his DACA in December 2018 under the Court's May 2018 preliminary injunction. The Court should find that Mr. Ramirez's

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

20

deliberate and unexplained delays, first in waiting three months to seek leave to file his TAC, then in waiting two more weeks to file it (despite being drafted for the motion seeking leave), and again in waiting an additional week to file the instant motion, undercut his ability to demonstrate that he faces an immediate threatened injury that must be addressed by this Court before the merits are decided. *Lydo Enters., Inc.*, 745 F.2d at 1213.

The Ninth Circuit has made clear that a plaintiff cannot establish the urgent need for a temporary restraining order when he waits months after the challenged action to seek relief from a district court. *Larsen v. City of San Carlos*, No. 14-CV-04731-JD, 2014 WL 5473515, at *3 (N.D. Cal. Oct. 28, 2014) (denying motion for temporary restraining order or preliminary injunction where plaintiff's three month delay in filing his claim weighed strongly against a showing of irreparable harm) (citing *Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.,* 991 F.2d 536, 544 (9th Cir. 1993) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.")); *see also Lavenue v. Edmunds*, No. CV 10-1479-PHX-DGC, 2010 WL 2838383, at *1 (D. Ariz. July 20, 2010) (plaintiff failed to establish irreparable injury where he had 90 days' notice of a trustee sale and waited until 5 days before the sale to seek a TRO); *Best Deals on TV, Inc. v. Naveed*, 2007 WL902564, *4 (N.D. Cal. 2007) (plaintiff cannot show the need for temporary restraining order without notice when he waited months after learning of the situation to file the request).

Mr. Ramirez provides no viable explanation for choosing not to move the Court to enforce the May 2018 preliminary injunction in a timely manner, or why he sat on his rights for three months after the denial of his DACA request to begin the lengthy process of seeking the Court's leave to file a third amended complaint. Nor does he explain why, even after receiving the Court's leave to file, he waited another three weeks to file his motion for preliminary injunction. While Mr. Ramirez is certainly free to choose a litigation strategy for any number of reasons, his chosen strategy indicates a thorough lack of urgency in seeking to address what he alleges are irreparable harms from the December 2018 denial of his DACA request. Mr. Ramirez

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

21

can no longer establish the immediacy of his alleged injuries and any relief that Mr. Ramirez obtains should only come after a ruling on the merits.

**VII.  Mr. Ramirez cannot establish that the denial of his DACA renewal request violated the Court's preliminary injunction.**

Mr. Ramirez argues that the Government violated the preliminary injunction by "implicitly" finding him to be a public safety threat through its reliance on past criminal conduct to deny his DACA renewal. *See* PI Mot. at 10 ("Because the substantive bases cited in the Decision are fundamentally public safety-related, and were part of the record that existed long before May 15, 2018, the Decision violates the Preliminary Injunction Order."); *id.* at 13 (The conclusion implicit in the reasoning presented in the Decision [are] that Mr. Ramirez poses a risk to public safety . . . ."). However, Mr. Ramirez argues for an overbroad and inconsistent definition of the term "public safety threat," which, if adopted by the Court, would effectively bar the use of *any* derogatory information the Government may have discovered in considering Mr. Ramirez's DACA request. *See id.* at 10 ("[T]he government is unquestionably relying on statements and records dated prior to May 15, 2018 that it views as relevant to whether Mr. Ramirez is a threat to public safety."). Mr. Ramirez offers no support for his contention that the listed criminal infractions considered in the denial of his DACA, including unpaid traffic citations and possession of marijuana, could (or must) constitute public safety threats.

Contrary to Mr. Ramirez's proposed definition, the DACA FAQs expressly distinguish issues of criminality from the specific finding that someone is a public safety threat. For example, Question 49, "When should I file my renewal request with U.S. Citizenship and Immigration Services (USCIS)?" explains, in part, that "Factors that may affect the timely processing of your DACA renewal request include, but are not limited to: [. . .] Issues of national security, criminality *or* public safety discovered during the background check process that require further vetting." ECF No. 144-2 at 18, Q49 (emphasis added).[9] Furthermore, Question 51, "How will USCIS evaluate my request for renewal of DACA" explains that "You may be

---

[9] This FAQ also publicly expresses the Government's expectation that the renewal process may turn up derogatory information not previously discovered in the initial consideration of a DACA request.

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

22

considered for renewal of DACA if you met the guidelines for consideration of Initial DACA . . . AND you: [. . .] Have not been convicted of a felony, a significant misdemeanor, or three or more misdemeanors, *and* do not otherwise pose a threat to national security or public safety." *Id*. at 19, Q51 (emphasis in italics added); *id*. at 19-20, Q54 (same).

The DACA SOP similarly distinguishes criminality from public safety threats. *See, e.g.*, ECF No. 144-7 at 81-85, Chapter 8: Adjudication of The DACA Request, Section G: Evaluating Issues of Criminality, Public Safety, and National Security ("If the evidence establishes that an individual has a conviction for one of the above *or* may be a national security or public safety threat, USCIS will deny the request for deferred action, unless exceptional circumstances are found.") (emphasis added); *see also id*. at 19 (Introduction); 35 (Overview of Background Check Process); 43 (DACA Overview). The DACA SOP also provides guidance on the types of criminality that might elevate an individual to be considered a public safety concern.

> For example, an individual with multiple DUI arrests, but no convictions, could pose a significant public safety concern. Similarly, an individual arrested for multiple assaults or other violent crimes could be deemed a public safety risk even if he/she was never convicted for those crimes.

*Id*. at 89, Public Safety Concerns.

In this case, the Government considered the totality of Mr. Ramirez's circumstances, excluding the evidence supporting previous gang affiliation as required by the preliminary injunction, and determined that a favorable exercise of prosecutorial discretion was not warranted. *See* ECF No. 144-14 at 2, 5. It did not determine that Mr. Ramirez was a threat to public safety, and his assertion that it did is not supported in the evidence before the Court.

Thus, Mr. Ramirez fails to establish that the discretionary denial of his DACA request in any way violates the preliminary injunction.

## VIII.   The Remaining Preliminary Injunction Factors Favor Defendants.

Where the Government is the opposing party, the balance of equities and public interest factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Defendants have strong interests in enforcing U.S. immigration laws effectively and consistent with the statutory removal scheme.

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

23

*See AADC*, 525 U.S. at 490 ("There is always a public interest in prompt execution of removal orders [to end] a continuing violation of United States law.").

Moreover, Mr. Ramirez's effort to compel DACA and employment authorization renewal against the Government's intention not to defer action for an individual the Government has decided is an enforcement priority would be contrary to the very nature of prosecutorial discretion and its long history of protection from judicial scrutiny. Further, the efficacy of the relief that Mr. Ramirez seeks is questionable because DHS and its components have already exercised prosecutorial discretion to place him into removal proceedings – regardless of his original or asserted continued ability to meet the threshold criteria to request DACA. This interest is compounded by the fact that Mr. Ramirez now has an order of removal from the immigration court that he has appealed to the Board of Immigration Appeals.

## CONCLUSION

For the foregoing reasons, the Court should find it lacks jurisdiction to hear Mr. Ramirez's motion for preliminary injunction or his underlying Third Amended Complaint and deny the motion. If the Court finds jurisdiction, it should still deny the motion for preliminary injunction because Mr. Ramirez cannot show that the law and facts clearly support his position. Nor can he establish irreparable harm in the denial of a discretionary grant or the need for urgent relief by waiting nearly seven months after his alleged injuries began to file this motion.

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

24

DATED: July 1, 2019                            Respectfully submitted,

JOSEPH H. HUNT                                 JEFFREY S. ROBINS
Assistant Attorney General                     Deputy Director

WILLIAM C. PEACHEY                             */s/ James J. Walker*
Director                                       JAMES J. WALKER
                                               Trial Attorney
                                               U.S. Department of Justice
                                               Civil Division
                                               Office of Immigration Litigation
                                               District Court Section
                                               P.O. Box 868, Ben Franklin Station
                                               Washington, D.C. 20044
                                               Phone: (202) 532-4468
                                               Fax: (202) 305-7000
                                               Email: james.walker3@usdoj.gov

                                               *Attorneys for Defendants-Appellants*

Defendants' Opposition to Plaintiff's                    U.S. Department of Justice, Civil Division
Motion for Preliminary Injunction                        Office of Immigration Litigation
Case No. 2:17-cv-00218-RSM-JPD                           P.O. Box 868, Ben Franklin Station
                                                         Washington, D.C. 20044
                                                         (202) 532-4468
                              25

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document should automatically be served this day on all counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ James J. Walker*
JAMES J. WALKER
Trial Attorney

Defendants' Opposition to Plaintiff's
Motion for Preliminary Injunction
Case No. 2:17-cv-00218-RSM-JPD

26

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RAMIREZ MEDINA,
    Plaintiff,
    v.

Case No. 2:17-cv-00218-RSM-JPD

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,
    Defendants.

## DECLARATION OF ALEXANDER R. KING

I, Alexander R. King, hereby make the following declaration with respect to the above captioned matter.

1. I am the Branch Chief of the Waivers and Temporary Services Branch (WATS) within the Service Center Operations Directorate (SCOPS) for U.S. Citizenship and Immigration Services (USCIS), a component within the U.S. Department of Homeland Security (DHS). I have held this position since September 2016. In this position, I provide operational policy, planning, and management functions for specific immigration-related applications and requests processed at the five service centers located in California, Nebraska, Texas, Vermont, and Virginia. Within my branch at SCOPS, I oversee operational policy, planning, and management functions over requests for deferred action under the Deferred Action for Childhood Arrivals (DACA) policy, which are processed by the service centers.

2. I make this declaration on the basis of my personal knowledge and information made available to me in the course of my official duties.

1

3.   Attached is a true and correct copy of e-mail correspondence between USCIS employees located at the Nebraska Service Center and at the UCSIS Headquarters Service Center Operations Directorate, regarding the adjudication of Daniel Ramirez Medina's renewal request for deferred action under DACA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of July of 2019.

Alexander R. King

2

002

**From:** Jenkins, Jennifer L
**Sent:** Wednesday, December 19, 2018 12:26 PM
**To:** Robinson, Brandon M; DeBoer, Allan S (Sean); Shafii-Stier, Sara A; Singsaas, Heidi L
**Cc:** Freeman, Mark C; Woerz, Bret A; Garon, Michielle S; Posvar, Sarah C; Umoru, Victoria E; King, Alexander R
**Subject:** RE: Ramirez Medina RAG 2999 and NOID
**Attachments:** Ramirez Medina Denial - Final.pdf

Hi Brandon:

Attached please find a copy of the final decision notice for this case. ELIS has been updated to reflect the denial and the letters are in the mail.

**Case - IOE0904689397**   | Open Evidence |    Refresh   Priority Re-Assignment   Reopen Case   Terminate without NOIT   Assign Case to Self   ⊙ Add Notes

**I-821D** - Renewal Request - Consideration of Deferred Action for Childhood Arrivals

| | | | |
|---|---|---|---|
| **Name:** RAMIREZ MEDINA, DANIEL NMN | **Account Number:** 002054432260 ⊙ | | **Case State:** Closed |
| **Date of Birth:** 03/09/1993 | **Assigned To:** Not Assigned | | **Case Status:** Denied |
| **Country of Birth:** Mexico | | | **Case Sub Status:** Discretionary Denial |
| **Country of Citizenship:** Mexico | **Service Center:** (NSC) NEBRASKA SERVICE CENTER | | **NFTS File Location:** Click to View Location |
| **Gender:** Male | | | |
| **Receipt Date:** 05/21/2018 | | | |
| **Alien Number:** PII | | | |

Thank you,
Jenni

**Jennifer Jenkins | Immigration Services Officer (ISO-3)**
USCIS Nebraska Service Center | DACA BCU | NW1002 | PII
✉ PII   ☎ PII

**From:** Robinson, Brandon M < PII >
**Sent:** Tuesday, December 18, 2018 12:26 PM
**To:** Jenkins, Jennifer L < PII >; DeBoer, Allan S PII ; Shafii-Stier, Sara A PII >; Singsaas, Heidi L PII >
**Cc:** Freeman, Mark C < PII >; Woerz, Bret A PII >; Garon, Michielle S < PII >; Posvar, Sarah C < PII >; Umoru, Victoria E < PII >; King, Alexander R < PII >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Thank you, Jenni. Given ICEs confirmation, please feel free to proceed with the denial. As there is no need to deny the case / issue the notice today we are fine with processing normally or just waiting until your next day in the office. Would you please send us a PDF of the denial notice once the denial process has been completed?

Please let us know if you have any questions or concerns.

Thanks again,
Brandon

**From:** Jenkins, Jennifer L < PII >
**Sent:** Tuesday, December 18, 2018 10:42 AM
**To:** Robinson, Brandon M < PII >; DeBoer, Allan S PII >; Shafii-Stier, Sara A PII ; Singsaas, Heidi L < PII >
**Cc:** Freeman, Mark C < PII >; Woerz, Bret A PII >; Garon, Michielle S < PII >; Posvar, Sarah C < PII >; Umoru, Victoria E < PII ; King, Alexander R < PII >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Hi Brandon,

I received a response to my follow-up e-mail this morning. ICE has confirmed that ICE still considers Ramirez Medina an enforcement priority, ICE is still actively pursuing Ramirez Medina's removal, and ICE is opposing Ramirez Medina's appeal before the BIA.

Would you like me to proceed with the denial? I am working from home today so if we can process normally and don't need to get the letter in the mail today, that would be great.

Thank you,

Jenni

**From:** Robinson, Brandon M < PII >
**Sent:** Tuesday, December 18, 2018 8:29 AM
**To:** Jenkins, Jennifer L < PII >; DeBoer, Allan S < PII >; Shafii-Stier, Sara A < PII >; Singsaas, Heidi L < PII >
**Cc:** Freeman, Mark C < PII >; Woerz, Bret A < PII >; Garon, Michielle S < PII >; Posvar, Sarah C < PII >; Umoru, Victoria E < PII ; King, Alexander R < PII >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Thank you, Jenni!

Brandon

003

**From:** Jenkins, Jennifer L < ▓PII▓ >
**Sent:** Tuesday, December 18, 2018 9:27 AM
**To:** Robinson, Brandon M < ▓PII▓ >; DeBoer, Allan S < ▓PII▓ >; Shafii-Stier, Sara A < ▓PII▓ >; Singsaas, Heidi L < ▓PII▓ >
**Cc:** Freeman, Mark C < ▓PII▓ >; Woerz, Bret A < ▓PII▓ >; Garon, Michelle S < ▓PII▓ >; Posvar, Sarah C < ▓PII▓ >; Umoru, Victoria E < ▓PII▓ >; King, Alexander R < ▓PII▓ >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Hi Brandon,

No. I have not received anything back from ICE yet. I was going to reach out again today since it has now been more than a week.

Thanks,

Jenni

**From:** Robinson, Brandon M < ▓PII▓ >
**Sent:** Tuesday, December 18, 2018 8:01 AM
**To:** Jenkins, Jennifer L < ▓PII▓ >; DeBoer, Allan S < ▓PII▓ >; Shafii-Stier, Sara A < ▓PII▓ >; Singsaas, Heidi L < ▓PII▓ >
**Cc:** Freeman, Mark C < ▓PII▓ >; Woerz, Bret A < ▓PII▓ >; Garon, Michelle S < ▓PII▓ >; Posvar, Sarah C < ▓PII▓ >; Umoru, Victoria E < ▓PII▓ >; King, Alexander R < ▓PII▓ >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Good morning Jenni,

OCC pinged us regarding the status of the denial notice.  By chance, has NSC received a response from ICE?

Thanks for any updates!
Brandon

**From:** Jenkins, Jennifer L < ▓PII▓ >
**Sent:** Monday, December 10, 2018 2:39 PM
**To:** Robinson, Brandon M < ▓PII▓ >; DeBoer, Allan S < ▓PII▓ >; Shafii-Stier, Sara A < ▓PII▓ >; Singsaas, Heidi L < ▓PII▓ >
**Cc:** Freeman, Mark C < ▓PII▓ >; Woerz, Bret A < ▓PII▓ >; Garon, Michelle S < ▓PII▓ >; Posvar, Sarah C < ▓PII▓ >; Umoru, Victoria E < ▓PII▓ >; King, Alexander R < ▓PII▓ >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Thank you, Brandon. I reached out to ICE again this afternoon and will let you know when I hear back from my POCs in Seattle. ▓DP▓.

Jenni

**From:** Robinson, Brandon M < ▓PII▓ >
**Sent:** Monday, December 10, 2018 12:24 PM
**To:** Jenkins, Jennifer L < ▓PII▓ >; DeBoer, Allan S < ▓PII▓ >; Shafii-Stier, Sara A < ▓PII▓ >; Singsaas, Heidi L < ▓PII▓ >
**Cc:** Freeman, Mark C < ▓PII▓ >; Woerz, Bret A < ▓PII▓ >; Garon, Michelle S < ▓PII▓ >; Posvar, Sarah C < ▓PII▓ >; Umoru, Victoria E < ▓PII▓ >; King, Alexander R < ▓PII▓ >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Hi Jenni,

Thank you for composing the draft denial notice.  Attached is the most recent version of the notice cleared through OCC.  Would NSC please review and let us know if you have any comments/edits?  Any feedback is greatly appreciated.

▓DP▓

▓ ▓

Thanks again and please let us know if you have any questions/concerns.

Brandon

**From:** Jenkins, Jennifer L < ▓PII▓ >
**Sent:** Monday, November 26, 2018 1:18 PM
**To:** King, Alexander R < ▓PII▓ >; Robinson, Brandon M < ▓PII▓ >; DeBoer, Allan S < ▓PII▓ >; Shafii-Stier, Sara A < ▓PII▓ >; Singsaas, Heidi L < ▓PII▓ >
**Cc:** Freeman, Mark C < ▓PII▓ >; Woerz, Bret A < ▓PII▓ >; Garon, Michelle S < ▓PII▓ >; Posvar, Sarah C < ▓PII▓ >; Umoru, Victoria E < ▓PII▓ >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Hi Alex,

Attached is a draft of the denial notice. Please let me know if this is sufficient, and feel free to make any edits you deem necessary.

I hope everyone had a nice holiday.

Thanks,
Jenni

**From:** King, Alexander R
**Sent:** Wednesday, November 21, 2018 12:11 PM
**To:** Jenkins, Jennifer L; Robinson, Brandon M; DeBoer, Allan S; Shafii-Stier, Sara A; Singsaas, Heidi L
**Cc:** Freeman, Mark C; Woerz, Bret A; Garon, Michielle S; Posvar, Sarah C; Umoru, Victoria E
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

There's no hard deadline at the moment.  Would by COB next Friday 11/30 work?

Thanks,
Alex

**From:** Jenkins, Jennifer L < ███████ PII ███████ >
**Sent:** Wednesday, November 21, 2018 1 09 PM
**To:** King, Alexander R < ██ PII ██ >; Robinson, Brandon M < █████ PII █████ >; DeBoer, Allan S < ████ PII ████ >; Shafii-Stier, Sara A < ███ PII ███ >; Singsaas, Heidi L < ██ PII ██ >
**Cc:** Freeman, Mark C < ██ PII ██ >; Woerz, Bret A < ███ PII ███ >; Garon, Michielle S < ████ PII ████ >; Posvar, Sarah C < ████ PII ████ >; Umoru, Victoria E < ███ PII ███ >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Hi Alex,

Can you please provide the suspense date for this requirement?

Thank you,

Jenni

**From:** King, Alexander R
**Sent:** Wednesday, November 21, 2018 11:50 AM
**To:** Jenkins, Jennifer L; Robinson, Brandon M; DeBoer, Allan S; Shafii-Stier, Sara A; Singsaas, Heidi L
**Cc:** Freeman, Mark C; Woerz, Bret A; Garon, Michielle S; Posvar, Sarah C; Umoru, Victoria E
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Hi Jenni,



ACP/WP

Basically, I'm thinking the denial notice would repeat what the NOID said nearly verbatim with a  section added to discuss the NOID response and why it doesn't overcome our discretionary determination to deny.  Could you draft the denial?

We're happy to review/assist.

Hope you and everyone at the NSC have a happy Thanksgiving.

Thanks,
Alex

**From:** Jenkins, Jennifer L < ███████ PII ███████ >
**Sent:** Friday, November 16, 2018 12:10 PM
**To:** King, Alexander R < ██ PII ██ >; Robinson, Brandon M < █████ PII █████ >; DeBoer, Allan S < ████ PII ████ >; Shafii-Stier, Sara A < ███ PII ███ >; Singsaas, Heidi L < ██ PII ██ >
**Cc:** Freeman, Mark C < ██ PII ██ >; Woerz, Bret A < ███ PII ███ >; Garon, Michielle S < ████ PII ████ >; Posvar, Sarah C < ████ PII ████ >; Umoru, Victoria E < ███ PII ███ >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Hi Alex,

Attached please find the discretionary denial letter that is compliant with the DACA SOP – DACA 511. If you would like me to issue a denial other than the approved standard, please let me know.



Regards,

Jenni

**From:** King, Alexander R
**Sent:** Friday, November 16, 2018 10:33 AM
**To:** Jenkins, Jennifer L; Robinson, Brandon M; DeBoer, Allan S; Shafii-Stier, Sara A; Singsaas, Heidi L
**Cc:** Freeman, Mark C; Woerz, Bret A; Garon, Michielle S; Posvar, Sarah C; Umoru, Victoria E
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Hi Jenni/NSC,

Thank you for reviewing the NOID response and your feedback below.  WATS reviewed the response to the NOID and recommends denying the DACA renewal request for the same reasons outlined in the NOID.

DP

The Secretary's memo creating DACA lists criteria which "should be satisfied <u>before</u> an individual is considered for an exercise of prosecutorial discretion."  As noted previously, satisfying the threshold DACA criteria does not mean, or require, an automatic grant of deferred action under DACA.  The memo states that requests are to be "decided on a case by case basis" and that "DHS cannot provide any assurance that relief will be granted in all cases." While we understand that DACA cases involving the same factual scenarios may generally have the same adjudicative results under the 2012 DACA policy, we are unaware of any cases with similar fact patterns to this case that have been approved (i e. ICE enforcement priority determination and the additional negative discretionary factors discussed in the NOID).  DP
DP
DP

Both the DACA presentation from 2012 and the DACA renewal training presentation from 2014 contain the following slide:



The NSC may also recall that the centers received a DACA Refresher training in 2015.  The PowerPoint presentation for this training includes the below slide:



**DP**

**DP**

**DP**

In this case, ICE has confirmed that Ramirez Medina is an enforcement priority. ICE has prosecuted his removal proceedings in accordance with INA 240, and the Immigration Judge found Ramirez Medina removable. Ramirez Medina appealed the IJ's decision and the appeal is currently pending. USCIS has not received any communication from ICE indicating that ICE no longer considers Ramirez Medina to be an enforcement priority or that they plan to defer action in removing him pending the decision on his appeal to the BIA. As WATS has noted previously, the DACA policy guidance and SOP indicate that DACA requests will generally be denied when ICE considers the person to be an enforcement priority. (See pages 90-91 DACA SOP; See also Internal DACA FAQs "Immigration Detention After filing Form I-821D" and "ICE Takes Action Against Requestor While the I-821D is Pending." We note this policy guidance does provide operational steps should centers disagree with ICE's enforcement priority determinations.

**DP**

While the decision to deny DACA based on ICE's confirmation that an individual is an enforcement priority is not automatic much the same way that approving a DACA request for an individual that meets the threshold criteria is not automatic, WATS believes that denial of this DACA request is appropriate in the exercise of USCIS's discretion for the reasons previously noted in our response to the RAG and included in the NOID. The NOID response does not overcome or change our assessment of this case.

Lastly, regarding the 2017 Kelly enforcement priority memo, as we previously noted, the Kelly memo left the 2012 DACA memo in place. However, we do not believe the Kelly memo limited or expanded DHS's legal authority to exercise its discretion in determining enforcement priorities under the INA. We believe the same can be said for the prior DHS enforcement policy memos as well. As we noted in the RAG response, the prior enforcement priority memos state that nothing in the memorandums, "should be construed to prohibit or discourage the apprehension, detention, or removal of aliens unlawfully in the United States who are not identified as priorities herein."

We also note that the Kelly Memo states:

"This document provides only internal DHS policy guidance, which may be modified, rescinded, or superseded at any time without notice. This guidance is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter. Likewise, no limitations are placed by this guidance on the otherwise lawful enforcement or litigation prerogatives of DHS."

*Also see: Gonzalez Torres v. DHS, et al., 17-cv-1840 (S.D. Cal.), 18-56037 (Ninth Circuit).*

**DP**

Thank you again for all your work on this case.

V/R,

Alex

---

**From:** Jenkins, Jennifer L
**Sent:** Monday, November 5, 2018 5:23 PM
**To:** Robinson, Brandon M < PII >; DeBoer, Allan S < PII >; Shafii-Stier, Sara A < PII >; Singsaas, Heidi L
< PII >
**Cc:** Freeman, Mark C < PII >; Woerz, Bret A < PII >; King, Alexander R < PII >; Garon, Michielle S

| PII | >; Posvar, Sarah C < | PII | > |

**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Hi Brandon,

The NOID response for Daniel RAMIREZ MEDINA was uploaded to ELIS on Wednesday (10/31). I have reviewed the response. The response includes:

- copy of the NOID
- copy of the previously issued NOIT
- declaration from Mr. RAMIREZ MEDINA
- redacted copy of the Notice to Appear
- copy of Form I-213
- copy of redacted police report related to the charge of unlawful sexual intercourse
- copy of a redacted email exchange within DHS regarding the criminal history analysis of Mr. Ramirez Medina

In addition to the above evidence, Mr. Ramirez Medina's attorney has made several legal arguments regarding estoppel that I believe **DP/ACP** ███████████████

If the estoppel argument is deemed to be invalid, I believe **DP** █████████████
██████████████████████████████████████
███████████████████████ **DP** ██████████████████████████
███████████████ **DP** █████████████████████
- ███████████████████████



██████████████████████ **DP** ████████████████████
████████ **DP** ███████████████████

- There was investigation into the requestor's sexual relationship with his girlfriend who was 17 years old at the time. She was more than 2 years, but less than 3 years younger than the requestor. However, after investigation, the state of California did not see fit to press any charges and the case was ultimately not prosecuted. Review of the investigation revealed that parents of the girlfriend were okay with the relationship, and nothing in the record would lead me, the adjudicator, to believe this individual is a sexual predator.
- To my knowledge, traffic fines have never been evaluated as a discretionary factor which has led to the discretionary denial of a DACA request. The DACA requestor may or may not be paying the fines, but it should be noted that it would have been difficult to continue paying down traffic fines while in ICE custody, and after his work authorization was terminated.
- The requestor's marijuana possession charge would not have been considered to be a conviction for a misdemeanor as there is no possible jail time, and I, as the adjudicating officer, would not have considered it a public safety concern.

██████████████████████ **DP** ██████████████████████
████████████████████████████ Please advise.

Respectfully,
Jenni

**Jennifer Jenkins | Immigration Services Officer (ISO-3)**
USCIS Nebraska Service Center | DACA BCU | NW1002 | PII

 PII             PII

**From:** Robinson, Brandon M
**Sent:** Monday, November 05, 2018 1:07 PM
**To:** Jenkins, Jennifer L; DeBoer, Allan S; Shafii-Stier, Sara A; Singsaas, Heidi L
**Cc:** Freeman, Mark C; Woerz, Bret A; King, Alexander R; Garon, Michielle S; Posvar, Sarah C
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Good Afternoon Jenni/NSC,

I hope you all had a nice weekend.

OCC just pinged us for any updates on the RMs case and we were hoping for your assistance.  From what we can see in ELIS, it appears a response to the NOID was received on 10/29 and uploaded on 10/31. This seems to be a timely submission but please let us know if that in not accurate.  Also, would NSC have any updates we can relay regarding the review process?

Any information is greatly appreciated and please don't hesitate should you have any questions/concerns.

Thanks!
Brandon

**From:** Robinson, Brandon M
**Sent:** Friday, September 21, 2018 10 08 AM
**To:** Jenkins, Jennifer L <            PII            >; DeBoer, Allan S <            PII            ; Shafii-Stier, Sara A <        PII        >; Singsaas, Heidi L <  PII  >
**Cc:** Freeman, Mark C <    PII    >; Woerz, Bret A <        PII        ; King, Alexander R <        PII        >; Garon, Michielle S <  PII  >; Posvar, Sarah C <        PII        >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Thank you, Jenni!  Greatly appreciate the update.

Brandon

**From:** Jenkins, Jennifer L
**Sent:** Friday, September 21, 2018 10 06 AM
**To:** Robinson, Brandon M <        PII        >; DeBoer, Allan S <      PII      >; Shafii-Stier, Sara A <        PII        >; Singsaas, Heidi L <  PII  >
**Cc:** Freeman, Mark C <    PII    >; Woerz, Bret A <      PII      >; King, Alexander R <        PII        >; Garon, Michielle S <    PII    >; Posvar, Sarah C <        PII        >
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Good Morning:

The NOID for this case is complete. It has been delivered to the contractor to be mailed today. I am having some issues getting IOE0900414397 administratively closed, but have reached out to our ELIS POCs for assistance.



Thank you,
Jenni

**Jennifer Jenkins | Immigration Services Officer (ISO-3)**
USCIS Nebraska Service Center | DACA BCU | NW1002 |  PII
 PII             PII

**From:** Robinson, Brandon M
**Sent:** Friday, September 21, 2018 7:13 AM
**To:** DeBoer, Allan S; Shafii-Stier, Sara A; Jenkins, Jennifer L; Singsaas, Heidi L
**Cc:** Freeman, Mark C; Woerz, Bret A; King, Alexander R; Garon, Michielle S
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Good morning NSC,

<span style="color:red">009</span>

Thank you for your patience on this case.  Attached is the cleared NOID for Ramirez Medina's pending DACA renewal filing.  If possible, would NSC please issue the NOID today and provide us with a copy?

Additionally, IOE0900414397 may be administratively closed as RM's deferred action has now expired.

Please let us know if you have any questions or concerns.

Thanks,
Brandon

**From:** HQSCOPSDACA
**Sent:** Thursday, August 30, 2018 2:09 PM
**To:** Jenkins, Jennifer L; DeBoer, Allan S; Shafii-Stier, Sara A
**Cc:** King, Alexander R; Garon, Michielle S; Robinson, Brandon M
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Hi Jenni,

We support admin closing the case, and we've posed your question below to our ELIS POC.  I'll let you know once we hear back.

Thank you,

SCOPS/WATS

**From:** Jenkins, Jennifer L
**Sent:** Thursday, August 30, 2018 10:53 AM
**To:** HQSCOPSDACA; DeBoer, Allan S; Shafii-Stier, Sara A
**Cc:** King, Alexander R; Garon, Michielle S; Robinson, Brandon M
**Subject:** RE: Ramirez Medina RAG 2999 and NOID

Good Morning:

Thank you for your very thorough and clear response to my RAG. I appreciate you taking the time to provide feedback on each point. It is very helpful. I have reviewed the NOID and have no edits or concerns. I will await further instruction from you.

I also have IOE0900414397 which is still technically pending in my ELIS queue in NOIT abandoned status. Do you have any guidance on how to appropriately update cases where the DACA validity expires prior to a final decision being made after NOIT? I can work through my ELIS POC to get the case updated, but I am not sure what the final status should be. Should these just be administratively closed?

Thanks,

Jenni

**From:** HQSCOPSDACA
**Sent:** Thursday, August 30, 2018 8:32 AM
**To:** Jenkins, Jennifer L; DeBoer, Allan S; Shafii-Stier, Sara A
**Cc:** King, Alexander R; Garon, Michielle S; Robinson, Brandon M
**Subject:** Ramirez Medina RAG 2999 and NOID

Good morning NSC,

Thank you for preparing a RAG for review for the Ramirez Medina case.  Please find SCOPS' response in red attached.  Additionally, since SCOPS is recommending a NOID in this case, we have attached a draft for your review.  Currently, it is pending OCC review, so please do not issue just yet.  But we welcome your suggestions, edits or any concerns while we wait for it to be returned.

Thank you,

SCOPS/WATS

010