The Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RAMIREZ MEDINA,
           Plaintiff,
     v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,
           Defendants.

Case No. 2:17-cv-00218-RSM-JPD

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S
THIRD AMENDED COMPLAINT AND
MOTION FOR SUMMARY JUDGMENT**

Noted for Consideration: **August 30, 2019**

ORAL ARGUMENT REQUESTED

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES.................................................................. 1

I.      An APA claim may not seek damages. .................................................................. 1

II.     Mr. Ramirez fails to establish the Court's jurisdiction or a viable cause of action. ........... 1

        A.      Section 1252(g) bars jurisdiction here, not in spite of, but in agreement with, this Court's prior holding......................................................................... 2

        B.      Mr. Ramirez fails to address the Government's Due Process arguments. .............. 3

        C.      Mr. Ramirez fails to support his speculative retaliation claims. ............................ 4

III.    USCIS explicitly found that it does not consider Mr. Ramirez a public safety threat........ 7

IV.     The preliminary injunction did not mandate that the Government must provide Mr. Ramirez with DACA beyond the term of his reinstated DACA grant. ................................ 8

V.      Summary Judgment in an APA case is a pure question of law. ......................................... 9

VI.     Mr. Ramirez fails to establish that the Record is incomplete, nor has he moved the Court to order completion. ...................................................................................... 10

CONCLUSION.................................................................................................................... 12

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

i

# TABLE OF AUTHORITIES

Cases

*In re United States,*

  138 S. Ct. 443 (2017)..................................................................................................... 12

*Allen v. Veterans Admin.,*

  749 F.2d 1386 (9th Cir. 1984)......................................................................................... 5

*Animal Def. Council v. Hodel,*

  840 F.2d 1432 (9th Cir. 1988)....................................................................................... 10

*Barrie v. United States,*

  615 F.2d 829 (9th Cir. 1980).......................................................................................... 5, 6

*Brown v. Holder,*

  763 F.3d 1141 (9th Cir. 2014).......................................................................................... 9

*Cardenas v. Lynch,*

  669 F. App'x 354 (9th Cir. 2016)..................................................................................... 5, 6

*Citizens to Preserve Overton Park v. Volpe,*

  401 U.S. 402 (1971)....................................................................................................... 10

*Corr. Servs. Corp. v. Malesko,*

  534 U.S. 61 (2001)....................................................................................................... 1, 6, 7

*Dep't of Commerce v. New York,*

  139 S. Ct. 2551 (2019)..................................................................................................... 5

*Dep't of the Army v. Blue Fox, Inc.,*

  525 U.S. 255 (1999)......................................................................................................... 1

*Doe v. Unocal Corp.,*

  27 F. Supp. 2d 1174 (C.D. Cal. 1998)............................................................................ 2, 3

*Fortyune v. Am. Multi-Cinema, Inc.,*

  364 F.3d 1075 (9th Cir. 2004).......................................................................................... 8

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

ii

1   *Garcia v. Google, Inc.*,

2       786 F.3d 733 (9th Cir. 2015)........................................................................................ 8, 9

3   *Granny Goose Foods, Inc. v. Bhd. of Teamsters,*

4       415 U.S. 423 (1974)............................................................................................................ 8

5   *Harger v. Dep't of Labor*,

6       569 F.3d 898 (9th Cir. 2009)............................................................................................. 1

7   *Heckler v. Chaney*,

8       470 U.S. 821 (1985)............................................................................................................ 6

9   *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,

10       10 F.3d 693 (9th Cir. 1993)............................................................................................. 8

11   *K.C. v. Cal. Hosp. Med. Ctr.*,

12       No. 218CV06619RGKASX, 2018 WL 5906057 (C.D. Cal. Nov. 8, 2018) .............................. 5

13   *L. R. B. v. Sears, Roebuck & Co.*,

14       421 U.S. 132 (1975)............................................................................................................ 7

15   *Lands Council v. Powell,*

16       395 F.3d 1019 (9th Cir. 2005)..................................................................................... 10, 11

17   *Markham v. United States*,

18       434 F.3d 1185 (9th Cir. 2006).......................................................................................... 9

19   *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*,

20       463 U.S. 29 (1983).......................................................................................................... 6, 8

21   *National Courier Ass'n v. Board of Governors*,

22       516 F.2d 1229 (D.C. Cir. 1975) ....................................................................................... 11

23   *Privacy Info. Ctr. v. Drone Advisory Comm.*,

24       369 F. Supp. 3d 27 (D.D.C. 2019) ................................................................................ 1, 2, 9

25   *Public Power Council v. Johnson*,

26       674 F.2d 791 (9th Cir. 1982)........................................................................................... 10

27

28

Reply in Support of Motion to Dismiss/Motion for          U.S. Department of Justice, Civil Division
Summary Judgment on Plaintiff's                                    Office of Immigration Litigation
Third Amended Complaint                                            P.O. Box 868, Ben Franklin Station
Case No. 2:17-cv-00218-RSM-JPD                                    Washington, D.C. 20044
                                                                              (202) 532-4468
                                              iii

*Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*,

    908 F.3d 476 (9th Cir. 2018)......................................................................................... 3

*Rockwell Int'l Corp. v. United States*,

    549 U.S. 457 (2007)...................................................................................................... 2

*Schmidt v. Lessard*,

    414 U.S. 473 (1974)...................................................................................................... 8

*Talenti v. Clinton*,

    102 F.3d 573 (D.C. Cir. 1996) ..................................................................................... 9

*Trout Unlimited v. Lohn*,

    No. C05-1128C, 2006 WL 1207901 (W.D. Wash. May 4, 2006) .............................. 12

*United States v. Yacoubian*,

    24 F.3d 1 (9th Cir. 1994) .............................................................................................. 2

*Univ. of Washington v. Sebelius*,

    No. C11-625RSM, 2011 WL 6447806 (W.D. Wash. Dec. 22, 2011)........................ 10

*Zavala v. Rios*,

    721 F. App'x 720 (9th Cir.)........................................................................................... 1

Federal Statutes

5 U.S.C. § 702................................................................................................................... 1

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

iv

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     An APA claim may not seek damages.**

Mr. Ramirez's claim for damages, *see* ECF No. 154, Plaintiff's Opposition ("Opp.") at 1, 10, 18, is misplaced under an APA cause of action, because the United States "has not waived its sovereign immunity in 5 U.S.C. § 702, which effects a waiver only where a claimant seeks 'relief other than money damages.'" *Harger v. Dep't of Labor*, 569 F.3d 898, 906 (9th Cir. 2009) (citing *Dep't of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 260 (1999)). As explained below, Mr. Ramirez's constitutional claims are founded in his APA claim, and would not permit an award of damages in any event. *See Zavala v. Rios*, 721 F. App'x 720, 721 (9th Cir.), *cert. denied,* 139 S. Ct. 464 (2018) (affirming the grant of summary judgment denying monetary damages on procedural due process claim because "injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally.") (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)). Mr. Ramirez's Declaratory Judgment Act ("DJA") claim is inappropriate as a cause of action and redundant of his APA claim. *See Elec. Privacy Info. Ctr. v. Drone Advisory Comm.*, 369 F. Supp. 3d 27, 38 (D.D.C. 2019) (noting that DJA count is not cognizable as a separate cause of action and more properly included in prayer for relief) (citation omitted).

Thus, there is no cause of action here under which damages may be awarded.[1]

**II.    Mr. Ramirez fails to establish the Court's jurisdiction or a viable cause of action.**

At the heart of Mr. Ramirez's argument is his claim that he is being denied DACA for "false and unlawful reasons," Opp. at 1, but he does not refute the charges of criminal conduct relied on by USCIS to deny his DACA request. He merely argues that the Government is not allowed to rely on those charges, and, if it is allowed, that the charges should be weighed differently to change the outcome in his favor. Mr. Ramirez fails in his response to the Government's motion to support either contention with law or fact, and the Court should dismiss the complaint for lack of jurisdiction or grant Defendants summary judgment on the merits.

---

[1]  Mr. Ramirez voluntarily dismissed his *Bivens* claims on September 20, 2017. *See* ECF No. 112.

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

1

### A.    Section 1252(g) bars jurisdiction here, not in spite of, but in agreement with, this Court's prior holding.

Mr. Ramirez only responds to the Government's assertions that the Court *no longer* has jurisdiction to consider his DACA renewal denial by citing to the Court's prior findings of jurisdiction over his DACA termination without advance notice, which was subsequently reinstated and expired by its own terms. Opp. at 11-12. He then attempts to bootstrap the denial of his DACA renewal to that earlier action that no longer presents a live controversy. *Id*. Mr. Ramirez's only live claim regarding his DACA renewal process and denial is his allegation that the BCU team may not have conducted the adjudication. *See* TAC ¶ 100. However, because the Record confirms that the BCU team adjudicated his request, and did so with consultation from SCOPS, there is no question that the proper process was followed.[2] Thus, even if the Court correctly found jurisdiction to review a non-discretionary termination process in a prior version of Mr. Ramirez's complaint, there is no longer a process in doubt here, and jurisdiction does not follow automatically with an amended complaint. *Rockwell Int'l Corp. v. United States,* 549 U.S. 457, 473 (2007). Mr. Ramirez's response that "courts have inherent power to enforce compliance with their lawful orders," Opp. at 6, while true, is inapposite here. Contrary to Mr. Ramirez's reliance on *United States v. Yacoubian*, 24 F.3d 1 (9th Cir. 1994), jurisdiction must be established on the facts existing at the time an amended complaint is filed. *Rockwell Int'l Corp*., 549 U.S. at 473; *Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998), *aff'd and adopted,* 248 F.3d 915 (9th Cir. 2001). Mr. Ramirez also fails to respond to the Court's previous holding that a challenge to the discretionary decision to terminate DACA would be unreviewable. *See* ECF No. 152 at 14-15 (citing ECF No. 116 at 12).

---

[2] Mr. Ramirez adds a new claim that the Court has jurisdiction over the question of "whether Defendants' reliance on public safety-related grounds to deny renewal was consistent with the SOP *given the presence of the PI Order barring precisely such a consideration.*" Opp. at 12 (emphasis added). However, the Court's preliminary injunction order could not have modified the DACA SOP to create a reviewable non-discretionary process, and, importantly, Mr. Ramirez does not offer any rebuttal to the Government's argument that the AR clearly demonstrates that USCIS expressly found that he was not a public safety concern. *See* ECF No 152 at 4 (citing AR 58); *id*. at 24 (citing AR 46-47).

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

2

1  Finally, to the extent that this Court found a due process right in DACA policy, it was

2  directed "particularly" to those to whom "benefits have already been conferred." *Id*. at 18. The

3  Court's finding was also in response to the Government's argument that it may "withdraw

4  DACA at any time for no reason at all," *id*. at 17, which the Court need not decide here. Mr.

5  Ramirez's DACA was not withdrawn, and the denial decision was issued only after providing

6  Mr. Ramirez with a detailed explanation of the reasons for the denial and an opportunity to

7  respond.

8  **B.      Mr. Ramirez fails to address the Government's Due Process arguments.**

9  Rather than respond to the Government's argument that Mr. Ramirez has not established

10  a constitutional right to a prospective discretionary DACA grant, Mr. Ramirez cites to the TAC to

11  re-assert the same mistaken arguments that he somehow acquired an entitlement to DACA and

12  that his entitlement lasted beyond the expiration of his last DACA grant. Opp. at 18. Mr. Ramirez

13  goes even further in his opposition to argue that he "has a protected liberty interest in not being

14  arrested or detained based solely on his immigration status *while he is entitled to DACA status*."

15  *Id*. (emphasis added). Importantly, this Court has not found that Mr. Ramirez was entitled to

16  DACA or that DACA protected him from arrest or detention, and Mr. Ramirez cites to no

17  relevant authority to support his claim. He certainly does not counter the Government's citation

18  to authorities establishing the opposite. *See* ECF No. 152 at 18-20. Similarly, Mr. Ramirez's

19  characterization of his last DACA grant as "possibly" expiring "at some point" is pure fiction.

20  Opp. at 18. USCIS reinstated his DACA with a fixed expiration date and qualified as "subject to

21  renewal," the same as every DACA grant. *See* ECF No. 144-2, DACA FAQs, at 2.

22  Finally, Mr. Ramirez misstates the holding in *Regents* to suggest that the Ninth Circuit

23  found a due process right to challenge DACA renewal decisions. Opp. at 9-10. Instead, the Court

24  noted in dicta that the plaintiffs' arguments in that case "*might have* revealed a question of fact as

25  to whether a mutually explicit understanding of presumptive renewal existed . . . *if* plaintiffs

26  were bringing a claim that, for example, their individual DACA renewals were denied for no

27  good reason." *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 515

28  (9th Cir. 2018)*, cert. granted sub nom. Dep't of Homeland Sec. v. Regents of the Univ. of*

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

3

*California,* 139 S. Ct. 2779 (2019) (emphasis added). Such statement simply does not support jurisdiction or a cause of action to hear Mr. Ramirez's claims. To the extent the Court might find otherwise, the Record here provides sufficient reasons for the denial.

### C.   Mr. Ramirez fails to support his speculative retaliation claims.

Contrary to Mr. Ramirez's gratuitous portrayal of his story, the Government has acted reasonably in response to Mr. Ramirez's own words and actions at each stage of these proceedings. Though the Court has expressed doubt as to the veracity of the evidence relied on, ICE's initial determination that Mr. Ramirez was an enforcement priority was based largely on his own statements indicating gang affiliation. The Court found that Mr. Ramirez was entitled to an opportunity to respond to those charges before termination of his restored DACA, ECF No. 116, but then issued another order preventing the very consideration it had ordered. ECF No. 132. Contrary to Mr. Ramirez's bald assertions, at the time the Court issued its preliminary injunction, USCIS was not aware of Mr. Ramirez's criminal record and discussed no other grounds to terminate his DACA. *See* AR 8-9.

Instead, just prior to the entry of the Preliminary Injunction, the agency had decided to take no action and allowed Mr. Ramirez's DACA to expire, leaving open the possibility that USCIS could grant him a DACA renewal in the future. However, after Mr. Ramirez submitted his DACA renewal request, ICE informed USCIS of his criminal record and USCIS notified him of its intention to deny his request on those grounds and on ICE's determination that he remained an enforcement priority.[3]

Despite Mr. Ramirez's speculations to the contrary, the Record makes clear that ICE learned of Mr. Ramirez's criminal record through his own disclosures in immigration court in

---

[3] Importantly, Mr. Ramirez failed to disclose his criminal record yet again in his renewal request, which, as explained in Defendants' motion, is a violation of DACA policy and a potential crime that could independently disqualify Mr. Ramirez from DACA consideration. *See id*. at 23. Mr. Ramirez fails to address this point at all in his response brief. Additionally, were the Court to remand the decision for reconsideration, it would be appropriate for USCIS to consider Mr. Ramirez's omissions in determining whether a favorable exercise of prosecutorial discretion is warranted.

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

4

1  January 2018. AR 6-7. The Record also shows that ICE shared that information with USCIS in

2  June 2018, in response to USCIS's inquiry to ICE as to "which enforcement priority applies" to

3  Mr. Ramirez, given this Court's order not to consider the evidence of gang affiliation. *Id*. at 25.

4  Given his repeated willful omissions of his own criminal history from each of his DACA

5  requests, Mr. Ramirez can blame no one but himself for the timing of ICE's discovery of his

6  criminal record. His characterization that USCIS was seeking pre-textual reasons to deny his

7  renewal request is contradicted by the Record and otherwise based in pure speculation.[4]

8          Mr. Ramirez's argument that USCIS should be imputed with ICE's knowledge of his

9  criminal record is incorrect. Opp. at 20-21; *Barrie v. United States,* 615 F.2d 829, 830 (9th Cir.

10 1980) ("The imputation of knowledge of one government agency to another is impermissible.");

11 *K.C. v. Cal. Hosp. Med. Ctr.*, No. 218CV06619RGKASX, 2018 WL 5906057, at *5 (C.D. Cal.

12 Nov. 8, 2018) (citing *Allen v. Veterans Admin.,* 749 F.2d 1386 (9th Cir. 1984) (finding that in the

13 Ninth Circuit, "actual knowledge possessed by an agency will not be imputed to the United

14 States")). Mr. Ramirez's cite to *Cardenas v. Lynch*, 669 F. App'x 354, 356 (9th Cir. 2016) for the

15 proposition that "ICE's knowledge of these facts is imputed to USCIS, and vice versa,

16 particularly given their access to government resources and databases" is incorrect. The Ninth

17 Circuit said nothing about access to databases in *Cardenas*. Rather, the Court found that USCIS

18 possessed a letter that may have served as critical favorable evidence in Cardenas' removal

19 proceedings, but did not provide her the letter until after her hearing. 669 F. App'x at 356. To

20 prevent a potential injustice, the Court imputed knowledge of the letter to the Board of

21

22 [4] Mr. Ramirez's reliance on *Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019) is misplaced.
23 The Supreme Court found that, while the evidence in the record supported the decision to add a
   citizenship question to the Census, there were significant inconsistencies in the rationale the
24 Commerce Department offered for making the decision in the first place. *Id*. at 2574. Here,
   USCIS's rationale for denying Mr. Ramirez's DACA renewal request is supported by the evidence
25 in the Record and bears no indicia of being contrived. Instead, the decision not to terminate Mr.
   Ramirez's DACA and the deliberations within USCIS as to whether Mr. Ramirez warranted DACA
26 present clear distinctions from the single-mindedness of the record before the Supreme Court. *Id*.
27 at 2575 ("Our review is deferential, but we are 'not required to exhibit a naiveté from which
   ordinary citizens are free.'") (citation omitted).
28

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

5

1   Immigration Appeals and remanded Cardenas' claim for the Board to consider her claims again.

2   *Id.* Mr. Ramirez can show no such injustice from the brief delay in ICE learning of his criminal

3   record in January 2018 and communicating it to USCIS in June 2018 to warrant ignoring the

4   Ninth Circuit's longstanding prohibition of imputing knowledge from one agency to another.

5   *Barrie,* 615 F.2d at 830.

6          Furthermore, Mr. Ramirez's assertion that the BCU adjudicator's determination that Mr.

7   Ramirez met the DACA SOP guidance criteria before exercising her discretion (in consultation

8   with SCOPS) to deny his renewal request does not evidence bad faith. Opp. at 19. Rather, the

9   discussion between these USCIS officers reflects the consideration of the totality of the

10  circumstances and weighing of various factors that is the cornerstone of discretionary deferred

11  action decisions and a key feature of the DACA SOP. *See Heckler v. Chaney*, 470 U.S. 821, 831

12  (1985); ECF No. 144-7 at 77, DACA SOP Chapter 8, Adjudicating DACA Requests ("It is

13  necessary to review all derogatory information in its totality and then make an informed

14  assessment regarding the appropriate exercise of prosecutorial discretion for DACA."); *id.* at 107

15  (calling for BCU adjudicator to confer with SCOPS in such cases).

16         Truly, the law does not allow the Court to examine any of this process supporting the

17  exercise of prosecutorial discretion. But where the Court has determined that it may review an

18  exercise of prosecutorial discretion, it still must do so with deference to the agency's stated

19  reasons. *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*,

20  463 U.S. 29, 43 (1983) (courts must uphold an agency decision supported by "a rational

21  connection between the facts found and the choice made."). Here, the Government has provided

22  substantial candor in revealing the back and forth deliberations between the BCU adjudicator and

23  USCIS headquarters, including their initial disagreement as to whether the request should be

24  granted and the weight of ICE's position that Mr. Ramirez is an enforcement priority. Mr.

25

26

27

28

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

1   Ramirez would have the Court punish the Government for conducting the exact analysis he

2   claims he is entitled to, for the sole reason that he disagrees with the outcome.[5]

3   **III.      USCIS explicitly found that it did not consider Mr. Ramirez a public safety threat.**

4          Contrary to Mr. Ramirez's tortured efforts to attempt to show that USCIS denied his

5   DACA renewal request on the basis of a public safety finding, the Government made clear in its

6   motion briefing that it did not deny Mr. Ramirez's DACA request on a public safety threat

7   finding. *See* ECF No 152 at 4 (citing AR 58); *id*. at 24 (citing AR 46-47).

8          Mr. Ramirez's attempt to overcome this clear record evidence by arguing that every

9   criminal act is a categorical threat to public safety is incorrect, unfounded, and entirely untenable

10  in practice. *See* Opp.at 7-8 ("Indeed, the criminal laws are specifically designed to ensure public

11  safety."). Such a Manichean rule would render the term "public safety threat" redundant, along

12  with much of the DACA SOP that guides consideration of an individual's criminal record,

13  because every crime would be automatically disqualifying as a public safety threat.

14         Instead, the DACA FAQs distinguish issues of criminality from a finding that someone is

15  a public safety threat. *See* ECF No. 144-2 at 18, Q49; *id*. at 19-20, Q51, Q54; s*ee also* ECF No.

16  144-7 at 81-85, DACA SOP Chapter 8 ("If the evidence establishes that an individual has a

17  conviction for one of the above *or* may be a national security or public safety threat . . . .")

18  (emphasis added); *see also id.* at 19 (Introduction); 35 (Overview of Background Check

19  Process); 43 (DACA Overview); *id*. at 89, Public Safety Concerns (describing individuals to be

20  considered a public safety concern, including those "with multiple DUI arrests", [or] an

21  individual arrested for multiple assaults or other violent crimes" even without convictions).

22  ─────────────

[5] Mr. Ramirez's additional argument that ICE "tainted" its enforcement priority determination by
23  reversing its early assertion that he lied about his school enrollment in his DACA renewal request
is not a legally supported argument. The Government cannot be bound by its own pre-decisional
24  deliberations and early determinations. *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 153
(1975) ("Agencies are, and properly should be, engaged in a continuing process of examining their
25  policies; this process will generate memoranda containing recommendations which do not ripen
into agency decisions; and the lower courts should be wary of interfering with this process.").
26  Equally untenable is Mr. Ramirez's repeated assertion that the BCU team's March 2018 email
indicating it found no criminality in one RAP sheet prohibits USCIS from continuing to investigate
27  or make additional findings. Opp. at 3.

28

Reply in Support of Motion to Dismiss/Motion for                                    U.S. Department of Justice, Civil Division
Summary Judgment on Plaintiff's                                                         Office of Immigration Litigation
Third Amended Complaint                                                         P.O. Box 868, Ben Franklin Station
Case No. 2:17-cv-00218-RSM-JPD                                                    Washington, D.C. 20044
                                                                                             (202) 532-4468

1   In this case, the Government considered the totality of Mr. Ramirez's criminal record

2   along with ICE's determination that he is an enforcement priority, and determined that a

3   favorable exercise of prosecutorial discretion was not warranted. *See* AR 45-46; 63-65; 72-75. In

4   doing so, it expressly determined more than once that it does not consider him a threat to public

5   safety. *Id*. at 46-47, 58. Mr. Ramirez fails to establish a violation of the preliminary injunction in

6   the reasoning of the denial of his DACA request and the Court should grant summary judgment

7   on this issue.

8   **IV.     The preliminary injunction did not mandate that the Government must provide Mr.**
          **Ramirez with DACA beyond the term of his reinstated DACA grant.**

9
10   Mr. Ramirez also fails to support his vague allegation that the Government violated the

   Court's preliminary injunction by not granting him DACA beyond its predetermined expiration
11
   date. Opp. at 21; *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th
12
   Cir. 1993) (a party alleging civil contempt must demonstrate that the alleged contemnor violated
13
   the court's order by 'clear and convincing evidence,' not merely a preponderance of the
14
   evidence.") (citation omitted). Mr. Ramirez cannot show that he sought such relief in his motion
15
   for preliminary injunction or that the Court's order contains the necessary "fair and precisely
16
   drawn notice" that the Government was ordered to *grant* Mr. Ramirez deferred action. *See*
17
   *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1086–87 (9th Cir. 2004) ("[O]ne basic
18
   principle built into Rule 65 is that those against whom an injunction is issued should receive fair
19
   and precisely drawn notice of what the injunction actually prohibits.") (quoting *Granny Goose*
20
   *Foods, Inc. v. Bhd. of Teamsters,* 415 U.S. 423, 444 (1974)) (internal citation omitted). "[T]he
21
   specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed
22
   to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to
23
   avoid the possible founding of a contempt citation on a decree too vague to be understood." *Id*.
24
   (citing *Schmidt v. Lessard,* 414 U.S. 473, 476 (1974)).
25
   Furthermore, in granting the preliminary injunction the Court found only that Mr.
26
   Ramirez "has demonstrated a likelihood of success on the merits." ECF No. 132 at 19. The Court
27
   made no finding that Mr. Ramirez had met the higher threshold for a mandatory injunction that
28

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

8

1   would require the Government to act, rather than prohibit it from acting. *See Garcia v. Google,*

2   *Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (to obtain a mandatory injunction, a moving party "must

3   establish that the law and facts *clearly favor* her position, not simply that she is likely to

4   succeed.") (emphasis in original). The Ninth Circuit has held that mandatory injunctions "go[]

5   well beyond simply maintaining the status quo *pendente lite* [and are] particularly disfavored."

6   *Id.* (citation omitted). Issuing a mandatory injunction without discussing the higher standard or

7   clarifying the affirmative nature of the relief being granted would certainly fail Rule 65's

8   specificity requirements.

9        Thus, Mr. Ramirez has not shown that he sought a mandatory injunction or that the

10  Court's order constitutes a mandatory injunction. Nor can he show that the Court's order was

11  precisely drawn such that the Government was on notice that it had to affirmatively grant Mr.

12  Ramirez a new DACA grant. The Court should dismiss his claims that the Government violated

13  the preliminary injunction.

14  **V.    Summary Judgment in an APA case is a pure question of law.**

15       Mr. Ramirez is incorrect in his assertion that, simply because he makes constitutional

16  claims within his APA claims that the Government's motion for summary judgment requires

17  resolution of factual issues. Opp. at 14-15. Rather, Mr. Ramirez's claims of constitutional

18  violations arise through his APA claims, such that no new cause of action or claim for relief is

19  available to him other than that provided under the APA. In other words, discovery is not

20  available in an APA case simply because a plaintiff cloaks his Complaint in constitutional garb.

21  *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) ("mere failure of an agency to follow its

22  regulations is not a violation of due process"); *Markham v. United States*, 434 F.3d 1185, 1188

23  (9th Cir. 2006) ("[a] cognizable due process claim must be more than an ephemeral and

24  insubstantial denial of benefits[.]"). Furthermore, the Declaratory Judgment Act does not provide

25  a cause of action and certainly does not modify the APA standard of review. *See Elec. Privacy*

26  *Info. Ctr. v. Drone Advisory Comm.*, 369 F. Supp. 3d 27, 38 (D.D.C. 2019) (noting that DJA

27  count is not cognizable as a separate cause of action and more properly included in prayer for

28  relief) (citation omitted); *see also Talenti v. Clinton*, 102 F.3d 573, 575 (D.C. Cir. 1996)

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

9

(affirming district court dismissal of claim for declaratory judgment as "inappropriate . . . where the declaratory judgment action is simply the duplication of another claim.").

## VI.   Mr. Ramirez fails to establish that the Record is incomplete, nor has he moved the Court to order completion.

Mr. Ramirez's claim that the Record is not complete is not sufficiently argued to permit this Court to order supplementation of the Record. Mr. Ramirez made no attempt to confer with the Government on the documents he believes are missing from the Record, and he has made no motion to the Court to include any additional documents. *See* LCR 37(a)(1), (a)(2). Thus, there is nothing for the Court to consider.

To the extent the Court may entertain Mr. Ramirez's claims regardless, he still fails to establish a grounds for including additional documents. An administrative record may be expanded only under four "narrowly construed" conditions:

> (1) supplementation is necessary to determine if the agency has considered all factors and explained its decision; (2) the agency relied on documents not in the record; (3) supplementation is needed to explain technical terms or complex subjects; or (4) plaintiffs have shown bad faith on the part of the agency.

*Univ. of Washington v. Sebelius*, No. C11-625RSM, 2011 WL 6447806, at *2 (W.D. Wash. Dec. 22, 2011) (Martinez, J.) (citing *Lands Council v. Powell,* 395 F.3d 1019, 1030 (9th Cir. 2005). However, before supplementing an administrative record may even be considered under these exceptions, a plaintiff has the "threshold burden of establishing that the administrative record is *so inadequate* that meaningful judicial review of final agency action is effectively frustrated. *Id*. (emphasis added) (citing *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-37 (9th Cir. 1988)). Additionally, to permit expansion of the Record with deliberative process documents, "there must be a strong showing of bad faith or improper behavior" for the court to "inquire into the thought processes of administrative decision[-]makers." *Public Power Council v. Johnson*, 674 F.2d 791, 795 (9th Cir. 1982) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971)).

Mr. Ramirez argues that there are emails missing from the Record, but he does not show that the emails were considered by the BCU adjudicator or that the decision to deny his DACA

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

10

1    cannot be judicially reviewed without these emails. While he also alleges bad faith in the

2    decision making process, he has offered only unsupported speculation—and falls far short of

3    making "a strong showing."[6]

4         Specifically, Mr. Ramirez claims first that the Record is incomplete because the March

5    20, 2018 email from the BCU team is not included. Opp. at 4. However, this email was generated

6    in relation to the decision to issue a NOIT and not the denial decision at issue here. *See* ECF No.

7    134, LCR 37 Submission, at 9. As such, it is properly included in the supplemental Record

8    pertaining to the DACA termination decision. ECF No. 138, Notice of Filing Supplemental Paper

9    (September 18, 2018); *see* SCAR000212-214 (filed under seal). Furthermore, Mr. Ramirez does

10   not argue, nor can he show, that this email was considered or relied on by the BCU adjudicator in

11   the decision to deny his DACA request. *Lands Council,* 395 F.3d at 1030.

12        Mr. Ramirez also argues that there are emails referenced in the Record that are not

13   included in the Record. Opp. at 15. However, Mr. Ramirez does not argue, nor can he show, that

14   the referenced emails were before the BCU adjudicator or relied on in the decision making

15   process. *Lands Council,* 395 F.3d at 1030. Regardless, the content of the emails he references is

16   conveyed in the emails that are included in the Record, such that the Court can review the

17   substance of the exchange:

18        You may already be aware, but earlier this week, USCIS asked ICE the following:
          'Would you please let us know if there are other grounds for considering Ramirez-
19        Medina as an enforcement priority that are completely independent of the gang
          statements? If so, what would the basis of the EP be?' DCLD responded by
20        providing Greg Fehling's email (attached as FW: Ramirez Medina - Update) which
          sets forth non gang affiliation considerations.
21

22

23

---

24   [6] For the same reasons, Mr. Ramirez's claims that the AR is "over-redacted" to hide relevant details
     is entirely without merit. Opp. at 12, 15-16. In the interest of fairness and a quick resolution, the
25   Government has revealed substantial deliberative communications relevant to the decision to deny
     Mr. Ramirez's DACA request, and the redacted content is largely law enforcement sensitive and/or
26   attorney client privileged. Mr. Ramirez attempts to bypass his burdens of showing that the AR is
     inadequate or was compiled in bad faith by arguing that the BCU adjudicator's full analysis should
27   be revealed as a matter of course. *Id*. at 16. The Court should reject these claims.

28

Reply in Support of Motion to Dismiss/Motion for                    U.S. Department of Justice, Civil Division
Summary Judgment on Plaintiff's                                         Office of Immigration Litigation
Third Amended Complaint                                               P.O. Box 868, Ben Franklin Station
Case No. 2:17-cv-00218-RSM-JPD                                            Washington, D.C. 20044
                                                                              (202) 532-4468
                                        11

1    AR 25; *id*. at 21-23 (different email from Greg Fehling providing the non-gang affiliation

2    criminal conduct considered); *see also National Courier Ass'n v. Board of Governors*, 516 F.2d

3    1229, 1242 (D.C. Cir. 1975) (Only the portions of internal agency documents that introduce

4    "factual information not otherwise in the record" must be included in the administrative record,

5    and, even then, only "in paraphrased form.").

6           In calling for the Court to order the Government to provide a privilege log and the

7    unredacted Record to the Court, Mr. Ramirez directly misstates the holding of *In re United*

8    *States*. *See* Opp. at 12 n.1. The Supreme Court specifically reversed the Ninth Circuit's holding

9    that Mr. Ramirez quotes, holding instead that "the District Court may not compel the

10   Government to disclose any document that the Government believes is privileged without first

11   providing the Government with the opportunity to argue the issue." 138 S. Ct. 443, 445 (2017).

12   Mr. Ramirez's reliance on *Trout Unlimited v. Lohn*, No. C05-1128C, 2006 WL 1207901 (W.D.

13   Wash. May 4, 2006) is also inapposite here, where the plaintiff in that case first filed a motion to

14   complete the Record, where the parties briefed the issues, and where the Government's process

15   for compiling the Record was based on a statute not at issue here. 2006 WL 1207901 at *1.

16          The Record here is complete, is sufficient to allow judicial review, and fully supports the

17   denial decision. The Court should grant the Government's motion for summary judgment.

18                                         **CONCLUSION**

19          For the foregoing reasons, the Court should find it lacks jurisdiction over Mr. Ramirez's

20   TAC. In the alternative, the Court should grant Defendants summary judgment because

21   substantial evidence in the Record supports the denial of Mr. Ramirez's DACA request.

22

23

24

25

26

27

28

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468

12

1    DATED: August 30, 2019                  Respectfully submitted,

2    JOSEPH H. HUNT                          JEFFREY S. ROBINS
     Assistant Attorney General             Deputy Director
3
4    WILLIAM C. PEACHEY                      */s/ James J. Walker*
     Director                                JAMES J. WALKER
5                                            Trial Attorney
                                             U.S. Department of Justice
6                                            Civil Division
                                             Office of Immigration Litigation
7                                            District Court Section
                                             P.O. Box 868, Ben Franklin Station
8                                            Washington, D.C. 20044
                                             Phone: (202) 532-4468
9                                            Fax: (202) 305-7000
                                             Email: james.walker3@usdoj.gov
10
11
                                             *Attorneys for Defendants-Appellants*
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Reply in Support of Motion to Dismiss/Motion for          U.S. Department of Justice, Civil Division
Summary Judgment on Plaintiff's                               Office of Immigration Litigation
Third Amended Complaint                                    P.O. Box 868, Ben Franklin Station
Case No. 2:17-cv-00218-RSM-JPD                                   Washington, D.C. 20044
                                                                     (202) 532-4468
                              13

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 30, 2019, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

should automatically be served this day on all counsel of record *via* transmission of Notices of

Electronic Filing generated by CM/ECF.

*/s/ James J. Walker*
JAMES J. WALKER
Trial Attorney

Reply in Support of Motion to Dismiss/Motion for
Summary Judgment on Plaintiff's
Third Amended Complaint
Case No. 2:17-cv-00218-RSM-JPD

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4468